KELLIE M. MURPHY, ESQ. (SBN 189500)
KRISTEN M. CAPRINO, ESQ. (SBN 306815)
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
Point West Commerce Centre
1545 River Park Drive, Suite 204
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247
E-mails: kellie@jsl-law.com / kristen@jsl-law.com

Attorneys for DEFENDANTS:
LOS RIOS COMMUNITY COLLEGE DISTRICT and MIRIAM BELOGLOVSKY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LACEY AMARAL, <br><br> Plaintiff, <br><br> v. <br><br> MIRIAM BELOGLOVSKY, COSUMNES RIVER COLLEGE, LOS RIOS COMMUNITY COLLEGE DISTRICT and DOES 1-50, <br><br> Defendants. | CASE NO. <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** <br><br> [Filing Fee Exempt Pursuant to Government Code §6103] <br><br> State Ct. Cmplt. Filed: August 22, 2023 <br> Removed: October 18, 2023 <br><br> Trial Date: None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Los Rios Community College District (hereinafter "the District") and Miriam Beloglovsky (hereinafter "Beloglovsky") hereby remove to this Court the state court action described below.

1. On August 22, 2023, an action was commenced in the Superior Court of the State of California in and for the County of Sacramento, entitled *Lacey Amaral v. Miriam Beloglovsky, Cosumnes River College, Los Rios Community College District and Does 1-50*, Case No. 23CV007275 ("the State Court Action"). A true and correct copy of the Complaint in the State Court Action ("Complaint") is included in **Exhibit 1**. Plaintiff Lacey Amaral (hereinafter

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1   "Plaintiff") purports to assert causes of action in the State Court Action against the District and

2   Beloglovsky, and against defendant Cosumnes River College (hereinafter "CRC") for: (1)

3   Violation of California Government Code Section 11135; (2) Violation of the Americans with

4   Disabilities Act Section 12182; (3) Breach of Contract; (4) Intentional Infliction of Emotional

5   Distress; (5) Negligence; (6) [mistitled "Fifth Cause of Action"] Gross Negligence; (7) [mistitled

6   "Sixth Cause of Action"] Violation of California Civil Code §51; (8) [mistitled "Seventh Cause

7   of Action"] Violation of 42 U.S.C. § 12182 et seq.; (9) [mistitled "Eight [sic] Cause of Action"]

8   Promissory Estoppel; (10) [mistitled "Ninth Cause of Action"] Negligent Infliction of Emotional

9   Distress; and (11) [mistitled "Tenth Cause of Action"] Negligent Hiring and Retention.

10      2.      On September 18, 2023, Beloglovsky was served with a copy of the Civil Case

11  Cover Sheet, Summons, Notice of Case Assignment and Case Management Conference

12  (Unlimited Civil Case), Proof of Service of Summons (as to Beloglovsky), Proof of Service on a

13  State Agency or Local Government Agency (blank), Complaint, and Plaintiff Lacey Amaral's

14  Exhibit List. True and correct copies of those documents are attached hereto as **Exhibit 2**. The

15  documents in Exhibit 2 constitute all process, pleadings, and orders served on Beloglovsky in the

16  State Court Action. A copy of the proof of service filed by Plaintiff as to Beloglovsky is attached

17  hereto as **Exhibit 3**. This removal is timely, having been accomplished within 30 days of

18  September 18, 2023, the date the State Court Action was first served on Beloglovsky.

19      3.      The District was served with a copy of the Civil Case Cover Sheet, Summons,

20  Notice of Case Assignment and Case Management Conference (Unlimited Civil Case), Proof of

21  Service of Summons (as to the District), Proof of Service on a State Agency or Local

22  Government Agency (blank), Complaint, and Plaintiff Lacey Amaral's Exhibit List by substitute

23  service on September 29, 2023. True and correct copies of those documents are attached hereto

24  as **Exhibit 4**. The documents in Exhibit 4 constitute all process, pleadings, and orders served on

25  the District in the State Court Action. A copy of the proof of service filed by Plaintiff as to the

26  District is attached hereto as **Exhibit 5**. This removal is timely, having been accomplished within

27  30 days of September 29, 2023, the date the State Court Action was first served on the District.

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the District and Beloglovsky pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under federal law, specifically 42 U.S.C. § 12182, *et seq*. The Sacramento division is proper as the State Court Action was filed in Sacramento County.

5.      The District and Beloglovsky are represented by the law firm of Johnson Schachter & Lewis, a P.L.C., and consent to this removal. Counsel for the District and Beloglovsky have confirmed that defendant CRC, which is a campus of the District but not an entity separate and apart from the District, consents to this removal as well.

Dated:  October 18, 2023

JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation


By:_/s/ *Kellie M. Murphy* _____
      KELLIE M. MURPHY
      KRISTEN M. CAPRINO
Attorney for Defendants LOS RIOS
COMMUNITY COLLEGE DISTRICT and
MIRIAM BELOGLOVSKY

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

EXHIBIT 1

James L. Arrasmith, SBN # 332498
The Law Office of James L. Arrasmith
9719 Lincoln Village Dr., #507
Sacramento, CA 95827
Phone: (916) 704-3009
Email: jarrasmith@pm.me
*Attorney for Lacey Amaral*

Filed
Superior Court of California,
Sacramento
08/22/2023
woltmos
By _____, Deputy
23CV007275

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

|  |  |
|---|---|
| LACEY AMARAL,<br><br>Plaintiff.<br><br>v.<br><br>MIRIAM BELOGLOVSKY, COSUMNES RIVER COLLEGE, LOS RIOS COMMUNITY COLLEGE DISTRICT and DOES 1-50,<br><br>Defendants. | **Case No.:**<br><br>**UNLIMITED CIVIL CASE**<br><br>**COMPLAINT FOR:**<br>**VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135; THE AMERICANS WITH DISABILITIES ACT; BREACH OF CONTRACT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENCE; GROSS NEGLIGENCE; CALIFORNIA CIVIL CODE § 51 ET SEQ.; VIOLATION OF 42 U.S.C. § 12182 ET SEQ., PROMISSORY ESTOPPEL; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND NEGLIGENT HIRING AND RETENTION.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lacey Amaral, by and through her attorney, James L. Arrasmith, alleges as follows:

### I.  PARTIES

1.  Plaintiff Lacey Amaral is an individual residing in the County of Los Angeles, State of California.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

2. Defendant Miriam Beloglovsky is an individual who is believed to be residing in the County of Sacramento, State of California.

3. Defendant Cosumnes River College is an educational institution doing business in the County of Sacramento, State of California.

4. Defendant Los Rios Community College District is an educational institution doing business in the County of Sacramento, State of California.

5. The true names of Defendants named as DOES 1 through 50 in this Complaint are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege the true names of each of these Defendant(s) as soon as Plaintiff is able to ascertain their true names.

## II. PRELIMINARY STATEMENT

6. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

7. This is a case of disability discrimination perpetrated by Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky"), a professor at Defendant Cosumnes River College (hereinafter "Cosumnes River College"). This discrimination occurred in the Spring of 2022.

8. At the onset of Plaintiff Lacey Amaral's concluding semester, Defendant Beloglovsky resolutely declined to implement the Plaintiff's stipulated academic accommodations.

9. Over several months, the Plaintiff diligently navigated the hierarchical structure within Cosumnes River College and the Los Rios Community College District, striving to secure her academic accommodations. Her efforts persisted until every option was thoroughly explored and exhausted.

10. Throughout her pursuit, the Plaintiff faced a repetitive pattern of evasion and unfulfilled promises from both Cosumnes River College and the Los Rios Community College District.

2

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

Despite repeated assurances of assistance, she was ultimately confronted with the disappointing revelation that no substantive action would be taken.

11. The inaction of Cosumnes River College and the Los Rios Community College District allowed the issue to escalate - the denial of the Plaintiff's academic accommodations.

12. Beloglovsky's classes detrimentally impacted Plaintiff's performance in other courses. By the time the Plaintiff discerned the implications on her academic standing, it was regrettably too late.

13. Rather than upholding their obligations to enforce the Plaintiff's disability accommodations, Cosumnes River College and the Los Rios Community College District opted to shield Defendant Beloglovsky, prioritizing the interests of a single professor over the legitimate needs of Plaintiff with her accommodation needs.

14. There exists a robust public policy underscoring the importance of providing an equitable academic environment for disabled students. Academic accommodations serve a crucial purpose in ensuring that students with disabilities receive equivalent opportunities to succeed as their nondisabled peers. However, these accommodations are rendered ineffective if not properly implemented. To acknowledge a student's need for accommodations, promise their provision, and then back a professor's deliberate denial of these accommodations is a gross violation of this policy.

15. Alarmingly, this conduct is not an isolated occurrence. Defendant Beloglovsky has conceded that she habitually dissuades her students from utilizing their mandated accommodations.

16. By failing to intervene and leaving their disabled students without viable options, Cosumnes River College and the Los Rios Community College District have implicitly condoned Defendant Beloglovsky's behavior, effectively endorsing her discriminatory practices.

///

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

## III. FACTUAL BACKGROUND

17. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

18. Defendant Cosumnes River Colleges (hereinafter "Cosumnes River College") is a part of Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") and as such is an agent of Los Rios Community College District.

19. Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky") was a professor at Defendant Cosumnes River College (hereinafter "Cosumnes River College") during the Spring 2022 semester and as such acted as an agent of Cosumnes River College and Los Rios Community College District.

20. On or about August 2016, Plaintiff enrolled in Defendant's school district—and, on or about 2018, Plaintiff began courses in the Early Childhood Education Administration Program at the Los Rios Community College District. Plaintiff's intentions were to obtain several degrees as a double major in Early Childhood Education and Spanish.

21. The Early Childhood Education Administration program requires the successful completion of Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

22. While enrolled at Los Rios Community College District, Plaintiff maintained a cumulative grade point average of approximately 3.28.

23. At the conclusion of the Spring 2022 semester, Plaintiff would have graduated with the following degrees:

    a.   Associate degree for transfer in Early Childhood Education;

    b.   Associate degree in early childhood Education;

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

    c.  Associate degree in early childhood education Teacher;

    d.  Associate degree in child Development;

    e.  Associate degree in child and Adolescent Development for Transfer;

    f.  Associate degree for transfer in Spanish;

    g.  Associate degree in early childhood education Administration;

    h.  Associate degree in social Sciences;

    i.  Associate degree in interdisciplinary arts and Humanities;

    j.  Associate degree in interdisciplinary Math and Sciences, and;

    k.  Associate degree in interdisciplinary social and behavioral Sciences.

24. After graduating, Plaintiff planned to attend California State University, San Bernardino and pursue a bachelor's degree, double majoring in Early Childhood Development in Spanish; and, later, a master's degree in both Early Childhood Education and Spanish.

25. Prior to the start of the Spring 2022 semester, Plaintiff had already received an offer from California State University, San Bernardino to attend in Fall of 2022.

26. Plaintiff attended Cosumnes River College, American River College, and Sacramento City College, all of which are a part of the Los Rios Community College District, online during the Spring 2022 semester.

27. During the Spring 2022 semester, Plaintiff was enrolled in two classes taught by Defendant Beloglovsky: Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

28. Plaintiff suffers from several disabilities that include autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

29. Beginning on or around January 2019, Plaintiff began receiving academic accommodations through Disability Support Programs and Services at Cosumnes River College.

30. The customary procedure for implementing academic accommodations for disabled students enrolled at Los Rios Community College District is as follows:

   a.   At the beginning of the semester, a Letter of Accommodation is sent by Disability Support Programs and Services to the professors of every course the disabled student is enrolled in for the semester.

   b.   The Letter of Accommodation outlines the accommodations that the student is required to receive and states that the professor and student must meet to determine how to implement the accommodations.

   c.   At the beginning of the semester, the student and professor meet and determine how to implement the accommodations.

   d.   For the remainder of the semester, the student is given accommodations.

31. Having been a beneficiary of disability accommodations as a student under the Los Rios Community College District for a span of two years, the Plaintiff adeptly navigated the aforementioned procedure for approximately six semesters, engaging with numerous professors, and seamlessly executing her prescribed accommodations without encountering any hindrances.

32. Around January 13, 2022, Plaintiff's counselor from the Disability Support Programs and Services promptly dispatched a Letter of Accommodation to Defendant Beloglovsky, thereby duly apprising the latter of Plaintiff's required accommodations.

33. The Letter of Accommodation mandated that Plaintiff be given the following academic adjustments:

   a.   Alternate test location at DSPS

6

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

     b.   Extended time for tests and quizzes, including online courses (1.5x)

     c.   Distraction reduced test setting.

     d.   Preferential seating (i.e., front of the class)

     e.   Stand/move classroom periodically.

     f.   Bathroom access

     g.   Audio book

34. The Letter of Accommodation also provided: "The implementation of academic accommodations is a SHARED RESPONSIBILITY between the student, the professor, and the DSPS Office. Please discuss each approved accommodation and how it will be implemented so that it is appropriate to both the student's needs and the format of your course." (Emphasis in original).

35. On or about January 14, 2022, Plaintiff took the initiative to transmit an electronic copy of the Letter of Accommodation, pertaining to both courses, to Defendant Beloglovsky via email. Subsequently, Defendant Beloglovsky promptly acknowledged receipt of the aforementioned correspondence.

36. Both courses, under the tutelage of Defendant Beloglovsky, were conducted in an online format, characterized by a consistent structure. In both instructional settings, the absence of regular meeting times prevailed. Instead, students were entrusted with weekly assignments, wherein they would typically be tasked with engaging in relevant readings, followed by the completion of associated assignments or active participation in discussion board forums.

37. Plaintiff's disability accommodations were essential to Plaintiff's success in both courses. To complete the work for each course, Plaintiff required the assigned reading to be provided in a compatible format to be converted into an audiobook, which was not provided by Defendant

7

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

Beloglovsky, Cosumnes River College, or Los Rios Community College District. Additionally, under her mandated disability accommodations, Plaintiff was to be given extra time for all tests and quizzes. Plaintiff was not given extended time.

38. On or about January 19, 2022, Plaintiff sent a message to Defendant Beloglovsky to schedule a meeting to discuss Plaintiff's accommodations and to discuss Plaintiff's questions regarding the assignments for the enrolled courses.

39. The defendant, Beloglovsky, declined the plaintiff's request for a meeting until Office Hours on January 24, 2022, which was approximately a week after the semester had commenced and at a juncture when assignments were already due in both courses.

40. This delay in response effectively deprived the plaintiff of her disability accommodations for the initial assignments in each course. Additionally, it impeded the plaintiff's attempts to establish a strategic plan with the defendant, Beloglovsky, to accommodate her needs in future assignments.

41. Regardless of the plaintiff explicitly conveying her aspiration to succeed in her final semester and her intent to foster transparent communication with her professors, the defendant, Beloglovsky, consistently thwarted the plaintiff's endeavors. Moreover, Beloglovsky dismissed the plaintiff's inquiries regarding the course.

42. On January 24, 2022, the plaintiff engaged in a meeting with the defendant, Beloglovsky, during the designated Office Hours via a Zoom call. During this interaction, the plaintiff endeavored multiple times to discuss the vital incorporation of her legally mandated disability accommodations. However, Beloglovsky consistently refused to engage in discussions regarding these accommodations, exhibiting a dismissive attitude towards the plaintiff's concerns, and made it clear that her customary practice was not to offer necessary accommodations to students

8

requiring them. The defendant specifically expressed her unwillingness to adapt her class structure to meet the unique needs of individual students.

43. In addition to denying the implementation of the plaintiff's disability accommodations, Beloglovsky exhibited a stringent grading policy, deducting marks of the plaintiff and other students on inconsequential grounds. Over the years, the defendant has consistently received unfavorable reviews on the well-known website, "Rate My Professors," for precisely this inflexible grading approach.

44. Throughout the courses in which the plaintiff was enrolled, Beloglovsky recurrently failed to provide lucid assignment instructions, showed little responsiveness to the plaintiff's queries, and demonstrated an overall lack of support and respectful demeanor.

45. A detailed evaluation of Beloglovsky's ratings substantiates her longstanding pattern of overly rigorous grading, lack of responsiveness, ambiguity in instruction-giving, and an absence of student support.

46. On January 24, 2022, the plaintiff communicated via email and subsequent meeting with Emilie Mitchell, the Interim Dean of Social and Behavioral Sciences at Cosumnes River College, discussing Beloglovsky's refusal to implement her disability accommodations. Although initially, Mitchell expressed her willingness to support the plaintiff, she later reneged, suggesting that the plaintiff would need to escalate the issue to higher authorities for assistance.

47. On January 25, 2022, the plaintiff reached out to Jamil Malik, her counselor at Sacramento City College, to seek her disability accommodations. Regrettably, Malik chose to align with the defendant, Beloglovsky, instead of ensuring the plaintiff's lawful right to accommodations was upheld.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

48. On the same day, the plaintiff contacted Rachel Larsen, Administrative Assistant to the President of Cosumnes River College. During this interaction, Larsen guided the plaintiff to the appropriate point of contact: Robert Montañez, Vice President of Instruction and Student Learning at Cosumnes River College.

49. On January 25, 2022, the plaintiff reached out to Montañez via email, intending to resolve her ongoing difficulties with Beloglovsky and secure her accommodations. While Montañez recommended that the plaintiff lodge a formal complaint regarding Beloglovsky's conduct, he was unable to assist her in this process, instead referring her to Joann Ramirez, Interim Dean of Student Services at Enrollment Management at Cosumnes River College. Despite Montañez's assurance that Ramirez would initiate contact promptly, no such communication was received.

50. On January 26, 2022, the plaintiff contacted Ramirez to follow up on the lack of communication. Later that day, a meeting between the plaintiff and Ramirez took place via Zoom to discuss the grievances related to Beloglovsky. During this interaction, the plaintiff was assured that her pursuit of disability accommodations would be supported. Ramirez presented the plaintiff with a Student Grievance Form to be filled out, representing the appropriate remedy for complaints relating to professor misconduct.

51. On January 31, 2022, the plaintiff lodged a grievance against Beloglovsky as directed by Ramirez. The grievance, explicitly based on "professor behavior, actions, communications, and the eventual repercussions of her actions on [Plaintiff] which include (but are not limited to) [Plaintiff's] grades (in [Defendant Beloglovsky's] classes and others)... and [Plaintiff's] own further suffering from [her] disabilities." The grievance also requested an accurate assessment of her grades.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

52. However, only subsequent to the submission of her grievance was the plaintiff informed by Ramirez that the Student Grievance Form was primarily intended for grade-related disputes, and not for addressing issues related to professor behavior. Ramirez further elucidated that there was no established protocol for airing grievances related to professor behavior, inclusive of refusals to provide disability accommodations.

53. Throughout Plaintiff's discussions with the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was assured that she would be assisted, only to be later told that nothing could be done. The administration at Cosumnes River College refused to ensure that Plaintiff's disability accommodations were implemented by Defendant Beloglovsky. Plaintiff was repeatedly told that professors have final say, and that her only recourse was to drop the courses taught by Professor Beloglovsky, although these classes were required for Plaintiff to obtain her degree.

54. On or about February 10, 2022, Plaintiff's grievance was denied. The determination for Plaintiff's grievance wrongfully states that Plaintiff's grievance was "a general complaint regarding [the] perception of the quality of instruction methodology." The determination further stated that there was no resolution within the Educational Code, Cosumnes River College policy or regulations to be issued, although Plaintiff's grievance was based on Defendant Beloglovsky's refusal to implement accommodations mandated under the California Educational Code and Americans with Disabilities Act.

55. On or about February 17, 2022, Plaintiff met with Ed Bush, President at Cosumnes River College to discuss her grievances with Defendant Beloglovsky. Rather than offer tangible support by requiring Defendant Beloglovsky to implement Plaintiff's accommodations, Bush placed the responsibility on Plaintiff to reach out to Defendant Beloglovsky herself.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

56. On or about February 20, 2022, Plaintiff met with Tadael Emiru, Associate Vice President of Student Services at Cosumnes River College. During the meeting, Plaintiff was again told that nothing could be done. Plaintiff requested "a mediated meeting, a meeting with President Bush, and even being able to simply complete work so [she] could graduate" and was told that these were against policy and impossible. Emiru stated that Plaintiff's grievance was unfounded. He further stated that the grievance was being dismissed and was unappealable.

57. On or about February 23, 20222, Plaintiff sent an email to Defendant Beloglovsky to determine a path forward regarding Plaintiff's grades. The only recourse student was given by Defendant Beloglovsky was to invoke a clause in the syllabus under which Plaintiff would receive a one-time pass in each course for one assignment to be turned in one week from the initial due date for full credit.

58. As a result of not being provided her disability accommodations and not receiving support from Defendant Beloglovsky or the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was unable to complete her assignments for the classes she was enrolled in during the Spring 2022 semester.

59. In addition to the courses taught by Defendant Beloglovsky, Plaintiff was also enrolled in the following courses during the Spring 2022 semester:

a. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College;

b. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College;

c. Intermediate Spanish (SPAN 412) at American River College, and;

d. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

60. Beyond Beloglovsky, the plaintiff also experienced discriminatory treatment from two other professors: Jeannette Mulhern and Ines Garcia-Adams.

61. In the Spring 2022 semester, the plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321), a course taught by Jeannette Mulhern. Despite earlier agreements between the plaintiff and Mulhern that the plaintiff would have the opportunity to make up assignments, Mulhern unexpectedly dropped the plaintiff from the course.

62. Concurrently, in the Spring 2022 semester, the plaintiff was a student in Intermediate Spanish (SPAN 412), a class taught by Ines Garcia-Adams. Contrary to supporting the plaintiff, Garcia-Adams demeaned her, accused her of dishonesty, shouted at her, and declined to offer assistance.

63. The plaintiff's endeavors to secure her accommodations proved excessively time-consuming and necessitated the plaintiff's repeated follow-ups with various administrators at Cosumnes River College and Los Rios Community College District. Despite spending significant time communicating with the administrators, the plaintiff's efforts were to no avail. The time invested in attempting to enforce her accommodations affected the plaintiff's studies, precipitating a domino effect that severely impacted her grades.

64. At the termination of the Spring 2022 semester, the plaintiff's grades were as follows:

   a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College – failed;

   b. Promoting Social Competence (ECE 322) at Cosumnes River College – failed;

   c. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College – failed;

   d. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College – withdrawn;

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

e. Intermediate Spanish (SPAN 412) at American River College – failed;

f. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College – incomplete;

g. Introduction to Business (BUS 300) at Cosumnes River College – failed.

65. Owing to the defendants' denial of the plaintiff's disability accommodations, the plaintiff was compelled to withdraw from her courses after forfeiting her financial aid.

66. The defendants' refusal to implement the plaintiff's disability accommodations during the Spring 2022 semester has completely upended the plaintiff's life. As a direct consequence, her acceptance to California State University, San Bernardino, in the fall of 2022, was rescinded due to her inability to graduate.

67. Furthermore, the plaintiff's academic and career progress has been stalled due to her inability to complete her degrees.

68. The defendants' actions have precipitated a severe deterioration in the plaintiff's mental health and exacerbated her pre-existing medical conditions. The stress associated with the challenging process of attempting to secure her disability accommodations, the lack of support from the defendants, and the negative implications on her grades caused the plaintiff significant emotional distress, including physical manifestations. As a result, the plaintiff's medical appointments, along with her associated medical expenses, increased markedly. The frequent appointments further impeded the plaintiff's ability to stay on top of her studies.

69. Therefore, the plaintiff requests a judgment against the defendants as delineated herein.

70. As Plaintiff's efforts to hold Defendant Beloglovsky accountable continued, Plaintiff's professors in her other courses sided with Defendant Beloglovsky and retaliated against her.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

71. In addition to Defendant Beloglovsky, Plaintiff was also discriminated against by two other professors: Jeannette Mulhern and Ines Garcia-Adams.

72. During the Spring 2022 semester, Plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321) taught by Jeannette Mulhern. Mulhern dropped Plaintiff from the course unexpectedly despite previous agreements between Plaintiff and Mulhern for Plaintiff to make up assignments.

73. During the Spring 2022 semester, Plaintiff was enrolled in Intermediate Spanish (SPAN 412) taught by Ines Garcia-Adams. Instead of supporting Plaintiff, Garcia-Adams belittled her, accused her of lying, yelled at her, and refused to help her.

74. Plaintiff's efforts to obtain her accommodations were extremely time-consuming and required Plaintiff to repeatedly follow up with several administrators at Cosumnes River College and Los Rios Community College District. Plaintiff spent many hours communicating with administrators at Cosumnes River College and Los Rios Community College District, to no avail. This time spent in an effort to implement Plaintiff's accommodations interfered with Plaintiff's studies and caused a snowball effect, negatively impacting Plaintiff's grades tremendously.

75. At the conclusion of the Spring 2022 semester, Plaintiffs grades were as follows:

       a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College – failed;

       b. Promoting Social Competence (ECE 322) at Cosumnes River College – failed;

       c. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College – failed;

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

     d. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College – withdrawn;

     e. Intermediate Spanish (SPAN 412) at American River College – failed;

     f. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College – incomplete;

     g. Introduction to Business (BUS 300) at Cosumnes River College – failed.

76. As a result of Defendants' refusal to implement Plaintiff's disability accommodations, Plaintiff was forced to drop out after losing her financial aid.

77. Defendants' denial of Plaintiff's disability accommodations during the Spring 2022 semester has completely derailed Plaintiff's life. Plaintiff acceptance to attend California State University, San Bernardino in the fall of 2022, was revoked due to not graduating.

78. Additionally, Plaintiff has been unable to complete her degrees, leaving her education and career at a standstill.

79. Defendants' actions led to a severe decline in Plaintiff's mental health and exacerbated

80. Plaintiff's existing medical conditions. The stress of jumping through hoops to attempt to get her disability accommodations, not being supported at all by Defendants, and the impact on Plaintiff's grades caused Plaintiff to suffer severe emotional distress, including physical manifestations. As a result, Plaintiff's medical appointments increased substantially along with her medical expenses. These nearly daily appointments made it even more difficult for Plaintiff to stay on top of her studies.

81. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

///

///

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

## IV. CAUSES OF ACTION

### A. Plaintiff's First Cause of Action Against All Defendants – Violation of California Government Code Section 11135

82. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

83. California Government Code Section 11135 subsection (a) provides "No person in the State of California shall, on the basis of sex, race, color, religion, ancestry, national origin, ethnic group identification, age, mental disability, physical disability, medical condition, genetic information, marital status, or sexual orientation, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state."

84. Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") is an educational institution that receives funding from the State of California.

85. Defendant Cosumnes River College (hereinafter "Cosumnes River College") is an educational institution that is a part of the Los Rios Community College District, and as such is the agent of Los Rios Community College District and receives funding from the State of California.

86. As entities that receive funding from the State of California, Los Rios Community College District and Cosumnes River College are in violation of California Government Code Section 11135 for denying Plaintiff Lacey Amaral (hereinafter "Plaintiff") equal access to the educational benefits provided by these institutions.

87. Academic accommodations are intended to level the playing field for disabled students to allow them the same opportunity to succeed academically as their counterparts.

---

17

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

88. By supporting Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky")'s refusal to implement Plaintiff's academic accommodations and failing to provide Plaintiff with any recourse, Plaintiff was not given the same opportunities to succeed academically as her peers.

89. Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## B. Plaintiff's Second Cause of Action Against All Defendants – Violation of the Americans with Disabilities Act Section 12182

90. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

91. The Americans with Disabilities Act applies to individuals with "a physical or mental impairment that substantially limits one or more major life activities of such individual".

92. Further, Section 12102(2)(A) of the Americans with Disabilities Act defines "major life activities" to include "learning, reading, concentrating, thinking, communicating and working".

93. Under 12182 of the Americans with Disabilities Act, Title III of the Americans with Disabilities applies to "undergraduate, or postgraduate private school[s], [and] other place[s] of education".

94. Defendants Cosumnes River College and Los Rios Community College District (hereinafter "Cosumnes River College" and "Los Rios Community College District", respectively) operate undergraduate private schools and are subject to Title III of the Americans with Disabilities Act.

95. Plaintiff Lacey Amaral (hereinafter "Plaintiff") suffers from various disabilities including autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis.

96. Plaintiff's disabilities significantly impact Plaintiff's ability to learn, read, concentrate, think, communicate, and work.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

97. For these reasons, Plaintiff was provided the following accommodations by Cosumnes River College's Disability Support Programs and Services:

    a. Alternate test location at DSPS

    b. Extended time for tests and quizzes, including online courses (1.5x)

    c. Distraction reduced test setting.

    d. Preferential seating (i.e., front of the class)

    e. Stand/move classroom periodically.

    f. Bathroom access

    g. Audiobook

98. The Americans with Disabilities Act Section 12182 provides "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

99. Section 12182 further provides that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

100. Plaintiff is a disabled person who was enrolled in several courses at Los Rios Community College District.

101. By failing and refusing to implement Plaintiff's academic accommodations, which Plaintiff was entitled to receive based on her disabilities, Defendants discriminated on Plaintiff on the basis of her disabilities.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

102. While Plaintiff was not denied access to the courses she was enrolled in, she was effectively set up to fail from the beginning of the semester when Defendant Beloglovsky refused to implement her accommodations.

103. From thereafter, Plaintiff was denied the opportunity to participate in her courses and effectively complete her work in the same way as her peers because she was not provided the accommodations, she required in order to do so.

104. Plaintiff never received audiobooks for her courses taught by Defendant Beloglovsky, nor was she given extended time on any of her tests in Defendant Beloglovsky's classes, because Defendant Beloglovsky flat-out refused to speak to Plaintiff about implementing her accommodations and encouraged her not to use them against her wishes.

105. Plaintiff spent months attempting to get support from Cosumnes River College and later Los Rios Community College District so that her accommodations could be implemented, to no avail.

106. Defendants' conduct made it impossible for Plaintiff to succeed in Defendant Beloglovsky's classes, in which student success was based entirely on student comprehension of the reading assignments.

107. When Plaintiff's grades fell behind in her classes due to her accommodations not being implemented, she was not given reasonable opportunities and support to make up her work by Defendants.

108. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**C. Plaintiff's Third Cause of Action Against All Defendants – Breach of Contract**

109. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

110.    Plaintiff Lacey Amaral (hereinafter "Plaintiff") entered into a contractual agreement with Defendants Cosumnes River College and Los Rios Community College District (hereinafter "Cosumnes River College" and "Los Rios Community College District", respectively) for the purposes of obtaining numerous associate degrees in early childhood education, Spanish, social studies, and interdisciplinary studies.

111.    Plaintiff entered into this agreement in reliance of promises made by Cosumnes River College and Los Rios Community College District that Plaintiff would be provided the following academic accommodations in all her courses:

a.  Alternate test location at DSPS

b.  Extended time for tests and quizzes, including online courses (1.5x)

c.  Distraction reduced test setting.

d.  Preferential seating (i.e. front of the class)

e.  Stand/move classroom periodically.

f.  Bathroom access

g.  Audio book

112.    In every contract in California, there is an implied covenant of good faith and fair dealing, which requires parties to a contract to act in good faith and not to do anything to unfairly interfere with the other party's right to receive the benefits of the contract. See Cal. Civ. Code § 3300 et seq.

113.    Defendants breached the covenant of good faith and fair dealing by not implementing Plaintiff's accommodations in Defendant Beloglovsky's courses as promised and as required by law.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

114.     Not only did Defendant Beloglovsky herself refuse to implement Plaintiff's academic accommodations in her classes, Cosumnes River College and Los Rios Community College District affirmed Defendant Beloglovsky's conduct, repeatedly telling Plaintiff that "nothing could be done" and prioritizing the professor over Plaintiff and other disabled students.

115.     Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### D. Plaintiff's Fourth Cause of Action Against All Defendants – Intentional Infliction of Emotional Distress

116.     Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

117.     Intentional infliction of emotional distress requires: 1) that the defendant's conduct was outrageous; 2) that the defendant intended to cause the plaintiff emotional distress or that the defendant acted with reckless disregard of the probability that the plaintiff would suffer emotional distress, knowing that the plaintiff was present when the conduct occurred; 3) that the plaintiff suffered severe emotional distress; and 4) that the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress.

118.     It is extreme and outrageous for an educational institution, especially one as well-established as Los Rios Community College District, to fail to implement a disabled student's academic accommodations.

119.     Accommodations are intended to support disabled students and foster their academic success. Defendants made empty promises that Plaintiff would be given accommodations and then refused to help her when these accommodations were denied, acting as if nothing could be done. A simple email to Defendant Beloglovsky or a meeting demanding that she implement Plaintiff's disability accommodations would have immediately remedied the issue.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

120.    Instead, Cosumnes River College and Los Rios Community College District allowed the situation to fester, and Plaintiff's grades in all of her courses suffered tremendously as a result.

121.    Plaintiff's continued efforts to obtain her accommodations, which were not her sole responsibility, caused her great stress, increasing her medical appointments and distracting her from her studies.

122.    Furthermore, without the needed accommodations, Plaintiff was unable to succeed in Defendant Beloglovsky's courses, which also caused her to suffer severe emotional distress as her grades suffered significantly.

123.    Defendants' actions culminated in Plaintiff being forced to drop out of her final semester before obtaining her degrees.

124.    Additionally, Plaintiff's full-ride scholarship to California State University, San Bernardino in the fall of 2022 was rescinded.

125.    In consequence, Plaintiff's education and career are currently at a standstill and she continues to suffer severe emotional distress as a result of Defendant's conduct.

126.    Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**E. Plaintiff's Fifth Cause of Action Against All Defendants – Negligence**

127.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

128.    Negligence requires 1) that the defendant was negligent; 2) that the plaintiff was harmed; and 3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm.

129.    Defendants were negligent in failing to implement Plaintiff's accommodations that were mandated and outlined in the Letter of Accommodation from Cosumnes River College's Disability Support Programs and Services.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

130.     After receiving the Letter of Accommodation from both Plaintiff Lacey Amaral (hereinafter "Plaintiff") and Disability Support Programs and Services, Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky") failed to implement these accommodations in her courses. Plaintiff never received a compatible version of the textbooks to convert them into audiobooks and she was never given extended time for tests and quizzes in Defendant Beloglovsky's classes.

131.     During the many conversations between Plaintiff and the administration at Cosumnes River College, the administration failed to ensure that Plaintiff was receiving her accommodations.

132.     As a result of Defendants' conduct, Plaintiff suffered a severe reduction in her grades, which caused her to lose her financial aid, drop out, and not obtain her degree.

133.     Further, Plaintiff's full-ride scholarship with California State University, San Bernardino was rescinded.

134.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**F.  Plaintiff's Fifth Cause of Action Against All Defendants – Gross Negligence**

135.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

136.     Defendants demonstrated gross negligence through their actions and failures in implementing Plaintiff's disability accommodations. This includes but is not limited to the following actions and failures:

   a.   Failure to incorporate disability accommodations: Despite Plaintiff's documented disabilities and the issuance of a Letter of Accommodation, Defendants failed to

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

implement the required accommodations outlined in the letter. This failure shows a
reckless disregard for Plaintiff's rights and well-being.

b.  Refusal to meet and discuss accommodations: Defendant Beloglovsky refused to meet
with Plaintiff to discuss the implementation of disability accommodations until well into
the semester, after assignments were already due. This refusal to engage in timely
discussions demonstrates a reckless disregard for Plaintiff's needs and shows a lack of
care and attention.

c.  Denial and dismissal of accommodations: During the meeting with Defendant
Beloglovsky, Plaintiff's requests for accommodations were outright denied and
dismissed. Defendant Beloglovsky stated that she typically does not give
accommodations to students and refused to structure her class to meet Plaintiff's needs.
This refusal, despite Plaintiff's documented disabilities, highlights a reckless disregard for
Plaintiff's rights and a failure to exercise reasonable care.

d.  Strict and unjust grading practices: Defendant Beloglovsky engaged in unnecessarily
strict grading practices, marking down Plaintiff and other students for frivolous reasons.
This demonstrates a lack of reasonable skill and care in evaluating Plaintiff's work and
shows a reckless disregard for fair grading practices.

e.  Inadequate response from the administration: The administration, including Emilie
Mitchell, Ed Bush, and Tadael Emiru, failed to take appropriate action to ensure the
implementation of Plaintiff's disability accommodations. Despite Plaintiff's efforts to
seek assistance, they repeatedly told Plaintiff that nothing could be done and failed to
address the gross negligence exhibited by Defendant Beloglovsky.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

137.    Defendants' gross negligence has a severe impact on Plaintiff's education and well-being. Plaintiff was unable to complete assignments due to the actions and inactions of Defendants, resulting in failing grades and the loss of financial aid. Additionally, Plaintiff's acceptance to attend California State University, San Bernardino, was revoked due to not graduating. This demonstrates the significant harm caused by the defendants' reckless actions.

138.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### G. Plaintiff's Sixth Cause of Action Against All Defendants – Violation of California Civil Code § 51 et seq.

139.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

140.    Defendants violated California Civil Code § 51 et seq., also known as the Unruh Civil Rights Act.

141.    California Civil Code § 51(b) prohibits discrimination on the basis of disability in the full and equal access to educational services. Plaintiff, who suffers from several documented disabilities, including autism, depression, anxiety, and others, sought reasonable accommodations as mandated by the California Educational Code and the Americans with Disabilities Act. However, Defendants, including Defendant Beloglovsky and the administration at Cosumnes River College, repeatedly refused to implement Plaintiff's disability accommodations, denying her full and equal access to educational services. This failure to provide reasonable accommodations constitutes discrimination based on disability under the Unruh Civil Rights Act.

142.    Additionally, under this code, institutions are required to make reasonable academic adjustments to accommodate students with disabilities. Plaintiff submitted a Letter of

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

Accommodation to Defendant Beloglovsky, clearly outlining the necessary academic adjustments, such as extended time for tests and quizzes, preferential seating, and access to audiobooks. However, Defendant Beloglovsky and the administration at Cosumnes River College neglected their obligation to provide these reasonable academic adjustments. Their refusal to implement Plaintiff's disability accommodations directly contravened the requirements of the Unruh Civil Rights Act.

143.    California Civil Code § 51.7 also prohibits retaliation or harassment against individuals based on their disability or medical condition. Despite Plaintiff's persistent efforts to assert her rights and seek assistance, she faced mistreatment, belittlement, and harassment from Defendant Beloglovsky and other professors. Defendant Beloglovsky's refusal to discuss Plaintiff's disability accommodations, her strict grading practices, and her dismissal of Plaintiff's questions and concerns constituted retaliatory and harassing conduct. This behavior created a hostile educational environment for Plaintiff, further violating the Unruh Civil Rights Act.

144.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## H. Plaintiff's Seventh Cause of Action Against All Defendants – Violation of 42 U.S.C. § 12182 et seq.

145.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

146.    Title III of the ADA (42 U.S.C. § 12182) prohibits discrimination on the basis of disability in places of public accommodation, which includes educational institutions like Cosumnes River College and Los Rios Community College District.

147.    Plaintiff, who has disclosed disabilities, sought reasonable accommodations in accordance with their rights under the ADA.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

148. Defendants, including Cosumnes River College, Los Rios Community College District, and Professor Beloglovsky, as agents of the educational institutions, had a legal obligation to provide reasonable accommodations to Plaintiff.

149. Plaintiff provided a Letter of Accommodation to Defendant Beloglovsky and notified her of the mandatory accommodations required for their disabilities.

150. Despite receiving notice and confirmation of receipt, Defendant Beloglovsky failed to implement Plaintiff's disability accommodations, including extended time for tests and quizzes, distraction-reduced test setting, preferential seating, and access to audio books.

151. Defendant Beloglovsky demonstrated a refusal to meet with Plaintiff to discuss the accommodations, dismissed Plaintiff's questions, and explicitly stated that she typically does not give accommodations to students who require them.

152. Defendants failed to intervene and ensure the implementation of Plaintiff's disability accommodations, despite Plaintiff's efforts to seek assistance from administrators.

153. Defendants' actions, such as refusing to implement accommodations, being unresponsive, providing unclear instructions, and engaging in strict grading practices, resulted in Plaintiff being denied equal access to education and an inclusive learning environment.

154. The denial of reasonable accommodations interfered with Plaintiff's ability to complete assignments, resulted in failing grades, loss of financial aid, and the inability to progress in their educational pursuits.

155. Defendants' failure to provide reasonable accommodations and their dismissive and unsupportive conduct may constitute discrimination based on disability, in violation of the ADA's Title III.

156. Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

**I.  Plaintiff's Eight Cause of Action Against All Defendants – Promissory Estoppel**

157.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

158.    Defendants made a clear and unambiguous promise or representation through their, that Plaintiff would receive the necessary accommodations to successfully complete her courses. Plaintiff relied on this promise and enrolled in the program, maintained her grade point average, and planned her academic progression accordingly. However, Defendants failed to fulfill their promise by refusing to implement the accommodations, delaying meetings, and dismissing the plaintiff's concerns. As a result, Plaintiff suffered significant harm, including failing grades, loss of financial aid, and disrupted educational and career plans.

159.    Defendants should have been estopped from denying Plaintiff the accommodations she relied upon, as it was unfair and unjust for them to go back on their promise after Plaintiff detrimentally relied on it. The doctrine of promissory estoppel seeks to prevent injustice by enforcing promises made under circumstances where one party reasonably relied on the promise to their detriment.

160.    Defendants' actions, promises, and subsequent failure to fulfill those promises led to detrimental reliance and harm. Plaintiff's expectation of receiving accommodations based on past practices and the mandated disability accommodations created a legitimate expectation that the defendants would follow through with their promise. Plaintiff suffered significant negative consequences due to Defendants' refusal to implement the accommodations and their dismissive behavior.

161.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

## J, Plaintiff's Ninth Cause of Action Against All Defendants – Negligent Infliction of Emotional Distress

162.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

163.    Defendants have contributed and caused Plaintiff's distress through their negligent actions and omissions.

164.    Defendants neglected their duty to provide Plaintiff with the necessary disability accommodations mandated by the California Educational Code and Americans with Disabilities Act.

165.    Defendant Beloglovsky not only ignored the plaintiff's attempts to discuss the implementation of her disability accommodations but also explicitly stated that she typically does not provide accommodations to students who require them to teach them to be more independent. This refusal to engage in a meaningful discussion or consider Plaintiff's needs demonstrates a negligent disregard for the plaintiff's rights and well-being.

166.    Despite being informed of Plaintiff's disabilities and receiving a Letter of Accommodation, Defendants failed to fulfill their obligation to ensure Plaintiff's equal access to education.

167.    Defendants' negligent actions, along with the prolonged process of seeking accommodations, caused a severe decline in Plaintiff's mental health. The additional stress, frustration, and emotional turmoil resulting from Defendants' behavior exacerbated Plaintiff's existing medical conditions. This negligent infliction of emotional distress worsened the Plaintiff's overall well-being and necessitated an increase in medical appointments and associated expenses.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

168.    Defendants' negligent conduct, which includes the failure to implement disability accommodations, refusal to engage in discussions, unreasonable grading practices, inadequate response to grievances, and the resulting harm to Plaintiff's academic and personal life, support the claim of negligent infliction of emotional distress.

169.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**K. Plaintiff's Tenth Cause of Action Against All Defendants – Negligent Hiring and Retention**

170.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

171.    Defendants, Cosumnes River Colleges and Los Rios Community College District should be held liable for Negligent Hiring and Retention due to their actions in employing and retaining Defendant Miriam Beloglovsky as a professor. Defendants, as the employers, have a duty to exercise reasonable care in selecting and retaining employees who will not pose a risk or harm to others. However, they failed to fulfill this duty.

172.    Defendant Beloglovsky, as an agent of Cosumnes River College and Los Rios Community College District, engaged in a series of actions that negatively impacted Plaintiff's educational experience and violated her rights under the California Educational Code and Americans with Disabilities Act.

173.    Despite being provided with a Letter of Accommodation from Disability Support Programs and Services, Defendant Beloglovsky refused to discuss and implement Plaintiff's mandated accommodations, which were crucial for Plaintiff's success in the courses.

174.    Defendant Beloglovsky's poor ratings on "Rate My Professors" indicate a history of similar issues, including strict grading, unresponsiveness, and lack of support. This suggests that Defendants should have been aware of her potential to harm students' educational experiences.

175. As a result of Defendants' negligent hiring and retention, Plaintiff suffered severe emotional distress, physical manifestations of her disabilities, financial losses due to losing her financial aid, and the inability to complete her degrees and pursue further education at California State University, San Bernardino.

176. Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## V. Prayer for Relief

Wherefore, Plaintiff prays for requests that the Court grant the following relief:

a. Compensatory damages in the amount of $3,500,000;

b. Statutory Damages in the amount to be determined according to proof;

c. Punitive damages as determined by the trier of fact;

d. Reasonable Attorney's Fees;

e. The costs of the suit incurred herein;

f. Pre-judgment interest, and;

g. Any and all other relief that the Court determines to be Just and Proper.

## VI. Jury Demand Requested

Plaintiff respectfully requests a jury to decide on all causes of action.

DATED: August 14, 2023

JAMES L. ARRASMITH

Attorney for Plaintiff Lacey Amaral

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

EXHIBIT 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>James L. Arrasmith SBN #332498, Law Offices of James L. Arrasmith<br>9719 Lincoln Village Dr., Ste 507, Sacramento, CA 95827 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 916-704-3009    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: Jarrasmith@pm.me<br>ATTORNEY FOR *(Name)*: Lacey Amaral | **Filed**<br>Superior Court of Califo... ...a,<br>Sacramento<br>08/22/2023<br>wolfmos<br>By _____, Deputy<br>23CV007275 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
LACEY AMARAL V. MIRIAM BELOGLOVSKY, ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [K] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: 10
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 18, 2023
James L. Arrasmith
_____        _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

*BY FAX*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

Issued and Filed
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
Superior Court of California,
Sacramento
08/23/2023
woltmos
By _____, Deputy
23CV007275

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIRIAM BELOGLOVSKY, COSUMNES RIVER COLLEGE, LOS RIOS COMMUNITY COLLEGE DISTRICT and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LACEY AMARAL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse | CASE NUMBER: *(Número del Caso):* |
|---|---|

720 9th St. Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James L. Arrasmith. The Law Offices of James L. Arrasmith. 9719 Lincoln Village Dr., #507, Sacramento, CA 95827. 916-704-3009.

| DATE: *(Fecha)* **AUG 2 3 2023** | Clerk, by *(Secretario)* S. Woltmo | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Lacey Amaral | |
| DEFENDANT/RESPONDENT:<br>Miriam Beloglovsky et al | |
| **NOTICE OF CASE ASSIGNMENT**<br>**AND CASE MANAGEMENT CONFERENCE**<br>**(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>23CV007275 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

### NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| **LAW & MOTION** | Richard K. Sueyoshi | Hall of Justice | 53 |
| **CASE MANAGEMENT PROGRAM** | Thadd A. Blizzard | Gordon D. Schaber Superior Court | 43 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

### NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM on July 19, 2024** in **Department 43** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**NOTICE OF CASE ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**

BY FAX

| SHORT TITLE: AMARAL vs BELOGLOVSKY, et al. | CASE NUMBER: 23CV007275 |
|---|---|

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 08/23/2023          By:          /s/ S. Woltmon
                                          Sarah Woltmon, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

Filed
Superior Court of California

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)* <br> Law Offices of James L. Arrasmith <br> James Arrasmith SBN Bar# <br> 9719 Lincoln Village Dr #507 <br> Sacramento, CA 95827 <br> TELEPHONE NO:                        FAX NO *(Optional):* <br> E-MAIL ADDRESS *(Optional):*  Jarrasmith@pm.me <br> ATTORNEY FOR *(Name):*  Plaintiff | FOR COURT USE ONLY <br> Sacramento <br> 09/25/2023 <br> prasadb2 <br> By _____, Deputy <br> 23CV007275 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento
STREET ADDRESS:  720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Sacramento, 95814-1302
BRANCH NAME:  Sacramento

| | |
|---|---|
| PLAINTIFF / PETITIONER:  Lacey Amaral <br> DEFENDANT / RESPONDENT:  Miriam Beloglovsky, et al. | CASE NUMBER: <br> 23CV007275 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> 9547600 (21190142) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. [X] Summons
   - b. [X] Complaint
   - c. [ ] Alternative Dispute Resolution (ADR) Package
   - d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   - e. [ ] Cross-Complaint
   - f. [X] Other *(specify documents):*  Plaintiff's Lacey Amaral's Exhibit List, Notice of Case Assignment and Case Management Conference, Proof of Service, Proof of Service, PROOF OF SERVICE OF SUMMONS, PROOF OF SERVICE ON A STATE AGENCY OR LOCAL GOVERNMENT AGENCY

**BY FAX**

3. a. Party served *(specify name of party as shown on documents served):*
      Miriam Beloglovsky
   b. [ ] Person (other than the party in Item 3a) served on behalf of an entity or as an authorized agent (and not a person under Item 5b on whom substituted service was made) *(specify name and relationship to the party named in Item 3a)*

4. Address where the party was served:
   4013 Redondo Dr, El Dorado Hills, CA 95762
5. I served the party *(check proper box)*
   - a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*  Mon, Sep 18 2023      (2) at *(time):*   12:17 PM
   - b. [ ] **by substituted service.** On *(date):*                    at *(time):*                      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
         from *(city):*                                   or [ ] a declaration of mailing is attached.
     (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2 <br> Code of Civil Procedure, § 417.10 |

| PLAINTIFF / PETITIONER: Lacey Amaral | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Miriam Beloglovsky, et al. | 23CV007275 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*:                              (2)  from *(city)*:
   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☒  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☐  416.10 (corporation)                    ☐  415.95 (business organization, form unknown)
      ☐  416.20 (defunct corporation)            ☐  416.60 (minor)
      ☐  416.30 (joint stock company/association) ☐  416.70 (ward or conservatee)
      ☐  416.40 (association or partnership)      ☐  416.90 (authorized person)
      ☐  416.50 (public entity)                  ☐  415.46 (occupant)
      ☐  other:

7.  **Person who served papers**
   a.  Name:                    Jonathan Shisler
   b.  Address:                 1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947
   c.  Telephone number:        800.938.8815
   d.  **The fee for service was:**  $115.00
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
         (i)  ☐ owner  ☐ employee  ☒ Independent contractor
         (ii)  Registration No:  2008-10
         (iii)  County:  Sacramento

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   September 20, 2023
Jonathan Shisler
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
(SIGNATURE)

James L. Arrasmith, SBN 332498
The Law Offices of James L. Arrasmith
 Sacramento, California 95827
Phone: (916)-704-3009
jarrasmith@pm.me
*Attorney for Lacey Amaral*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

LACEY AMARAL
Plaintiff

v.

MIRIAM BELOGLOVSKY| COSUMNES
RIVER COLLEGE, LOS RIOS COMMUNITY
COLLEGE DISTRICT and DOES 1-50
Defendants

Case No.: 23CV007275

PROOF OF SERVICE ON A
STATE AGENCY OR LOCAL
GOVERNMENT AGENCY

I, _____, declare as follows:

1. At the time of service I was at least 18 years of age and not a party to this lawsuit.

2. I served copies of the Civil Case Coversheet, Summons, Complaint, & Exhibits, (hereinafter referred to as "copies").

3. I served the defendant _____.

4. I served the copies by: (check only one)

    a. ☐ Personal Service in compliance with the California Code of Civil Procedure. I personally delivered copies to the head of the agency named in ¶ 3:

        Name: _____

        Title: _____

        Date: _____ Time: _____

        Address: _____

BY FAX

**PROOF OF SERVICE ON A
STATE AGENCY OR LOCAL
GOVERNMENT AGENCY**

1

b. □ Combination Service at Agency's Place of Business in compliance with the California Code of Civil Procedure. I personally delivered copies to a person apparently in charge of the office who was at least 18 years of age and informed him or her of the general nature of the papers. I left the copies with:

Name: _____

Date: _____ Time: _____.

Address: _____

I also mailed copies to the office or place of business addressed to the head of the agency on _____.

5. My name, address, and telephone number are:

_____ (Full Name)

_____ (Address Line 1)

_____ (Address Line 2)

_____ (Phone Number)

6. I am not a registered California process server.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ at _____

(date)                    (place of signing)

_____ (Signature)

_____ (Name)

///
///
///
///
///
///

**PROOF OF SERVICE ON A STATE AGENCY OR LOCAL GOVERNMENT AGENCY**

2

James L. Arrasmith, SBN # 332498
The Law Office of James L. Arrasmith
9719 Lincoln Village Dr., #507
Sacramento, CA 95827
Phone: (916) 704-3009
Email: jarrasmith@pm.me
*Attorney for Lacey Amaral*

Filed
Superior Court of California,
Sacramento
08/22/2023
woltmos
By _____ , Deputy
23CV007275

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

|  |  |
|---|---|
| LACEY AMARAL, | Case No.: |
| Plaintiff. | UNLIMITED CIVIL CASE |
| v. | COMPLAINT FOR: VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135; THE AMERICANS WITH DISABILITIES ACT; BREACH OF CONTRACT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENCE; GROSS NEGLIGENCE; CALIFORNIA CIVIL CODE § 51 ET SEQ.; VIOLATION OF 42 U.S.C. § 12182 ET SEQ., PROMISSORY ESTOPPEL; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND NEGLIGENT HIRING AND RETENTION. |
| MIRIAM BELOGLOVSKY, COSUMNES RIVER COLLEGE, LOS RIOS COMMUNITY COLLEGE DISTRICT and DOES 1-50, | |
| Defendants. | |
|  | JURY TRIAL DEMANDED |

BY FAX

Plaintiff Lacey Amaral, by and through her attorney, James L. Arrasmith, alleges as follows:

## I. PARTIES

1. Plaintiff Lacey Amaral is an individual residing in the County of Los Angeles, State of California.

1

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

2. Defendant Miriam Beloglovsky is an individual who is believed to be residing in the County of Sacramento, State of California.

3. Defendant Cosumnes River College is an educational institution doing business in the County of Sacramento, State of California.

4. Defendant Los Rios Community College District is an educational institution doing business in the County of Sacramento, State of California.

5. The true names of Defendants named as DOES 1 through 50 in this Complaint are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege the true names of each of these Defendant(s) as soon as Plaintiff is able to ascertain their true names.

## II. PRELIMINARY STATEMENT

6. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

7. This is a case of disability discrimination perpetrated by Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky"), a professor at Defendant Cosumnes River College (hereinafter "Cosumnes River College"). This discrimination occurred in the Spring of 2022.

8. At the onset of Plaintiff Lacey Amaral's concluding semester, Defendant Beloglovsky resolutely declined to implement the Plaintiff's stipulated academic accommodations.

9. Over several months, the Plaintiff diligently navigated the hierarchical structure within Cosumnes River College and the Los Rios Community College District, striving to secure her academic accommodations. Her efforts persisted until every option was thoroughly explored and exhausted.

10. Throughout her pursuit, the Plaintiff faced a repetitive pattern of evasion and unfulfilled promises from both Cosumnes River College and the Los Rios Community College District.

2

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

Despite repeated assurances of assistance, she was ultimately confronted with the disappointing revelation that no substantive action would be taken.

11. The inaction of Cosumnes River College and the Los Rios Community College District allowed the issue to escalate - the denial of the Plaintiff's academic accommodations.

12. Beloglovsky's classes detrimentally impacted Plaintiff's performance in other courses. By the time the Plaintiff discerned the implications on her academic standing, it was regrettably too late.

13. Rather than upholding their obligations to enforce the Plaintiff's disability accommodations, Cosumnes River College and the Los Rios Community College District opted to shield Defendant Beloglovsky, prioritizing the interests of a single professor over the legitimate needs of Plaintiff with her accommodation needs.

14. There exists a robust public policy underscoring the importance of providing an equitable academic environment for disabled students. Academic accommodations serve a crucial purpose in ensuring that students with disabilities receive equivalent opportunities to succeed as their nondisabled peers. However, these accommodations are rendered ineffective if not properly implemented. To acknowledge a student's need for accommodations, promise their provision, and then back a professor's deliberate denial of these accommodations is a gross violation of this policy.

15. Alarmingly, this conduct is not an isolated occurrence. Defendant Beloglovsky has conceded that she habitually dissuades her students from utilizing their mandated accommodations.

16. By failing to intervene and leaving their disabled students without viable options, Cosumnes River College and the Los Rios Community College District have implicitly condoned Defendant Beloglovsky's behavior, effectively endorsing her discriminatory practices.

///

3

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

### III. FACTUAL BACKGROUND

17. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

18. Defendant Cosumnes River Colleges (hereinafter "Cosumnes River College") is a part of Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") and as such is an agent of Los Rios Community College District.

19. Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky") was a professor at Defendant Cosumnes River College (hereinafter "Cosumnes River College") during the Spring 2022 semester and as such acted as an agent of Cosumnes River College and Los Rios Community College District.

20. On or about August 2016, Plaintiff enrolled in Defendant's school district—and, on or about 2018, Plaintiff began courses in the Early Childhood Education Administration Program at the Los Rios Community College District. Plaintiff's intentions were to obtain several degrees as a double major in Early Childhood Education and Spanish.

21. The Early Childhood Education Administration program requires the successful completion of Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

22. While enrolled at Los Rios Community College District, Plaintiff maintained a cumulative grade point average of approximately 3.28.

23. At the conclusion of the Spring 2022 semester, Plaintiff would have graduated with the following degrees:

    a.  Associate degree for transfer in Early Childhood Education;

    b.  Associate degree in early childhood Education;

4

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

c.  Associate degree in early childhood education Teacher;

d.  Associate degree in child Development;

e.  Associate degree in child and Adolescent Development for Transfer;

f.  Associate degree for transfer in Spanish;

g.  Associate degree in early childhood education Administration;

h.  Associate degree in social Sciences;

i.  Associate degree in interdisciplinary arts and Humanities;

j.  Associate degree in interdisciplinary Math and Sciences, and;

k.  Associate degree in interdisciplinary social and behavioral Sciences.

24. After graduating, Plaintiff planned to attend California State University, San Bernardino and pursue a bachelor's degree, double majoring in Early Childhood Development in Spanish; and, later, a master's degree in both Early Childhood Education and Spanish.

25. Prior to the start of the Spring 2022 semester, Plaintiff had already received an offer from California State University, San Bernardino to attend in Fall of 2022.

26. Plaintiff attended Cosumnes River College, American River College, and Sacramento City College, all of which are a part of the Los Rios Community College District, online during the Spring 2022 semester.

27. During the Spring 2022 semester, Plaintiff was enrolled in two classes taught by Defendant Beloglovsky: Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

28. Plaintiff suffers from several disabilities that include autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis.

5

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

29. Beginning on or around January 2019, Plaintiff began receiving academic accommodations through Disability Support Programs and Services at Cosumnes River College.

30. The customary procedure for implementing academic accommodations for disabled students enrolled at Los Rios Community College District is as follows:

    a. At the beginning of the semester, a Letter of Accommodation is sent by Disability Support Programs and Services to the professors of every course the disabled student is enrolled in for the semester.

    b. The Letter of Accommodation outlines the accommodations that the student is required to receive and states that the professor and student must meet to determine how to implement the accommodations.

    c. At the beginning of the semester, the student and professor meet and determine how to implement the accommodations.

    d. For the remainder of the semester, the student is given accommodations.

31. Having been a beneficiary of disability accommodations as a student under the Los Rios Community College District for a span of two years, the Plaintiff adeptly navigated the aforementioned procedure for approximately six semesters, engaging with numerous professors, and seamlessly executing her prescribed accommodations without encountering any hindrances.

32. Around January 13, 2022, Plaintiff's counselor from the Disability Support Programs and Services promptly dispatched a Letter of Accommodation to Defendant Beloglovsky, thereby duly apprising the latter of Plaintiff's required accommodations.

33. The Letter of Accommodation mandated that Plaintiff be given the following academic adjustments:

    a. Alternate test location at DSPS

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

b. Extended time for tests and quizzes, including online courses (1.5x)

c. Distraction reduced test setting.

d. Preferential seating (i.e., front of the class)

e. Stand/move classroom periodically.

f. Bathroom access

g. Audio book

34. The Letter of Accommodation also provided: "The implementation of academic accommodations is a SHARED RESPONSIBILITY between the student, the professor, and the DSPS Office. Please discuss each approved accommodation and how it will be implemented so that it is appropriate to both the student's needs and the format of your course." (Emphasis in original).

35. On or about January 14, 2022, Plaintiff took the initiative to transmit an electronic copy of the Letter of Accommodation, pertaining to both courses, to Defendant Beloglovsky via email. Subsequently, Defendant Beloglovsky promptly acknowledged receipt of the aforementioned correspondence.

36. Both courses, under the tutelage of Defendant Beloglovsky, were conducted in an online format, characterized by a consistent structure. In both instructional settings, the absence of regular meeting times prevailed. Instead, students were entrusted with weekly assignments, wherein they would typically be tasked with engaging in relevant readings, followed by the completion of associated assignments or active participation in discussion board forums.

37. Plaintiff's disability accommodations were essential to Plaintiff's success in both courses. To complete the work for each course, Plaintiff required the assigned reading to be provided in a compatible format to be converted into an audiobook, which was not provided by Defendant

7

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

Beloglovsky, Cosumnes River College, or Los Rios Community College District. Additionally, under her mandated disability accommodations, Plaintiff was to be given extra time for all tests and quizzes. Plaintiff was not given extended time.

38. On or about January 19, 2022, Plaintiff sent a message to Defendant Beloglovsky to schedule a meeting to discuss Plaintiff's accommodations and to discuss Plaintiff's questions regarding the assignments for the enrolled courses.

39. The defendant, Beloglovsky, declined the plaintiff's request for a meeting until Office Hours on January 24, 2022, which was approximately a week after the semester had commenced and at a juncture when assignments were already due in both courses.

40. This delay in response effectively deprived the plaintiff of her disability accommodations for the initial assignments in each course. Additionally, it impeded the plaintiff's attempts to establish a strategic plan with the defendant, Beloglovsky, to accommodate her needs in future assignments.

41. Regardless of the plaintiff explicitly conveying her aspiration to succeed in her final semester and her intent to foster transparent communication with her professors, the defendant, Beloglovsky, consistently thwarted the plaintiff's endeavors. Moreover, Beloglovsky dismissed the plaintiff's inquiries regarding the course.

42. On January 24, 2022, the plaintiff engaged in a meeting with the defendant, Beloglovsky, during the designated Office Hours via a Zoom call. During this interaction, the plaintiff endeavored multiple times to discuss the vital incorporation of her legally mandated disability accommodations. However, Beloglovsky consistently refused to engage in discussions regarding these accommodations, exhibiting a dismissive attitude towards the plaintiff's concerns, and made it clear that her customary practice was not to offer necessary accommodations to students

8

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

requiring them, The defendant specifically expressed her unwillingness to adapt her class structure to meet the unique needs of individual students.

43. In addition to denying the implementation of the plaintiff's disability accommodations, Beloglovsky exhibited a stringent grading policy, deducting marks of the plaintiff and other students on inconsequential grounds. Over the years, the defendant has consistently received unfavorable reviews on the well-known website, "Rate My Professors," for precisely this inflexible grading approach.

44. Throughout the courses in which the plaintiff was enrolled, Beloglovsky recurrently failed to provide lucid assignment instructions, showed little responsiveness to the plaintiff's queries, and demonstrated an overall lack of support and respectful demeanor.

45. A detailed evaluation of Beloglovsky's ratings substantiates her longstanding pattern of overly rigorous grading, lack of responsiveness, ambiguity in instruction-giving, and an absence of student support.

46. On January 24, 2022, the plaintiff communicated via email and subsequent meeting with Emilie Mitchell, the Interim Dean of Social and Behavioral Sciences at Cosumnes River College, discussing Beloglovsky's refusal to implement her disability accommodations. Although initially, Mitchell expressed her willingness to support the plaintiff, she later reneged, suggesting that the plaintiff would need to escalate the issue to higher authorities for assistance.

47. On January 25, 2022, the plaintiff reached out to Jamil Malik, her counselor at Sacramento City College, to seek her disability accommodations. Regrettably, Malik chose to align with the defendant, Beloglovsky, instead of ensuring the plaintiff's lawful right to accommodations was upheld.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

48. On the same day, the plaintiff contacted Rachel Larsen, Administrative Assistant to the President of Cosumnes River College. During this interaction, Larsen guided the plaintiff to the appropriate point of contact: Robert Montañez, Vice President of Instruction and Student Learning at Cosumnes River College.

49. On January 25, 2022, the plaintiff reached out to Montañez via email, intending to resolve her ongoing difficulties with Beloglovsky and secure her accommodations. While Montañez recommended that the plaintiff lodge a formal complaint regarding Beloglovsky's conduct, he was unable to assist her in this process, instead referring her to Joann Ramirez, Interim Dean of Student Services at Enrollment Management at Cosumnes River College. Despite Montañez's assurance that Ramirez would initiate contact promptly, no such communication was received.

50. On January 26, 2022, the plaintiff contacted Ramirez to follow up on the lack of communication. Later that day, a meeting between the plaintiff and Ramirez took place via Zoom to discuss the grievances related to Beloglovsky. During this interaction, the plaintiff was assured that her pursuit of disability accommodations would be supported. Ramirez presented the plaintiff with a Student Grievance Form to be filled out, representing the appropriate remedy for complaints relating to professor misconduct.

51. On January 31, 2022, the plaintiff lodged a grievance against Beloglovsky as directed by Ramirez. The grievance, explicitly based on "professor behavior, actions, communications, and the eventual repercussions of her actions on [Plaintiff] which include (but are not limited to) [Plaintiff's] grades (in [Defendant Beloglovsky's] classes and others)... and [Plaintiff's] own further suffering from [her] disabilities." The grievance also requested an accurate assessment of her grades.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

52. However, only subsequent to the submission of her grievance was the plaintiff informed by Ramirez that the Student Grievance Form was primarily intended for grade-related disputes, and not for addressing issues related to professor behavior. Ramirez further elucidated that there was no established protocol for airing grievances related to professor behavior, inclusive of refusals to provide disability accommodations.

53. Throughout Plaintiff's discussions with the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was assured that she would be assisted, only to be later told that nothing could be done. The administration at Cosumnes River College refused to ensure that Plaintiff's disability accommodations were implemented by Defendant Beloglovsky. Plaintiff was repeatedly told that professors have final say, and that her only recourse was to drop the courses taught by Professor Beloglovsky, although these classes were required for Plaintiff to obtain her degree.

54. On or about February 10, 2022, Plaintiff's grievance was denied. The determination for Plaintiff's grievance wrongfully states that Plaintiff's grievance was "a general complaint regarding [the] perception of the quality of instruction methodology." The determination further stated that there was no resolution within the Educational Code, Cosumnes River College policy or regulations to be issued, although Plaintiff's grievance was based on Defendant Beloglovsky's refusal to implement accommodations mandated under the California Educational Code and Americans with Disabilities Act.

55. On or about February 17, 2022, Plaintiff met with Ed Bush, President at Cosumnes River College to discuss her grievances with Defendant Beloglovsky. Rather than offer tangible support by requiring Defendant Beloglovsky to implement Plaintiff's accommodations, Bush placed the responsibility on Plaintiff to reach out to Defendant Beloglovsky herself.

11

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

56. On or about February 20, 2022, Plaintiff met with Tadael Emiru, Associate Vice President of Student Services at Cosumnes River College. During the meeting, Plaintiff was again told that nothing could be done. Plaintiff requested "a mediated meeting, a meeting with President Bush, and even being able to simply complete work so [she] could graduate" and was told that these were against policy and impossible. Emiru stated that Plaintiff's grievance was unfounded. He further stated that the grievance was being dismissed and was unappealable.

57. On or about February 23, 20222, Plaintiff sent an email to Defendant Beloglovsky to determine a path forward regarding Plaintiff's grades. The only recourse student was given by Defendant Beloglovsky was to invoke a clause in the syllabus under which Plaintiff would receive a one-time pass in each course for one assignment to be turned in one week from the initial due date for full credit.

58. As a result of not being provided her disability accommodations and not receiving support from Defendant Beloglovsky or the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was unable to complete her assignments for the classes she was enrolled in during the Spring 2022 semester.

59. In addition to the courses taught by Defendant Beloglovsky, Plaintiff was also enrolled in the following courses during the Spring 2022 semester:

a. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College;

b. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College;

c. Intermediate Spanish (SPAN 412) at American River College, and;

d. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

60. Beyond Beloglovsky, the plaintiff also experienced discriminatory treatment from two other professors: Jeannette Mulhern and Ines Garcia-Adams.

61. In the Spring 2022 semester, the plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321), a course taught by Jeannette Mulhern. Despite earlier agreements between the plaintiff and Mulhern that the plaintiff would have the opportunity to make up assignments, Mulhern unexpectedly dropped the plaintiff from the course.

62. Concurrently, in the Spring 2022 semester, the plaintiff was a student in Intermediate Spanish (SPAN 412), a class taught by Ines Garcia-Adams. Contrary to supporting the plaintiff, Garcia-Adams demeaned her, accused her of dishonesty, shouted at her, and declined to offer assistance.

63. The plaintiff's endeavors to secure her accommodations proved excessively time-consuming and necessitated the plaintiff's repeated follow-ups with various administrators at Cosumnes River College and Los Rios Community College District. Despite spending significant time communicating with the administrators, the plaintiff's efforts were to no avail. The time invested in attempting to enforce her accommodations affected the plaintiff's studies, precipitating a domino effect that severely impacted her grades.

64. At the termination of the Spring 2022 semester, the plaintiff's grades were as follows:

    a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College – failed;

    b. Promoting Social Competence (ECE 322) at Cosumnes River College – failed;

    c. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College – failed;

    d. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College – withdrawn;

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

e. Intermediate Spanish (SPAN 412) at American River College – failed;

    f. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College – incomplete;

    g. Introduction to Business (BUS 300) at Cosumnes River College – failed.

65. Owing to the defendants' denial of the plaintiff's disability accommodations, the plaintiff was compelled to withdraw from her courses after forfeiting her financial aid.

66. The defendants' refusal to implement the plaintiff's disability accommodations during the Spring 2022 semester has completely upended the plaintiff's life. As a direct consequence, her acceptance to California State University, San Bernardino, in the fall of 2022, was rescinded due to her inability to graduate.

67. Furthermore, the plaintiff's academic and career progress has been stalled due to her inability to complete her degrees.

68. The defendants' actions have precipitated a severe deterioration in the plaintiff's mental health and exacerbated her pre-existing medical conditions. The stress associated with the challenging process of attempting to secure her disability accommodations, the lack of support from the defendants, and the negative implications on her grades caused the plaintiff significant emotional distress, including physical manifestations. As a result, the plaintiff's medical appointments, along with her associated medical expenses, increased markedly. The frequent appointments further impeded the plaintiff's ability to stay on top of her studies.

69. Therefore, the plaintiff requests a judgment against the defendants as delineated herein.

70. As Plaintiff's efforts to hold Defendant Beloglovsky accountable continued, Plaintiff's professors in her other courses sided with Defendant Beloglovsky and retaliated against her.

---

14

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

71. In addition to Defendant Beloglovsky, Plaintiff was also discriminated against by two other professors: Jeannette Mulhern and Ines Garcia-Adams.

72. During the Spring 2022 semester, Plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321) taught by Jeannette Mulhern. Mulhern dropped Plaintiff from the course unexpectedly despite previous agreements between Plaintiff and Mulhern for Plaintiff to make up assignments.

73. During the Spring 2022 semester, Plaintiff was enrolled in Intermediate Spanish (SPAN 412) taught by Ines Garcia-Adams. Instead of supporting Plaintiff, Garcia-Adams belittled her, accused her of lying, yelled at her, and refused to help her.

74. Plaintiff's efforts to obtain her accommodations were extremely time-consuming and required Plaintiff to repeatedly follow up with several administrators at Cosumnes River College and Los Rios Community College District. Plaintiff spent many hours communicating with administrators at Cosumnes River College and Los Rios Community College District, to no avail. This time spent in an effort to implement Plaintiff's accommodations interfered with Plaintiff's studies and caused a snowball effect, negatively impacting Plaintiff's grades tremendously.

75. At the conclusion of the Spring 2022 semester, Plaintiffs grades were as follows:

a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College – failed;

b. Promoting Social Competence (ECE 322) at Cosumnes River College – failed;

c. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College – failed;

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

d. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College – withdrawn;

e. Intermediate Spanish (SPAN 412) at American River College – failed;

f. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College – incomplete;

g. Introduction to Business (BUS 300) at Cosumnes River College – failed.

76. As a result of Defendants' refusal to implement Plaintiff's disability accommodations, Plaintiff was forced to drop out after losing her financial aid.

77. Defendants' denial of Plaintiff's disability accommodations during the Spring 2022 semester has completely derailed Plaintiff's life. Plaintiff acceptance to attend California State University, San Bernardino in the fall of 2022, was revoked due to not graduating.

78. Additionally, Plaintiff has been unable to complete her degrees, leaving her education and career at a standstill.

79. Defendants' actions led to a severe decline in Plaintiff's mental health and exacerbated

80. Plaintiff's existing medical conditions. The stress of jumping through hoops to attempt to get her disability accommodations, not being supported at all by Defendants, and the impact on Plaintiff's grades caused Plaintiff to suffer severe emotional distress, including physical manifestations. As a result, Plaintiff's medical appointments increased substantially along with her medical expenses. These nearly daily appointments made it even more difficult for Plaintiff to stay on top of her studies.

81. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

///

///

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

## IV. CAUSES OF ACTION

### A. Plaintiff's First Cause of Action Against All Defendants – Violation of California Government Code Section 11135

82. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

83. California Government Code Section 11135 subsection (a) provides "No person in the State of California shall, on the basis of sex, race, color, religion, ancestry, national origin, ethnic group identification, age, mental disability, physical disability, medical condition, genetic information, marital status, or sexual orientation, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state."

84. Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") is an educational institution that receives funding from the State of California.

85. Defendant Cosumnes River College (hereinafter "Cosumnes River College") is an educational institution that is a part of the Los Rios Community College District, and as such is the agent of Los Rios Community College District and receives funding from the State of California.

86. As entities that receive funding from the State of California, Los Rios Community College District and Cosumnes River College are in violation of California Government Code Section 11135 for denying Plaintiff Lacey Amaral (hereinafter "Plaintiff") equal access to the educational benefits provided by these institutions.

87. Academic accommodations are intended to level the playing field for disabled students to allow them the same opportunity to succeed academically as their counterparts.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

88. By supporting Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky")'s refusal to implement Plaintiff's academic accommodations and failing to provide Plaintiff with any recourse, Plaintiff was not given the same opportunities to succeed academically as her peers.

89. Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**B. Plaintiff's Second Cause of Action Against All Defendants -- Violation of the Americans with Disabilities Act Section 12182**

90. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

91. The Americans with Disabilities Act applies to individuals with "a physical or mental impairment that substantially limits one or more major life activities of such individual".

92. Further, Section 12102(2)(A) of the Americans with Disabilities Act defines "major life activities" to include "learning, reading, concentrating, thinking, communicating and working".

93. Under 12182 of the Americans with Disabilities Act, Title III of the Americans with Disabilities applies to "undergraduate, or postgraduate private school[s], [and] other place[s] of education".

94. Defendants Cosumnes River College and Los Rios Community College District (hereinafter "Cosumnes River College" and "Los Rios Community College District", respectively) operate undergraduate private schools and are subject to Title III of the Americans with Disabilities Act.

95. Plaintiff Lacey Amaral (hereinafter "Plaintiff") suffers from various disabilities including autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis.

96. Plaintiff's disabilities significantly impact Plaintiff's ability to learn, read, concentrate, think, communicate, and work.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

97. For these reasons, Plaintiff was provided the following accommodations by Cosumnes River College's Disability Support Programs and Services:

    a.  Alternate test location at DSPS

    b.  Extended time for tests and quizzes, including online courses (1.5x)

    c.  Distraction reduced test setting.

    d.  Preferential seating (i.e., front of the class)

    e.  Stand/move classroom periodically.

    f.  Bathroom access

    g.  Audiobook

98. The Americans with Disabilities Act Section 12182 provides "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

99. Section 12182 further provides that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

100.    Plaintiff is a disabled person who was enrolled in several courses at Los Rios Community College District.

101.    By failing and refusing to implement Plaintiff's academic accommodations, which Plaintiff was entitled to receive based on her disabilities, Defendants discriminated on Plaintiff on the basis of her disabilities.

---

19

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

102.    While Plaintiff was not denied access to the courses she was enrolled in, she was effectively set up to fail from the beginning of the semester when Defendant Beloglovsky refused to implement her accommodations.

103.    From thereafter, Plaintiff was denied the opportunity to participate in her courses and effectively complete her work in the same way as her peers because she was not provided the accommodations, she required in order to do so.

104.    Plaintiff never received audiobooks for her courses taught by Defendant Beloglovsky, nor was she given extended time on any of her tests in Defendant Beloglovsky's classes, because Defendant Beloglovsky flat-out refused to speak to Plaintiff about implementing her accommodations and encouraged her not to use them against her wishes.

105.    Plaintiff spent months attempting to get support from Cosumnes River College and later Los Rios Community College District so that her accommodations could be implemented, to no avail.

106.    Defendants' conduct made it impossible for Plaintiff to succeed in Defendant Beloglovsky's classes, in which student success was based entirely on student comprehension of the reading assignments.

107.    When Plaintiff's grades fell behind in her classes due to her accommodations not being implemented, she was not given reasonable opportunities and support to make up her work by Defendants.

108.    Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**C. Plaintiff's Third Cause of Action Against All Defendants – Breach of Contract**

109.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

110.     Plaintiff Lacey Amaral (hereinafter "Plaintiff") entered into a contractual agreement with Defendants Cosumnes River College and Los Rios Community College District (hereinafter "Cosumnes River College" and "Los Rios Community College District", respectively) for the purposes of obtaining numerous associate degrees in early childhood education, Spanish, social studies, and interdisciplinary studies.

111.     Plaintiff entered into this agreement in reliance of promises made by Cosumnes River College and Los Rios Community College District that Plaintiff would be provided the following academic accommodations in all her courses:

    a.  Alternate test location at DSPS

    b.  Extended time for tests and quizzes, including online courses (1.5x)

    c.  Distraction reduced test setting.

    d.  Preferential seating (i.e. front of the class)

    e.  Stand/move classroom periodically.

    f.  Bathroom access

    g.  Audio book

112.     In every contract in California, there is an implied covenant of good faith and fair dealing, which requires parties to a contract to act in good faith and not to do anything to unfairly interfere with the other party's right to receive the benefits of the contract. See Cal. Civ. Code § 3300 et seq.

113.     Defendants breached the covenant of good faith and fair dealing by not implementing Plaintiff's accommodations in Defendant Beloglovsky's courses as promised and as required by law.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

114.     Not only did Defendant Beloglovsky herself refuse to implement Plaintiff's academic accommodations in her classes, Cosumnes River College and Los Rios Community College District affirmed Defendant Beloglovsky's conduct, repeatedly telling Plaintiff that "nothing could be done" and prioritizing the professor over Plaintiff and other disabled students.

115.     Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**D. Plaintiff's Fourth Cause of Action Against All Defendants – Intentional Infliction of Emotional Distress**

116.     Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

117.     Intentional infliction of emotional distress requires: 1) that the defendant's conduct was outrageous; 2) that the defendant intended to cause the plaintiff emotional distress or that the defendant acted with reckless disregard of the probability that the plaintiff would suffer emotional distress, knowing that the plaintiff was present when the conduct occurred; 3) that the plaintiff suffered severe emotional distress; and 4) that the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress.

118.     It is extreme and outrageous for an educational institution, especially one as well-established as Los Rios Community College District, to fail to implement a disabled student's academic accommodations.

119.     Accommodations are intended to support disabled students and foster their academic success. Defendants made empty promises that Plaintiff would be given accommodations and then refused to help her when these accommodations were denied, acting as if nothing could be done. A simple email to Defendant Beloglovsky or a meeting demanding that she implement Plaintiff's disability accommodations would have immediately remedied the issue.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

120.    Instead, Cosumnes River College and Los Rios Community College District allowed the situation to fester, and Plaintiff's grades in all of her courses suffered tremendously as a result.

121.    Plaintiff's continued efforts to obtain her accommodations, which were not her sole responsibility, caused her great stress, increasing her medical appointments and distracting her from her studies.

122.    Furthermore, without the needed accommodations, Plaintiff was unable to succeed in Defendant Beloglovsky's courses, which also caused her to suffer severe emotional distress as her grades suffered significantly.

123.    Defendants' actions culminated in Plaintiff being forced to drop out of her final semester before obtaining her degrees.

124.    Additionally, Plaintiff's full-ride scholarship to California State University, San Bernardino in the fall of 2022 was rescinded.

125.    In consequence, Plaintiff's education and career are currently at a standstill and she continues to suffer severe emotional distress as a result of Defendant's conduct.

126.    Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**E.  Plaintiff's Fifth Cause of Action Against All Defendants – Negligence**

127.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

128.    Negligence requires 1) that the defendant was negligent; 2) that the plaintiff was harmed; and 3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm.

129.    Defendants were negligent in failing to implement Plaintiff's accommodations that were mandated and outlined in the Letter of Accommodation from Cosumnes River College's Disability Support Programs and Services.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

130.    After receiving the Letter of Accommodation from both Plaintiff Lacey Amaral (hereinafter "Plaintiff") and Disability Support Programs and Services, Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky") failed to implement these accommodations in her courses. Plaintiff never received a compatible version of the textbooks to convert them into audiobooks and she was never given extended time for tests and quizzes in Defendant Beloglovsky's classes.

131.    During the many conversations between Plaintiff and the administration at Cosumnes River College, the administration failed to ensure that Plaintiff was receiving her accommodations.

132.    As a result of Defendants' conduct, Plaintiff suffered a severe reduction in her grades, which caused her to lose her financial aid, drop out, and not obtain her degree.

133.    Further, Plaintiff's full-ride scholarship with California State University, San Bernardino was rescinded.

134.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

F.  **Plaintiff's Fifth Cause of Action Against All Defendants – Gross Negligence**

135.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

136.    Defendants demonstrated gross negligence through their actions and failures in implementing Plaintiff's disability accommodations. This includes but is not limited to the following actions and failures:

a.  Failure to incorporate disability accommodations: Despite Plaintiff's documented disabilities and the issuance of a Letter of Accommodation, Defendants failed to

24

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

implement the required accommodations outlined in the letter. This failure shows a reckless disregard for Plaintiff's rights and well-being.

b.   Refusal to meet and discuss accommodations: Defendant Beloglovsky refused to meet with Plaintiff to discuss the implementation of disability accommodations until well into the semester, after assignments were already due. This refusal to engage in timely discussions demonstrates a reckless disregard for Plaintiff's needs and shows a lack of care and attention.

c.   Denial and dismissal of accommodations: During the meeting with Defendant Beloglovsky, Plaintiff's requests for accommodations were outright denied and dismissed. Defendant Beloglovsky stated that she typically does not give accommodations to students and refused to structure her class to meet Plaintiff's needs. This refusal, despite Plaintiff's documented disabilities, highlights a reckless disregard for Plaintiff's rights and a failure to exercise reasonable care.

d.   Strict and unjust grading practices: Defendant Beloglovsky engaged in unnecessarily strict grading practices, marking down Plaintiff and other students for frivolous reasons. This demonstrates a lack of reasonable skill and care in evaluating Plaintiff's work and shows a reckless disregard for fair grading practices.

e.   Inadequate response from the administration: The administration, including Emilie Mitchell, Ed Bush, and Tadael Emiru, failed to take appropriate action to ensure the implementation of Plaintiff's disability accommodations. Despite Plaintiff's efforts to seek assistance, they repeatedly told Plaintiff that nothing could be done and failed to address the gross negligence exhibited by Defendant Beloglovsky.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

137. Defendants' gross negligence has a severe impact on Plaintiff's education and well-being. Plaintiff was unable to complete assignments due to the actions and inactions of Defendants, resulting in failing grades and the loss of financial aid. Additionally, Plaintiff's acceptance to attend California State University, San Bernardino, was revoked due to not graduating. This demonstrates the significant harm caused by the defendants' reckless actions.

138. Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**G. Plaintiff's Sixth Cause of Action Against All Defendants – Violation of California Civil Code § 51 et seq.**

139. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

140. Defendants violated California Civil Code § 51 et seq., also known as the Unruh Civil Rights Act.

141. California Civil Code § 51(b) prohibits discrimination on the basis of disability in the full and equal access to educational services. Plaintiff, who suffers from several documented disabilities, including autism, depression, anxiety, and others, sought reasonable accommodations as mandated by the California Educational Code and the Americans with Disabilities Act. However, Defendants, including Defendant Beloglovsky and the administration at Cosumnes River College, repeatedly refused to implement Plaintiff's disability accommodations, denying her full and equal access to educational services. This failure to provide reasonable accommodations constitutes discrimination based on disability under the Unruh Civil Rights Act.

142. Additionally, under this code, institutions are required to make reasonable academic adjustments to accommodate students with disabilities. Plaintiff submitted a Letter of

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

Accommodation to Defendant Beloglovsky, clearly outlining the necessary academic adjustments, such as extended time for tests and quizzes, preferential seating, and access to audiobooks. However, Defendant Beloglovsky and the administration at Cosumnes River College neglected their obligation to provide these reasonable academic adjustments. Their refusal to implement Plaintiff's disability accommodations directly contravened the requirements of the Unruh Civil Rights Act.

143.    California Civil Code § 51.7 also prohibits retaliation or harassment against individuals based on their disability or medical condition. Despite Plaintiff's persistent efforts to assert her rights and seek assistance, she faced mistreatment, belittlement, and harassment from Defendant Beloglovsky and other professors. Defendant Beloglovsky's refusal to discuss Plaintiff's disability accommodations, her strict grading practices, and her dismissal of Plaintiff's questions and concerns constituted retaliatory and harassing conduct. This behavior created a hostile educational environment for Plaintiff, further violating the Unruh Civil Rights Act.

144.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**H. Plaintiff's Seventh Cause of Action Against All Defendants – Violation of 42 U.S.C. § 12182 et seq.**

145.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

146.    Title III of the ADA (42 U.S.C. § 12182) prohibits discrimination on the basis of disability in places of public accommodation, which includes educational institutions like Cosumnes River College and Los Rios Community College District.

147.    Plaintiff, who has disclosed disabilities, sought reasonable accommodations in accordance with their rights under the ADA.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

148.    Defendants, including Cosumnes River College, Los Rios Community College District, and Professor Beloglovsky, as agents of the educational institutions, had a legal obligation to provide reasonable accommodations to Plaintiff.

149.    Plaintiff provided a Letter of Accommodation to Defendant Beloglovsky and notified her of the mandatory accommodations required for their disabilities.

150.    Despite receiving notice and confirmation of receipt, Defendant Beloglovsky failed to implement Plaintiff's disability accommodations, including extended time for tests and quizzes, distraction-reduced test setting, preferential seating, and access to audio books.

151.    Defendant Beloglovsky demonstrated a refusal to meet with Plaintiff to discuss the accommodations, dismissed Plaintiff's questions, and explicitly stated that she typically does not give accommodations to students who require them.

152.    Defendants failed to intervene and ensure the implementation of Plaintiff's disability accommodations, despite Plaintiff's efforts to seek assistance from administrators.

153.    Defendants' actions, such as refusing to implement accommodations, being unresponsive, providing unclear instructions, and engaging in strict grading practices, resulted in Plaintiff being denied equal access to education and an inclusive learning environment.

154.    The denial of reasonable accommodations interfered with Plaintiff's ability to complete assignments, resulted in failing grades, loss of financial aid, and the inability to progress in their educational pursuits.

155.    Defendants' failure to provide reasonable accommodations and their dismissive and unsupportive conduct may constitute discrimination based on disability, in violation of the ADA's Title III.

156.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

**I.  Plaintiff's Eight Cause of Action Against All Defendants – Promissory Estoppel**

157.       Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

158.       Defendants made a clear and unambiguous promise or representation through their, that Plaintiff would receive the necessary accommodations to successfully complete her courses. Plaintiff relied on this promise and enrolled in the program, maintained her grade point average, and planned her academic progression accordingly. However, Defendants failed to fulfill their promise by refusing to implement the accommodations, delaying meetings, and dismissing the plaintiff's concerns. As a result, Plaintiff suffered significant harm, including failing grades, loss of financial aid, and disrupted educational and career plans.

159.       Defendants should have been estopped from denying Plaintiff the accommodations she relied upon, as it was unfair and unjust for them to go back on their promise after Plaintiff detrimentally relied on it. The doctrine of promissory estoppel seeks to prevent injustice by enforcing promises made under circumstances where one party reasonably relied on the promise to their detriment.

160.       Defendants' actions, promises, and subsequent failure to fulfill those promises led to detrimental reliance and harm. Plaintiff's expectation of receiving accommodations based on past practices and the mandated disability accommodations created a legitimate expectation that the defendants would follow through with their promise. Plaintiff suffered significant negative consequences due to Defendants' refusal to implement the accommodations and their dismissive behavior.

161.       Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

**J.  Plaintiff's Ninth Cause of Action Against All Defendants – Negligent Infliction of**

**Emotional Distress**

162.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

163.    Defendants have contributed and caused Plaintiff's distress through their negligent actions and omissions.

164.    Defendants neglected their duty to provide Plaintiff with the necessary disability accommodations mandated by the California Educational Code and Americans with Disabilities Act.

165.    Defendant Belogiovsky not only ignored the plaintiff's attempts to discuss the implementation of her disability accommodations but also explicitly stated that she typically does not provide accommodations to students who require them to teach them to be more independent. This refusal to engage in a meaningful discussion or consider Plaintiff's needs demonstrates a negligent disregard for the plaintiff's rights and well-being.

166.    Despite being informed of Plaintiff's disabilities and receiving a Letter of Accommodation, Defendants failed to fulfill their obligation to ensure Plaintiff's equal access to education.

167.    Defendants' negligent actions, along with the prolonged process of seeking accommodations, caused a severe decline in Plaintiff's mental health. The additional stress, frustration, and emotional turmoil resulting from Defendants' behavior exacerbated Plaintiff's existing medical conditions. This negligent infliction of emotional distress worsened the Plaintiff's overall well-being and necessitated an increase in medical appointments and associated expenses.

30

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

168.    Defendants' negligent conduct, which includes the failure to implement disability accommodations, refusal to engage in discussions, unreasonable grading practices, inadequate response to grievances, and the resulting harm to Plaintiff's academic and personal life, support the claim of negligent infliction of emotional distress.

169.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

K. Plaintiff's Tenth Cause of Action Against All Defendants – Negligent Hiring and Retention

170.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

171.    Defendants, Cosumnes River Colleges and Los Rios Community College District should be held liable for Negligent Hiring and Retention due to their actions in employing and retaining Defendant Miriam Beloglovsky as a professor. Defendants, as the employers, have a duty to exercise reasonable care in selecting and retaining employees who will not pose a risk or harm to others. However, they failed to fulfill this duty.

172.    Defendant Beloglovsky, as an agent of Cosumnes River College and Los Rios Community College District, engaged in a series of actions that negatively impacted Plaintiff's educational experience and violated her rights under the California Educational Code and Americans with Disabilities Act.

173.    Despite being provided with a Letter of Accommodation from Disability Support Programs and Services, Defendant Beloglovsky refused to discuss and implement Plaintiff's mandated accommodations, which were crucial for Plaintiff's success in the courses.

174.    Defendant Beloglovsky's poor ratings on "Rate My Professors" indicate a history of similar issues, including strict grading, unresponsiveness, and lack of support. This suggests that Defendants should have been aware of her potential to harm students' educational experiences.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

175.     As a result of Defendants' negligent hiring and retention, Plaintiff suffered severe emotional distress, physical manifestations of her disabilities, financial losses due to losing her financial aid, and the inability to complete her degrees and pursue further education at California State University, San Bernardino.

176.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

V. Prayer for Relief

Wherefore, Plaintiff prays for requests that the Court grant the following relief:

a. Compensatory damages in the amount of $3,500,000;

b. Statutory Damages in the amount to be determined according to proof;

c. Punitive damages as determined by the trier of fact;

d. Reasonable Attorney's Fees;

e. The costs of the suit incurred herein;

f. Pre-judgment interest, and;

g. Any and all other relief that the Court determines to be Just and Proper.

VI. Jury Demand Requested

Plaintiff respectfully requests a jury to decide on all causes of action.

DATED: August 14, 2023

JAMES L. ARRASMITH

Attorney for Plaintiff Lacey Amaral

32

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

1   James L. Arrasmith, SBN # 332498
    **The Law Office of James L. Arrasmith**
2   9719 Lincoln Village Drive #507
    Sacramento, California 95827
3   Phone: (916) 704-3009
    Email: jarrasmith@pm.me
4   *Attorney for Lacey Amaral*

Filed
Superior Court of Calif...
Sacramento
08/22/2023
voltenos
By _____ , Deput...
23CV007275

5

6                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                              COUNTY OF SACRAMENTO

8

9   LACEY AMARAL,                        )   Case No.:
                                         )
10              Plaintiff,               )
                                         )
11                                       )   PLAINTIFF LACEY AMARAL'S
                                         )   EXHIBIT LIST
12          v.                           )
                                         )   SET ONE
13  MIRIAM BELOGLOVSKY, CONSUMNES        )
    RIVER COLLEGE, LOS RIOS             )
14  COMMUNITY COLLEGE DISTRICT and       )
    DOES 1-50, Defendants.               )
15                                       )
                                         )
16                                       )
                                         )
17                                       )

BY FAX

18
19  EXHIBIT ONE,
20      Tort Claims ...................................................................... 02
21  EXHIBIT TWO,
22      Folsom Lake College Rejection Notice ............................................. 21
23  EXHIBIT THREE,
        County of Folsom Rejection Notice ............................................. 51
24
25
26
27
28

_____

            PLAINTIFF LACEY AMARAL'S EXHIBIT LIST, SET ONE                    1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

## TORT CLAIMS

## CLAIM AGAINST THE CITY OF FOLSOM
### GOVERNMENT CODE SECTION 810-996.6
#### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** ▮▮▮▮▮▮▮▮▮▮

**Driver's License Number:** Y4236541

**Social Security Number:** ▮▮▮▮▮▮▮

**Name of where claim is to be sent:** City of Folsom

**Phone Number of where claim is to be sent:** 916.461.6000

**Address of where claim is to be sent:** 50 Natomas Street, Folsom, CA 95630

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had this not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

3

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled, leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

Name(s) of employee(s) or name of department causing damage or injury: Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramirez, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326

3.  Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4.  Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.  Vistasol Dental, Noushin Adhami -- 323.346.0555

6.  Gynecology, Dr. Patrick Maloney -- 626.962.9884

7.  Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.  Cardiology, Dr. Prakash Patel - 626.332.1815

9.  Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM = $3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_____    Date: __Jan 24, 2023__

Claimant Signature: _____    Date: __Jan 24, 2023__

# CLAIM AGAINST SACRAMENTO CITY COLLEGE
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** █████████████
**Driver's License Number:** Y4236541
**Social Security Number:** █████████████

**Name of where claim is to be sent:** Sacramento City College
**Phone Number of where claim is to be sent:** 916.558.2111
**Address of where claim is to be sent:** 3835 Freeport Blvd, Sacramento 95822

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

6

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**

1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.   Citrus Valley Gastroenterology, Dr. Patrick Truong  - 626.960.2326

3.   Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4.   Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.   Vistasol Dental, Noushin Adhami -- 323.346.0555

6.   Gynecology, Dr. Patrick Maloney -- 626.962.9884

7.   Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.   Cardiology, Dr. Prakash Patel -- 626.332.1815

9.   Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016

**Is this a Limited Civil Case?** NO

AM  ONT OF CLAIM = $3,500,000

**Dollar Amount Explanation:**

**Medical and Health Damages:** $100,000

**Educational Damages:** $20,000

**Income Damages:** $3,000,000

**Other:** $80,000

**All notices and/ or communications should be sent to:**

**Name:** James L. Arrasmith, The Law Offices of James L. Arrasmith

**Address:** 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

**Phone Number:** 916.704.3009

**Relationship to Claimant:** Attorney

**Signature:** *James Arrasmith*           **Date:** Jan 24, 2023

**Claimant Signature:** _____           **Date:** Jan 24, 2023

# CLAIM AGAINST FOLSOM LAKE COMMUNITY COLLEGE
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ██████████
**Driver's License Number:** Y4236541
**Social Security Number:** ██████████

**Name of where claim is to be sent:** Folsom Lake Community College
**Phone Number of where claim is to be sent:** 916.608.6500
**Address of where claim is to be sent:** 10 College Parkway, Folsom CA 95630

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

**9**

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**

1.  Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.   Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326

3.   Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475

4.   Vistasol Medical, Dr. Afshin Adhami – 323.346.0555

5.   Vistasol Dental, Noushin Adhami – 323.346.0555

6.   Gynecology, Dr. Patrick Maloney   626.962.9884

7.   Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8.   Cardiology, Dr. Prakash Patel – 626.332.1815

9.   Cardiology, Dr. Tony Nguyen – 323.268.2200

10.  Sunny Hills Behavioral Health, Dr. Gudaptai – 714.773.4111

11.  Gastroenterologist, Dr. Amit Raina – 626.960.3016


Is this a Limited Civil Case? NO

AMOUNT OF CLAIM – $3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000


All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009


Relationship to Claimant: Attorney

Signature: _James Arrasmith_                  Date: Jan 24, 2023


Claimant Signature: _____            Date: Jan 24, 2023

11

# CLAIM AGAINST AMERICAN RIVER COLLEGE
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received: January 19, 2023**

**Name of Claimant: Lacey Rose Amaral**

**Address of Claimant: 6909 Sailboat Way, Sacramento, CA 95831**

**Phone Number: 707.350.2868**

**Birthdate:** ██████████

**Driver's License Number: Y4236541**

**Social Security Number:** ████████

**Name of where claim is to be sent: American River College**

**Phone Number of where claim is to be sent: 916.484.8011**

**Address of where claim is to be sent: 4700 College Oak Drive, Sacramento, CA 95841**

**Date of Damage(s): Jan 18th, 2022 – Present**

**Place of Damage(s): Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District**

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.  Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326

3.  Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475

4.  Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.  Vistasol Dental, Noushin Adhami -- 323.346.0555

6.  Gynecology, Dr. Patrick Maloney – 626.962.9884

7.  Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.  Cardiology, Dr. Prakash Patel -- 626.332.1815

9.  Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina – 626.960.3016


Is this a Limited Civil Case? NO

AMOUNT OF CLAIM – $3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000


All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009


Relationship to Claimant: Attorney

Signature: *James Arrasmith*                    Date: Jan 24, 2023


Claimant Signature:                             Date: Jan 24, 2023


14

# CLAIM AGAINST CONSUMNES RIVER COLLEGE
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received: January 19, 2023**

**Name of Claimant: Lacey Rose Amaral**

**Address of Claimant: 6909 Sailboat Way, Sacramento, CA 95831**

**Phone Number: 707.350.2868**

**Birthdate:** ██████████████

**Driver's License Number: Y4236541**

**Social Security Number:** ████████

**Name of where claim is to be sent: Consumnes River College**

**Phone Number of where claim is to be sent: 916.691.7344**

**Address of where claim is to be sent: 8401 Center Parkway, Sacramento, CA 95823**

**Date of Damage(s): Jan 18th, 2022 – Present**

**Place of Damage(s): Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District**

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled, leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2. Citrus Valley Gastroenterology, Dr. Patrick Truong - 626.960.2326

3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4. Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5. Vistasol Dental, Noushin Adhami -- 323.346.0555

6. Gynecology, Dr. Patrick Maloney -- 626.962.9884

7. Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8. Cardiology, Dr. Prakash Patel -- 626.332.1815

9. Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai  - 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM - $3,500.000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_                    Date: Jan 24, 2023


Claimant Signature: _____                 Date: Jan 24, 2023

17

# CLAIM AGAINST LOSRIO SCOMENITY COLLEGESTRICT
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** ███████

**Driver's License Number:** Y4236541

**Social Security Number:** ███████

**Name of where claim is to be sent:** Los Rios Community College District

**Phone Number of where claim is to be sent:**

**Address of where claim is to be sent:**

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramirez, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.  Citrus Valley Gastroenterology, Dr. Patrick Truong -- 626.960.2326

3.  Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4.  Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.  Vistasol Dental, Noushin Adhami -- 323.346.0555

6.  Gynecology, Dr. Patrick Maloney -- 626.962.9884

7.  Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.  Cardiology, Dr. Prakash Patel -- 626.332.1815

9.  Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016


Is this a Limited Civil Case? NO

AMOUNT OF CLAIM - $3,500,000


**Dollar Amount Explanation:**

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000


All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009


Relationship to Claimant: Attorney

Signature: _James Arrasmith_                    Date: Jan 24, 2023


Claimant Signature: _____                  Date: Jan 24, 2023

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

## FOLSOM LAKE COLLEGE REJECTON NOTICE

# *Keenan*

1111 Broadway, Suite 2000
Oakland, CA 94607

(800)344-8507
(510)986-6756 fax
www.keenan.com
CA License #0451271

March 10, 2023

Lacey Amaral
6909 Sailboat Way
Sacramento CA  95831-2511

**RE:**   **Lacey Amaral vs. Los Rios CCD – Folsom Lake College**
        Keenan File No: 618908
        Date of Loss:  01/18/2022

Dear Ms. Amaral:

Keenan & Associates is the claims administrator for Los Rios CCD – Folsom Lake College. Notice is hereby given that the claim you presented to Los Rios CCD – Folsom Lake College on 1/25/2023 was rejected on 3/10/2023 by operation of law.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in the State of California on this claim.  See Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Sincerely,

*Sarah Bateman*

Sarah Bateman
Claims Examiner
sbateman@keenan.com
Property & Liability Claims Administration

22

## PROOF OF SERVICE BY MAIL

### STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. My business address is 1111 Broadway, Suite 2000, Oakland, CA 94607.

On March 10, 2023, I served the foregoing document(s) described as: Operation of Law Rejection, in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Lacey Rose Amaral
6909 Sailboat Way
Sacramento, CA 95831

With postage thereon fully prepaid for collection and mailing at Oakland, California.

I am readily familiar with the regular mail collection and processing practices of the business, that the mail would be deposited with the United States Postal Service that same day in the ordinary course of business, and that the envelope was sealed and deposited for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2023 in Alameda County, California.

_Sarah Bateman_
Sarah Bateman

23

## CLAIM AGAINST THE CITY OF RANCHO CORDOVA
### (For damages to persons or personal property)

Date Received: 12.27.2022

Claims must be filed with the City of Rancho Cordova **within six months** after which the incident or event occurred.

Completed claims must be mailed or delivered to:

City Clerk
City of Rancho Cordova
2729 Prospect Park Drive
Rancho Cordova, CA 95670

The undersigned respectfully submits the following claim and information relative to damage to persons and/or property:

NAME OF CLAIMANT: Lacey R. Amaral

ADDRESS OF CLAIMANT: 6909 Sailboat Way    Sacramento        CA        95831
Street                City                State        Zip Code

PHONE NO. Home: 707-350-2868    Business:    N/A    Date of Birth: ███████

SOCIAL SECURITY NO.: ███████    DRIVER'S LICENSE NO.: Y4236541

Name, telephone number and mailing address to which claimant
desires notices to be sent if other than above:

Occurrence or event from which the claim arises:

DATE: Jan 18 – Present    TIME: _____    PLACE (exact and specific location):

How and under what circumstances did damage or injury occur? Describe the particular occurrence, event, act, or omission you claim caused the damage or injury. (use additional paper if necessary):

## See attachment.

P:\City Clerk\Claims\Claim Forms\Claim Form.doc

24

If there were no injuries, state "no injuries"  See attachment.

Give the name(s) of the City employee(s) or name of department causing the damage or injury:
See attachment.

Damages claimed:

Damages incurred to date: (itemized):

   See attachment.                       $ See attachment

Estimated prospective damages as far as known

   See attachment.                       $ See attachment

                                          $ $3,500,000

Name and addresses of all witnesses, hospitals, doctors, etc

a.   See attachment.

b.

c.

d.

Any additional information that might be helpful in considering claim  See attachment.

**WARNING: IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM.** (Penal code 72; Insurance code 556.1)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true.  I certify under penalty of perjury that the foregoing is TRUE and CORRECT.

Signed this 27         day of December , 20 22    at 12PM

                         SIGNATURE:

P:City Clerk\Claims\Claim Forms\Claim Form.doc

Final Audit Report                                    2022-12-27

| Created | 2022-12-27 |
| By | James Arrasmith (arrasmith.james@gmail.com) |
| Status | Signed |
| Transaction ID | CBJCHBCAABAAxxxxxxxxxxxxxx-xxxxxxxqDtkbAFtb05 |

## "Rancho Cordova" History

Document created by James Arrasmith (arrasmith.james@gmail.com)
2022-12-27 - 7:46:07 PM GMT- IP address: 73.162.241.277

Document emailed to lacey_amaral@sbcglobal.net for signature
2022-12-27 - 7:47:37 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2022-12-27 - 8:07:77 PM GMT- IP address: 99.147.53.72

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2022-12-27 - 8:08:11 PM GMT- IP address: 99.200.194.16

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signature Date: 2022-12-27 - 8:08:58 PM GMT - Time Source: server- IP address: 99.200.194

Agreement completed.
2022-12-27 - 8:08:58 PM GMT

Adobe Acrobat Sign

# TORT CLAIM ATTACHMENT
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ███████████
**Driver's License Number:** Y4236541
**Social Security Number:** ██████████

**Date of Damage(s):** Jan 18th, 2022 -- Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

27

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury: Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.**

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**

1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami – 323.346.0555
5. Vistasol Dental, Noushin Adhami – 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8. Cardiology, Dr. Prakash Patel - 626.332.1815
9. Cardiology, Dr. Tony Nguyen - 323.268.2260
10. Sunny Hills Behavioral Health, Dr. Gudaptai - 714.773.4111
11. Gastroenterologist, Dr. Amit Raina - 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM

$3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/or communications should be sent to:

Name: The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _____          Date: Jan 24, 2023


Claimant Signature: _____          Date: Jan 24, 2023

29

County Executive
Navdeep S. Gill



Board of Supervisors
Phil Serna, District 1
Patrick Kennedy, District 2
Susan Peters, District 3
Sue Frost, District 4
Don Nottoli, District 5

# Filing a Claim Against
# County of Sacramento

Claims MUST be filed at the following location:

County of Sacramento
Clerk, Board of Supervisors
700 H Street, Rm. 2450
Sacramento, CA  95814

Questions regarding the claims process should be referred to:

County of Sacramento
Risk Management Office
(916) 876-5251

You must file your claim form, by mail or in person, with the Clerk of the Board of Supervisors, 700 H Street, Rm 2450, Sacramento CA 95814, within the time limits prescribed by Government Code section 911.2, which states: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than six months after the accrual of the cause of action.  A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action."

The claim shall be signed by you or by some person on your behalf, and shall include all of the information required by Government Code section 910.

Risk Management Office, P.O. Box 276130, Sacramento, CA 95827  Telephone (916) 876 - 5251  Fax (916) 875 - 5456
www.saccounty.net

Rev. 1/17

County of Sacramento's Insurance Program

The County of Sacramento is a self-insured public entity, which operates its claims program in accordance with regulations that are set forth in the Government Code of the State of California. With self insurance, a business pays for its losses with its own resources. Since the County is a self-insured public entity, *you are strongly urged to read all instructions and make yourself aware of the rules and regulations that apply to filing a claim against a public entity.* If you do not comply with the filing requirements, your claim may be returned as insufficient (Government Code section 910.8)

Are you filing a late claim?

Government Code Section 911.2 states: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action.

If you are filing your tort claim after the six-month filing period, you must explain to the County your reasons(s) for the delay. This is called an "Application for Leave to Present a Late Claim" (see Govt. Code section 911.4). There is no application form, therefore your application should be in the form of a letter with the proposed claim attached. The County shall consider the application in accordance with Government Code section 911.6, which lists legally acceptable reasons for filing a late claim. The County shall decide whether the application will be accepted. The County will consider the merits of the actual claim <u>only</u> if the "Application for Leave to Present a Late Claim" has been accepted.

Completing the Claim Form

1. **Claimant Name** Full name of the person claiming injury or damage.

2. **Date of Birth** Date claimant was born. The County must know if the claim is being filed by, or on behalf of a minor.

3. **Claimant's Address** Current Post Office address of the claimant.

4. **Address Where Notices Are To Be Sent** The Post Office address to which the person presenting the claim desires notices to be sent.

5. **Phone Numbers** Provide current home and work phone numbers. If you have a mobile phone, provide that as well.

6. **E-mail address** Current e-mail address for claimant.

7. **Amount of Claim** Enter total amount of your claim as of the date of presentation of the claim, which includes the estimated amount of any prospective injury/damage/loss, insofar as it may be known at time of presentation of the claim.

8. **Itemized List of Expenses/Damages** Provide a breakdown of the amount of your total claim shown in item #7. The claimant must provide the basis of computation of the amount claimed. For property damage claims, please include one (1) estimate if the repairs are going to be under $1,000, and two (2) estimates if the repairs are going to be over $1,000.

9. **Date of Accident / Incident / Loss** Exact date of Accident/Incident/Loss that caused your alleged damage or injury.

10. **Location of Accident / Incident / Loss** Please provide a specific location where the Accident/Incident/Loss that caused your alleged damage or injury occurred. Include as much information as you can with respect to the location. This is vital to the investigation of your claim. A diagram has been provided for your convenience.

11. **How Did This Accident / Incident / Loss Occur?** Detailed account of events that led to your alleged damage/injury. Include all information supporting your claim that the County is responsible for the alleged damage/injury.

12. **Describe Damage / Injury / Loss** Provide a detailed account of your alleged damage or injury that resulted from the Accident / Incident / Loss.

13. **Name(s) of Public Employees Causing Damage/Injury/Loss (if known)** Please list the name(s) of the County employee(s), and/or the County Department that allegedly caused your damage or injury.

14. **Are you receiving Medicare, or will you be receiving Medicare in the next 3 years?** Circle "Yes" or "No"

15. **Signature of Claimant/Representative** Claim may be presented by claimant, or by a person acting on their behalf.

Risk Management Office · P.O. Box 276133 · Sacramento, CA 95827 · Telephone (916)876 - 5261 Fax (916) 876 - 5486
www.saccounty.net

Rev. 1-17

LOCATION DIAGRAM

Indicate Directional Points on the Compass (N, S, E, W)

1. Identify streets
2. If vehicles are involved, indicate COUNTY VEHICLE as #1, and all others in numerical sequence.

May file in person, or mail form to: Clerk, Board of Supervisors, 700 H Street, Rm. 2450, Sacramento, CA 95814
Please keep one (1) copy for your records - Print/Type Only

# CLAIM AGAINST THE COUNTY OF SACRAMENTO

CLAIM FORM (Rev. 01/2017)

**1. Claimant's Name** Amaral                 Lacey          R        **2. Date of Birth** ████████
                              Last             First        M I

**3. Claimant's Address**
6909 Sailboat Way                          Sacramento            CA          95831
Street (or P.O. Box)                       City                  State       Zip Code

**4. Address Where Correspondence Should Be Sent (if different from above)**
Name: The Law Offices of James L. Arrasmith

P.O. Box 60007                             Los Angeles           Calif       90060
Street (or P.O. Box)                       City                  State       Zip Code
**5. Phone Number**  707-350-2868                        N/A
                     Home                   Work                 Other

**6. E-mail address**          lacey_amaral@sbcglobal.net

**7. Amount of Claim** $        3,500,000                        Board of Supervisors Stamp

**8. Itemized List of Claimed Expenses / Damages (should equal Line 7)**

| ITEM | DOLLAR AMOUNT |
|------|---------------|
| See attachment | See attachment |
| See attachment | See attachment |
| See attachment | See attachment |

(Please attach any estimates' and/or receipts to your claim)
*1 estimate if repairs are less than $1,000    **TOTAL CLAIM** $    See attachment.
*2 estimates if repairs are more than $1,000                                    Do Not Write In This Space

**9. Date of Accident / Incident / Loss:**                      Jan 18th - Present

**10. Location of Accident / Incident / Loss:** _____            See attachment

**11. Provide your description of how the Accident / Incident / Loss Occurred**   See attachment

**12. Describe Damage / Injury / Losses being claimed** (including prospective Damage / Injury / Losses to the extent it is known at the time of claim filing)
See attachment.

**13. Name(s) of Public Employee(s) Involved.**    See attachment

**14. Are you receiving Medicare, or will you be receiving Medicare in the next 3 years?**    ☐ YES  or  NO ☒

Section 72 of the Penal Code states: "Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison, or by a fine not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine."

**15. Signature of Claimant/Representative:** _____    DATE    12/27/22

You must present your claim within the time prescribed by Govt. Code Section 911.2.

Final Audit Report:                                    2023-12-27

| Created | 2023-12-27 |
| By | James Arrasmith (arrasmith.james.g@gmail.com) |
| Status | Signed |
| Transaction ID | CBJCHBCAABAAh Ozro-e0Ynkqp5oj7Sx4Z7bqp3SbnV |

## "Sacramento County" History

Document created by James Arrasmith (arrasmith.james@gmail.com)
2023-12-27 - 8:56:38 PM GMT- IP address: 76.157.201.127

Document emailed to lacey_amaral@sbcglobal.net for signature
2023-12-27 - 8:56:74 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2023-12-27 - 9:07:35 PM GMT- IP address: 99.147.94.13

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2023-12-27 - 9:35:52 PM GMT- IP address: 99.209.94.13

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signature Date: 2023-12-27 - 9:38:11 PM GMT - Time Source: server- IP address: 99.209.194.13

Agreement completed
2023-12-27 - 9:38:11 PM GMT

 Adobe Acrobat Sign

**TORT CLAIM ATTACHMENT**
**GOVERNMENT CODE SECTION 810-996.6**
**(For damages to persons or personal property)**

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ███████
**Driver's License Number:** Y4236541
**Social Security Number:** ███████

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami – 323.346.0555
5. Vistasol Dental, Noushin Adhami – 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8.  Cardiology, Dr. Prakash Patel - 626.332.1815

9.  Cardiology, Dr. Tony Nguyen - 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai - 714.773.4111

11. Gastroenterologist, Dr. Amit Rana - 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM

$3,500,000

**Dollar Amount Explanation:**

Medical and Health Damages: $160,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

**All notices and/or communications should be sent to:**

Name: The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_                  Date: Jan 24, 2023

Claimant Signature: _____               Date: Jan 24, 2023

## CITY OF SACRAMENTO - CLAIM FORM

**** PLEASE READ INSTRUCTIONS ON OTHER SIDE FIRST ****

Name of Claimant: Lacey                    R                    Amaral
                        (First Name)              (Middle Initial)         (Last Name)

Home Address    6909 Sailboat Way
City, State, Zip:    Sacramento, CA 95831

Daytime (707)850-2868    Evening (707)850-2868

Type of Loss ◯ Personal Injury    ◯ Other  See attachment.    Police Report # N/A
             ◯ Property Damage    ◯ Indemnity-Date complaint served

When did injury or damage occur?  Jan 18th - Present                        AM/PM
                                (Month Day Year)              (Time of Day)

Where did injury or damage occur? (Street address, intersecting street, or other location)  See attachment.

How did injury or damage occur? (Describe accident or occurrence)  See attachment.

What action or inaction of City employee(s) caused your injury or damage? See attachment.

What injury or damage did you suffer? See attachment
See attachment.

Name of any witnesses  N/A
                        (Name)                        (Address)            (Phone Number)
                        N/A
                        (Name)                        (Address)            (Phone Number)

Name of City employee(s) involved:  See attachment.

Amount of Claim:  Personal Injury $_____    Property Damage $_____    Other $ 3,500,000

Limited Civil Case: Yes __X__    No __X__

*State the amount of your claim if the total amount is $10,000.00 or less. If it is over $10,000.00, no dollar amount shall be stated, but you are required to state whether the claim would be a limited civil case (total amount of claim does not exceed $25,000).*

$3,500,000

### ALL NOTICES AND/OR COMMUNICATIONS SHOULD BE SENT TO:

Name  The Law Offices of James L. Arrasmith        Daytime Phone (916) 704-3009

Address (Street, City, State, Zip):
9719 Lincoln Village Dr., #507. Sacramento, CA 95827

WARNING

It is unlawful to knowingly present or cause to be presented any false or fraudulent claim for payment of a loss or injury. (P.C. § 550(c)(1).) Every person who violates this paragraph is guilty of a felony punishable by imprisonment in state prison for two, three, or five years and by a fine not exceeding fifty thousand dollars ($50,000). (P.C. § 550(c)(1).) Pursuant to Code of Civil Procedure § 1038, the City may seek to recover all costs of defense in the event an action is filed that is later determined not to have been brought in good faith and with reasonable cause.

Declaration and Signature of Claimant(s): I declare under penalty of perjury that I have read the foregoing claim for damages and know the contents thereof; that the same is true of my knowledge and belief, save and except as to those matters stated on information and belief, and as to them, I believe to be true.

Signature                                            Date  Dec 27, 2022

CCFORM 5  Rev 12-14

You are required by law to provide the information requested on page 1 in order to comply with Government Code § 910 and § 910.2. Additionally, in order to conduct a timely investigation the City of Sacramento requests that you provide additional information:

1. Claimant(s) Social Security Numbers(s): ███████████████

2. Claimant(s) Date of Birth: ████████████

3. Claimant's Driver's License Number and State: Y4236541, CA

4. Are you a Medicare Beneficiary? ☐ Yes ☑ No

5. Medicare HICN number: N/A

6. If the claim involves a motor vehicle incident, please provide the following information:

   Claimant(s) Insurance Company: N/A        Telephone: N/A

   Insurance Policy No.: N/A

   Insurance Agent: N/A        Telephone: N/A

   Claimant's Vehicle Year/Make/Model N/A        License Plate No. N/A

   Please check here if there was no insurance coverage in effect at the time of the incident.
   *(Please attach any repair bills, estimates, and photographs of your vehicle damage.)*

7. If this claim involves medical treatment for a claimed injury, please provide the name, address and telephone number of any doctors, hospitals or other medical providers (e.g. chiropractors, physical therapists, acupuncturists, etc.) providing treatment. (Government Code § 985).
See attachment.

8. Additionally, please provide the name, address and telephone number of any insurance company (or other similar entity), which has or is expected to make payments to you or any medical provider on your behalf as a result of your claimed injuries (e.g., Medi-Cal, unemployment insurance, disability insurance, etc.). (Government § 985(c).) See attachment.

2

# CLAIM AGAINST THE CITY OF SACRAMENTO

**INSTRUCTIONS**
Please provide an original of the "City of Sacramento- Claim Form." The original, together with one copy of all attachments, are to be filed with the Office of the City Clerk. Retain one copy for your records. Please send to this address:

> Office of the City Clerk
> 915 I Street
> 5th Floor, New City Hall Bldg.
> Sacramento, CA 95814

**NOTICE:** The City Clerk's Office is the **ONLY** office to which claims may be submitted. Claims are NOT to be sent to the City Attorney, Risk Management, or any other City Department.

**Please fill out claim form as Instructed. Missing Information will delay the processing of your claim. Please Print.**

**PROCEDURES**

Claims received by the Office of the City Clerk are forwarded to the City's Claims Administrator. All claimants are then notified what action will be taken within 45 days (plus additional days if the form is mailed to the City Clerk), or otherwise notified as to the claim itself.

If your claim is recommended for denial you will be sent a letter notifying you of the action taken, and any further action necessary or available to you.

The Sacramento Housing and Redevelopment Agency, Sacramento Regional Transit, County of Sacramento, Sacramento Municipal Utilities District, and the Sacramento Unified School District are separate from the City of Sacramento and any claims against them must be submitted directly to the Agency or Authority.

***ALL CLAIMS ARE PUBLIC RECORD***

3

40

Final Audit Report                                                2022-12-27

## "Sacramento City" History

Document created by James Arrasmith (jarrasmith.james@gmail.com)
2022-12-27 - 8:00:17 PM GMT- IP address: 73.181.241.227

Document emailed to lacey_amaral@sbcglobal.net for signature
2022-12-27 - 5:04:26 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2022-12-27 - 8:24:27 PM GMT- IP address: 76.747.93.60

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2022-12-27 - 9:05 PM GMT- IP address: 68.248.71.137

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signature Date: 2022-12-27 - 9:05:37 PM GMT - Time Source: server- IP address: 68.248.181.37

Agreement completed.
2022-12-27 - 9:39:17 PM GMT

Adobe Acrobat Sign

## TORT CLAIM ATTACHMENT
### GOVERNMENT CODE SECTION 810-996.6
#### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** ▮▮▮▮▮▮▮▮▮

**Driver's License Number:** Y4236541

**Social Security Number:** ▮▮▮▮▮▮▮▮

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

42

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555
5. Vistasol Dental, Noushin Adhami -- 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8.  Cardiology. Dr. Prakash Patel   626.332.1815

9.  Cardiology. Dr. Tony Nguyen   323.268.2200

10. Sunny Hills Behavioral Health. Dr. Gudaptai - 714.773.4111

11. Gastroenterologist. Dr. Amit Rana - 626.960.3016

Is this a Limited Civil Case? NO

## AMOUNT OF CLAIM

## $3,500,000

**Dollar Amount Explanation:**

**Medical and Health Damages: $100,000**

**Educational Damages: $20,000**

**Income Damages: $3,000,000**

**Other: $80,000**

**All notices and/or communications should be sent to:**

Name: The Law Offices of James I. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

**Relationship to Claimant:** Attorney

Signature: *James Arrasmith*          Date: Jan 24, 2023

Claimant Signature: *[signature]*          Date: Jan 24, 2023

44

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 003 (Rev. 09/16)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

**CLAIMANT INFORMATION**

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Amaral | Lacey | R |

| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME (if applicable) | |
|---|---|---|
| N/A | N/A | |

| TELEPHONE NUMBER | EMAIL ADDRESS | | |
|---|---|---|---|
| 707-350-2868 | lacey_amaral@sbcglobal.net | | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 6809 Sailboat Way | Sacramento | CA | 95831 |

| IS THE CLAIMANT UNDER 18 YEARS OF AGE? | INSURED NAME (Insurance Company Subrogation) | |
|---|---|---|
| ☐ Yes ☒ No | N/A | |

| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME (if applicable) |
|---|---|---|
| ☐ Yes ☒ No | N/A | N/A |

**ATTORNEY OR REPRESENTATIVE INFORMATION**

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Arrasmith | James | L |

| TELEPHONE NUMBER | EMAIL ADDRESS | | |
|---|---|---|---|
| 916-704-3009 | jarrasmith@pm.me | | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 9719 Lincoln Village Dr. #507 | Sacramento | CA | 95827 |

**CLAIM INFORMATION**

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| See attachment. | Jan 16th - Present |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

See attachment.

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE (Required, if amount is more than $10,000) |
|---|---|
| $3,500,000 | ☐ Limited ($25,000 or less) ☒ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION
See Attachment.

INCIDENT LOCATION
American River College, Folsom Lake College, Consumnes River College, Sacramento City College, Los Rios District

SPECIFIC DAMAGE OR INJURY DESCRIPTION

See attachment.

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY

See attachment.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY

# See attachment.

Page 1 of 2

STATE OF CALIFORNIA                                    DEPARTMENT OF GENERAL SERVICES
**GOVERNMENT CLAIM**                                  OFFICE OF RISK AND INSURANCE MANAGEMENT
DGS ORIM 006 (Rev. 02/19)

**AUTOMOBILE CLAIM INFORMATION**

| DOES THE CLAIM INVOLVE A STATE VEHICLE? | VEHICLE LICENSE NUMBER(if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| ☐ Yes   ☐ No | N/A | N/A |
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER? | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| ☐ Yes   ☐ No | N/A | N/A |
| HAVE YOU RECEIVED ANY PAYMENT FOR THIS DAMAGE TO DATE? | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE(if any) |
| ☐ Yes   ☐ No | N/A | N/A |

**NOTICE AND SIGNATURE**

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| | Lacey Amaral | Dec 27, 2022 |

**INSTRUCTIONS**

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:          Claim forms can also be delivered to:
    Office of Risk and Insurance Management              Office of Risk and Insurance Management
    Government Claims Program                             Government Claims Program
    P.O.Box 989052, MS414                                707 3rd Street, 1st Floor
    West Sacramento, CA 95798-9052                       West Sacramento, CA 95605
                                                         1-800-955-0045

---

**Department of General Services Privacy Notice on Information Collection**

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting the data is to process claims against the state. The information provided will may be disclosed to a person, or to another agency where the transfer is necessary for the transferee agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual §§ 5310-5365). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGS ORIM**
Public Records Officer
707 3rd St., West Sacramento, CA 95605
(916) 376-5300

Final Audit Report                                              2022-12-27

| | |
|---|---|
| | 2022-12-27 |
| | James Arrasmith (arrasmith.james@gmail.com) |
| | Signed |
| | CBJCHBCAABAAoXJBEYYXAf-Lfxzz10aGaV9AAZsdhtWk |

## "12272022_STATE OF CALIFORNIA GOVERNMENT CLAIM D 6S0RIM 008 (Rev." History

Document created by James Arrasmith (arrasmith.james@gmail.com)
2022-12-27 - 8:08:32 PM GMT - IP address: 72.192.241.227

Document emailed to lacey_amaral@sbcglobal.net for signature
2022-12-27 - 8:07:08 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2022-12-27 - 8:40:31 PM GMT - IP address: 69.747.97.16

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2022-12-27 - 9:40:39 PM GMT - IP address: 69.289.104.161

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signature Date: 2022-12-27 - 9:40:51 PM GMT - Time Source: server - IP address: 69.289.104.161

Agreement completed
2022-12-27 - 9:40:31 PM GMT

 Adobe Acrobat Sign

## TORT CLAIM ATTACHMENT
### GOVERNMENT CODE SECTION 810-996.6
#### (For damages to persons or personal property)

**Date Received: January 19, 2023**

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ███████████
**Driver's License Number:** Y4236541
**Social Security Number:** ████████████

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

48

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555
5. Vistasol Dental, Noushin Adhami -- 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8. Cardiology, Dr. Prakash Patel – 626.332.1815

9. Cardiology, Dr. Tony Nguyen – 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai – 714.773.4111

11. Gastroenterologist, Dr. Amit Rama – 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM

$3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/or communications should be sent to:

Name: The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_          Date: Jan 24, 2023

Claimant Signature: _____          Date: Jan 24, 2023

50

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

## CITY OF FOLSOM REJECTION NOTICE



January 31, 2023

The Law Offices of James L. Arrasmith
James L. Arrasmith
9719 Lincoln Village Drive, Unit 507
Sacramento, CA 95827

RE:    Claimant:          Lacey Amaral
       Date of Loss:      1/18/2022
       Our File No.:      016-21 23-007
       Sedgwick File No.: 4A2301VMVGM-0001

### NOTICE OF UNTIMELY CLAIM AFTER ONE YEAR

Notice is hereby given that the claim you presented to the City of Folsom on January 26, 2023, is being returned because it was not presented within one year after the event or occurrence as required by law. Accordingly, the claim has not and will not be considered on its merits. See Section 911.3 of the Government Code.

Additionally, I would like to advise that the incident did not occur with the jurisdiction of the City of Folsom. The location and/or circumstances of the incident described in your claim are within the jurisdiction of Los Rios Community College District. The City of Folsom and Los Rios Community College District are mutually exclusive agencies and the City of Folsom is in no way involved in this matter.

Sincerely,

Jennifer Jimenez
Assistant City Clerk

cc:    City Manager
       City Attorney
       Sedgwick
       File No.:016-21 23-007

53

## PROOF OF SERVICE BY MAIL

I, Jennifer Jimenez, declare as follows:

I am over the age of 18 years, and not a party to this action.  My business address is 50 Natoma Street, Folsom, California 95630, which is located in the county where the mailing described took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 31, 2023, at my place of business set forth above, a copy of the attached letter was placed for deposit in the United States Postal Service in a sealed envelope, with postage thereon fully prepaid, and addressed as follows:

The Law Offices of James L. Arrasmith
James L. Arrasmith
9719 Lincoln Village Drive, Unit 507
Sacramento, CA 95827

and that envelope was placed for collection and mailing on that date following ordinary business practices. This declaration was executed on January 31, 2023, in Folsom, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jennifer Jimenez, Assistant City Clerk

54

EXHIBIT 3

POS-010

Filed
Superior Court of California
Sacramento
09/25/2023
prasadb2
By _____, Deputy
23CV007275

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Law Offices of James L. Arrasmith<br>James Arrasmith SBN Bar#<br>9719 Lincoln Village Dr #507<br>Sacramento, CA 95827<br>TELEPHONE NO:                           FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jarrasmith@pm.me<br>ATTORNEY FOR *(Name)*:   Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento
  STREET ADDRESS:  720 9th Street
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Sacramento, 95814-1302
  BRANCH NAME:  Sacramento

| PLAINTIFF / PETITIONER:   Lacey Amaral<br>DEFENDANT / RESPONDENT:   Miriam Beloglovsky, et al. | CASE NUMBER:<br>23CV007275 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9547600 (21190142) |

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. [X] Summons
   - b. [X] Complaint
   - c. [ ] Alternative Dispute Resolution (ADR) Package
   - d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   - e. [ ] Cross-Complaint
   - f. [X] Other *(specify documents):*    Plaintiff's Lacey Amaral's Exhibit List, Notice of Case Assignment and Case Management Conference, Proof of Service, Proof of Service, Proof of Service of Summons, PROOF OF SERVICE ON A STATE AGENCY OR LOCAL GOVERNMENT AGENCY
3. a. Party served *(specify name of party as shown on documents served):*
      Miriam Beloglovsky
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
4. Address where the party was served:
   4013 Redondo Dr, El Dorado Hills, CA 95762
5. I served the party *(check proper box)*
   - a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   Mon, Sep 18 2023    (2) at *(time):*   12:17 PM
   - b. [ ] **by substituted service.** On *(date):*                        at *(time):*                        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      - (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      - (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      - (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      - (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*                        from *(city):*                            or [ ] a declaration of mailing is attached.
      - (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Lacey Amaral | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Miriam Beloglovsky, et al. | 23CV007275 |

5.    c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

       (1)   on *(date)*:                (2)   from *(city)*:

       (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

       (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.   ☐   **by other means** *(specify means of service and authorizing code section)*:

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a.   ☒   as an individual defendant.

   b.   ☐   as the person sued under the fictitious name of *(specify)*:

   c.   ☐   as occupant.

   d.   ☐   On behalf of *(specify)*:

       under the following Code of Civil Procedure section:

       ☐   416.10 (corporation)                  ☐   415.95 (business organization, form unknown)

       ☐   416.20 (defunct corporation)             ☐   416.60 (minor)

       ☐   416.30 (joint stock company/association)    ☐   416.70 (ward or conservatee)

       ☐   416.40 (association or partnership)       ☐   416.90 (authorized person)

       ☐   416.50 (public entity)                   ☐   415.46 (occupant)

       ☐   other:

7. **Person who served papers**

   a.   Name:               Jonathan Shisler

   b.   Address:         1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

   c.   Telephone number:   800.938.8815

   d.   **The fee** for service was:   $115.00

   e.   I am:

       (1)   ☐   not a registered California process server.

       (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).

       (3)   ☒   a registered California process server:

            (i)   ☐ owner  ☐ employee  ☒ independent contractor

            (ii)   Registration No:   2008-10

            (iii)   County:   Sacramento

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   September 20, 2023

Jonathan Shisler

_____

     (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____

                                       (SIGNATURE)

EXHIBIT 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James L. Arrasmith SBN # 332486, Law Offices of James L. Arrasmith<br>9719 Lincoln Village Dr., Ste 507, Sacramento, CA 95827 | *FOR COURT USE ONLY*<br>Filed<br>Superior Court of Califo...<br>Sacramento<br>08/22/2023<br>woltmos<br>By _____ Deputy<br>23CV007275 |
|---|---|

TELEPHONE NO.: 916-704-3009    FAX NO. *(Optional):*
E-MAIL ADDRESS: Jarrasmith@pm.me
ATTORNEY FOR *(Name):* Lacey Amaral

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
LACEY AMARAL V. MIRIAM BELOGLOVSKY, ET AL.

| CIVIL CASE COVER SHEET<br>[X] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 10
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: August 18, 2023
James L. Arrasmith
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

BY FAX

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

Issued and Filed
Superior Court of California,
Sacramento
08/23/2023
woltmos
By _____, Deputy
23CV007275

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIRIAM BELOGLOVSKY, COSUMNES RIVER COLLEGE, LOS RIOS COMMUNITY COLLEGE
DISTRICT and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LACEY AMARAL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse

720 9th St. Sacramento, CA 95814

| CASE NUMBER: *(Número del Caso):* |
| --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James L. Arrasmith. The Law Offices of James L. Arrasmith. 9719 Lincoln Village Dr., #507, Sacramento, CA 95827. 916-704-3009.

DATE: **AUG 2 3 2023**
*(Fecha)*

Clerk, by S. Woltmo , Deputy
*(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
| --- | --- | --- |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Lacey Amaral | |
| DEFENDANT/RESPONDENT: Miriam Beloglovsky et al | |
| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE) | CASE NUMBER: 23CV007275 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

### NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| **LAW & MOTION** | Richard K. Sueyoshi | Hall of Justice | 53 |
| **CASE MANAGEMENT PROGRAM** | Thadd A. Blizzard | Gordon D. Schaber Superior Court | 43 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

*BY FAX*

### NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **July 19, 2024** in **Department 43** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

### NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)

| SHORT TITLE: AMARAL vs BELOGLOVSKY, et al. | CASE NUMBER: 23CV007275 |

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 08/23/2023                    By:          /s/ S. Woltmon
                                                  Sarah Woltmon, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

POS-010

Filed
Superior Court of California,
Sacramento
10/02/2023
prasadb2
By _____, Deputy
23CV007275

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>Law Offices of James L. Arrasmith<br>James Arrasmith SBN Bar#<br>9719 Lincoln Village Dr #507<br>Sacramento, CA 95827<br>TELEPHONE NO:                    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  jarrasmith@pm.me<br>ATTORNEY FOR *(Name)*:  Plaintiff | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  Sacramento<br>STREET ADDRESS:  720 9th Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Sacramento, 95814-1302<br>BRANCH NAME:  Sacramento |

| | |
|---|---|
| PLAINTIFF / PETITIONER:  Lacey Amaral<br>DEFENDANT / RESPONDENT:  Miriam Beloglovsky, et al. | **CASE NUMBER:**<br>23CV007275 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9547602 (21190144) |

**BY FAX**

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. [X] Summons
    b. [X] Complaint
    c. [ ] Alternative Dispute Resolution (ADR) Package
    d. [X] Civil Case Cover Sheet *(served in complex cases only)*
    e. [ ] Cross-Complaint
    f. [X] Other *(specify documents)*:  Plaintiff's Lacey Amaral's Exhibit List, Notice of Case Assignment and Case Management Conference, Proof of Service, Proof of Service, Proof of Service of Summons, PROOF OF SERVICE ON A STATE AGENCY OR LOCAL GOVERNMENT AGENCY
3.  a.  Party served *(specify name of party as shown on documents served)*:
        Los Rios Community College District
    b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Brian King - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    1919 Spanos Ct, Sacramento, CA 95825
5.  I served the party *(check proper box)*
    a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                        (2) at *(time)*:
    b. [X]  **by substituted service.** On *(date)*:  Thu, Sep 28 2023              at *(time)*:  04:05 PM        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
        Kaitlyn Sherer, Executive Assistant
        (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
            from *(city)*:                                     or [X] a declaration of mailing is attached.
        (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   Lacey Amaral | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Miriam Beloglovsky, et al. | 23CV007275 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) ☐ on *(date)*:          (2) ☐ from *(city)*:
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*:   Los Rios Community College District
    under the following Code of Civil Procedure section:
    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☒ 416.50 (public entity)           ☐ 415.46 (occupant)
    ☐ other:

7. **Person who served papers**
  a. Name:          Ritong Iechad
  b. Address:       1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947
  c. Telephone number:  800.938.8815
  d. **The fee** for service was: $120.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner ☐ employee ☒ independent contractor
      (ii) Registration No: 150
      (iii) County: Sutter

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**
    or
9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date:   September 30, 2023

Ritong Iechad

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: Lacey Amaral | CASE NUMBER: |
| DEFENDANT / RESPONDENT: Miriam Beloglovsky, et al. | 23CV007275 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA 94954.

On 9/29/2023, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Civil Case Cover Sheet, Summons, Complaint, Plaintiff's Lacey Amaral's Exhibit List, Notice of Case Assignment and Case Management Conference, Proof of Service, Proof of Service, Proof of Service of Summons, PROOF OF SERVICE ON A STATE AGENCY OR LOCAL GOVERNMENT AGENCY

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

Los Rios Community College District
Brian King - Person Authorized to Accept Service of Process
1919 Spanos Ct
Sacramento, CA 95825.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  9/29/2023
Sandra Alcala
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack USA

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1

James L. Arrasmith, SBN 332498
The Law Offices of James L. Arrasmith
Sacramento, California 95827
Phone: (916)-704-3009
jarrasmith@pm.me
*Attorney for Lacey Amaral*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

LACEY AMARAL
Plaintiff

v.

MIRIAM BELOGLOVSKYI COSUMNES
RIVER COLLEGE, LOS RIOS COMMUNITY
COLLEGE DISTRICT and DOES 1-50
Defendants

Case No.: 23CV007275

PROOF OF SERVICE ON A
STATE AGENCY OR LOCAL
GOVERNMENT AGENCY

I, _____ , declare as follows:

1. At the time of service I was at least 18 years of age and not a party to this lawsuit.

2. I served copies of the Civil Case Coversheet, Summons, Complaint, & Exhibits, (hereinafter referred to as "copies").

3. I served the defendant _____ .

4. I served the copies by: (check only one)

    a. ☐ Personal Service in compliance with the California Code of Civil Procedure. I personally delivered copies to the head of the agency named in ¶ 3:

        Name: _____

        Title: _____

        Date: _____ Time: _____

        Address: _____

**PROOF OF SERVICE ON A
STATE AGENCY OR LOCAL
GOVERNMENT AGENCY**

1

BY FAX

b. ☐ Combination Service at Agency's Place of Business in compliance with the California Code of Civil Procedure. I personally delivered copies to a person apparently in charge of the office who was at least 18 years of age and informed him or her of the general nature of the papers. I left the copies with:

Name: _____

Date: _____ Time: _____

Address: _____

I also mailed copies to the office or place of business addressed to the head of the agency on _____.

5. My name, address, and telephone number are:

_____ (Full Name)

_____ (Address Line 1)

_____ (Address Line 2)

_____ (Phone Number)

6. I am not a registered California process server.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ at _____

      (date)              (place of signing)

_____ (Signature)

_____ (Name)

///
///
///
///
///
///

**PROOF OF SERVICE ON A
STATE AGENCY OR LOCAL
GOVERNMENT AGENCY**

2

1   James L. Arrasmith, SBN # 332498
    The Law Office of James L. Arrasmith
2   9719 Lincoln Village Dr., #507
    Sacramento, CA 95827
3   Phone: (916) 704-3009
    Email: jarrasmith@pm.me
4   *Attorney for Lacey Amaral*

5

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                  FOR THE COUNTY OF SACRAMENTO

8

9                                        )  Case No.:
                                         )
10  LACEY AMARAL,                        )  UNLIMITED CIVIL CASE
                                         )
11            Plaintiff.                 )  COMPLAINT FOR:
                                         )  VIOLATION OF CALIFORNIA
12            v.                         )  GOVERNMENT CODE SECTION 11135;
                                         )  THE AMERICANS WITH DISABILITIES
13                                       )  ACT; BREACH OF CONTRACT;
                                         )  INTENTIONAL INFLICTION OF
14                                       )  EMOTIONAL DISTRESS; NEGLIGENCE;
15  MIRIAM BELOGLOVSKY, COSUMNES         )  GROSS NEGLIGENCE; CALIFORNIA
                                         )  CIVIL CODE § 51 ET SEQ.;
16  RIVER COLLEGE, LOS RIOS COMMUNITY    )  VIOLATION OF 42 U.S.C. § 12182 ET SEQ.,
                                         )  PROMISSORY ESTOPPEL;
17  COLLEGE DISTRICT and DOES 1-50,      )  NEGLIGENT INFLICTION OF
                                         )  EMOTIONAL DISTRESS; AND
18            Defendants.                )  NEGLIGENT HIRING AND RETENTION.
                                         )
19                                       )  JURY TRIAL DEMANDED
                                         )
20                                       )
21                                       )

22

23  Plaintiff Lacey Amaral, by and through her attorney, James L. Arrasmith, alleges as follows:

24                              I.  PARTIES

25  1.  Plaintiff Lacey Amaral is an individual residing in the County of Los Angeles, State of

26      California.

27

28

                                        1

                PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

2. Defendant Miriam Beloglovsky is an individual who is believed to be residing in the County of Sacramento, State of California.

3. Defendant Cosumnes River College is an educational institution doing business in the County of Sacramento, State of California.

4. Defendant Los Rios Community College District is an educational institution doing business in the County of Sacramento, State of California.

5. The true names of Defendants named as DOES 1 through 50 in this Complaint are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege the true names of each of these Defendant(s) as soon as Plaintiff is able to ascertain their true names.

## II.  PRELIMINARY STATEMENT

6. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

7. This is a case of disability discrimination perpetrated by Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky"), a professor at Defendant Cosumnes River College (hereinafter "Cosumnes River College"). This discrimination occurred in the Spring of 2022.

8. At the onset of Plaintiff Lacey Amaral's concluding semester, Defendant Beloglovsky resolutely declined to implement the Plaintiff's stipulated academic accommodations.

9. Over several months, the Plaintiff diligently navigated the hierarchical structure within Cosumnes River College and the Los Rios Community College District, striving to secure her academic accommodations. Her efforts persisted until every option was thoroughly explored and exhausted.

10. Throughout her pursuit, the Plaintiff faced a repetitive pattern of evasion and unfulfilled promises from both Cosumnes River College and the Los Rios Community College District.

2

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

Despite repeated assurances of assistance, she was ultimately confronted with the disappointing revelation that no substantive action would be taken.

11. The inaction of Cosumnes River College and the Los Rios Community College District allowed the issue to escalate - the denial of the Plaintiff's academic accommodations.

12. Beloglovsky's classes detrimentally impacted Plaintiff's performance in other courses. By the time the Plaintiff discerned the implications on her academic standing, it was regrettably too late.

13. Rather than upholding their obligations to enforce the Plaintiff's disability accommodations, Cosumnes River College and the Los Rios Community College District opted to shield Defendant Beloglovsky, prioritizing the interests of a single professor over the legitimate needs of Plaintiff with her accommodation needs.

14. There exists a robust public policy underscoring the importance of providing an equitable academic environment for disabled students. Academic accommodations serve a crucial purpose in ensuring that students with disabilities receive equivalent opportunities to succeed as their nondisabled peers. However, these accommodations are rendered ineffective if not properly implemented. To acknowledge a student's need for accommodations, promise their provision, and then back a professor's deliberate denial of these accommodations is a gross violation of this policy.

15. Alarmingly, this conduct is not an isolated occurrence. Defendant Beloglovsky has conceded that she habitually dissuades her students from utilizing their mandated accommodations.

16. By failing to intervene and leaving their disabled students without viable options, Cosumnes River College and the Los Rios Community College District have implicitly condoned Defendant Beloglovsky's behavior, effectively endorsing her discriminatory practices.

///

3

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

## III. FACTUAL BACKGROUND

17. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

18. Defendant Cosumnes River Colleges (hereinafter "Cosumnes River College") is a part of Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") and as such is an agent of Los Rios Community College District.

19. Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky") was a professor at Defendant Cosumnes River College (hereinafter "Cosumnes River College") during the Spring 2022 semester and as such acted as an agent of Cosumnes River College and Los Rios Community College District.

20. On or about August 2016, Plaintiff enrolled in Defendant's school district—and, on or about 2018, Plaintiff began courses in the Early Childhood Education Administration Program at the Los Rios Community College District. Plaintiff's intentions were to obtain several degrees as a double major in Early Childhood Education and Spanish.

21. The Early Childhood Education Administration program requires the successful completion of Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

22. While enrolled at Los Rios Community College District, Plaintiff maintained a cumulative grade point average of approximately 3.28.

23. At the conclusion of the Spring 2022 semester, Plaintiff would have graduated with the following degrees:

    a.  Associate degree for transfer in Early Childhood Education;

    b.  Associate degree in early childhood Education;

4

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

    c.  Associate degree in early childhood education Teacher;

    d.  Associate degree in child Development;

    e.  Associate degree in child and Adolescent Development for Transfer;

    f.  Associate degree for transfer in Spanish;

    g.  Associate degree in early childhood education Administration;

    h.  Associate degree in social Sciences;

    i.  Associate degree in interdisciplinary arts and Humanities;

    j.  Associate degree in interdisciplinary Math and Sciences, and;

    k.  Associate degree in interdisciplinary social and behavioral Sciences.

24. After graduating, Plaintiff planned to attend California State University, San Bernardino and pursue a bachelor's degree, double majoring in Early Childhood Development in Spanish; and, later, a master's degree in both Early Childhood Education and Spanish.

25. Prior to the start of the Spring 2022 semester, Plaintiff had already received an offer from California State University, San Bernardino to attend in Fall of 2022.

26. Plaintiff attended Cosumnes River College, American River College, and Sacramento City College, all of which are a part of the Los Rios Community College District, online during the Spring 2022 semester.

27. During the Spring 2022 semester, Plaintiff was enrolled in two classes taught by Defendant Beloglovsky: Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

28. Plaintiff suffers from several disabilities that include autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis.

---

5

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

29. Beginning on or around January 2019, Plaintiff began receiving academic accommodations through Disability Support Programs and Services at Cosumnes River College.

30. The customary procedure for implementing academic accommodations for disabled students enrolled at Los Rios Community College District is as follows:

    a.  At the beginning of the semester, a Letter of Accommodation is sent by Disability Support Programs and Services to the professors of every course the disabled student is enrolled in for the semester.

    b.  The Letter of Accommodation outlines the accommodations that the student is required to receive and states that the professor and student must meet to determine how to implement the accommodations.

    c.  At the beginning of the semester, the student and professor meet and determine how to implement the accommodations.

    d.  For the remainder of the semester, the student is given accommodations.

31. Having been a beneficiary of disability accommodations as a student under the Los Rios Community College District for a span of two years, the Plaintiff adeptly navigated the aforementioned procedure for approximately six semesters, engaging with numerous professors, and seamlessly executing her prescribed accommodations without encountering any hindrances.

32. Around January 13, 2022, Plaintiff's counselor from the Disability Support Programs and Services promptly dispatched a Letter of Accommodation to Defendant Beloglovsky, thereby duly apprising the latter of Plaintiff's required accommodations.

33. The Letter of Accommodation mandated that Plaintiff be given the following academic adjustments:

    a.  Alternate test location at DSPS

6

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

b.  Extended time for tests and quizzes, including online courses (1.5x)

c.  Distraction reduced test setting.

d.  Preferential seating (i.e., front of the class)

e.  Stand/move classroom periodically.

f.  Bathroom access

g.  Audio book

34. The Letter of Accommodation also provided: "The implementation of academic accommodations is a SHARED RESPONSIBILITY between the student, the professor, and the DSPS Office. Please discuss each approved accommodation and how it will be implemented so that it is appropriate to both the student's needs and the format of your course." (Emphasis in original).

35. On or about January 14, 2022, Plaintiff took the initiative to transmit an electronic copy of the Letter of Accommodation, pertaining to both courses, to Defendant Beloglovsky via email. Subsequently, Defendant Beloglovsky promptly acknowledged receipt of the aforementioned correspondence.

36. Both courses, under the tutelage of Defendant Beloglovsky, were conducted in an online format, characterized by a consistent structure. In both instructional settings, the absence of regular meeting times prevailed. Instead, students were entrusted with weekly assignments, wherein they would typically be tasked with engaging in relevant readings, followed by the completion of associated assignments or active participation in discussion board forums.

37. Plaintiff's disability accommodations were essential to Plaintiff's success in both courses. To complete the work for each course, Plaintiff required the assigned reading to be provided in a compatible format to be converted into an audiobook, which was not provided by Defendant

7

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

Beloglovsky, Cosumnes River College, or Los Rios Community College District. Additionally, under her mandated disability accommodations, Plaintiff was to be given extra time for all tests and quizzes. Plaintiff was not given extended time.

38. On or about January 19, 2022, Plaintiff sent a message to Defendant Beloglovsky to schedule a meeting to discuss Plaintiff's accommodations and to discuss Plaintiff's questions regarding the assignments for the enrolled courses.

39. The defendant, Beloglovsky, declined the plaintiff's request for a meeting until Office Hours on January 24, 2022, which was approximately a week after the semester had commenced and at a juncture when assignments were already due in both courses.

40. This delay in response effectively deprived the plaintiff of her disability accommodations for the initial assignments in each course. Additionally, it impeded the plaintiff's attempts to establish a strategic plan with the defendant, Beloglovsky, to accommodate her needs in future assignments.

41. Regardless of the plaintiff explicitly conveying her aspiration to succeed in her final semester and her intent to foster transparent communication with her professors, the defendant, Beloglovsky, consistently thwarted the plaintiff's endeavors. Moreover, Beloglovsky dismissed the plaintiff's inquiries regarding the course.

42. On January 24, 2022, the plaintiff engaged in a meeting with the defendant, Beloglovsky, during the designated Office Hours via a Zoom call. During this interaction, the plaintiff endeavored multiple times to discuss the vital incorporation of her legally mandated disability accommodations. However, Beloglovsky consistently refused to engage in discussions regarding these accommodations, exhibiting a dismissive attitude towards the plaintiff's concerns, and made it clear that her customary practice was not to offer necessary accommodations to students

8

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

requiring them. The defendant specifically expressed her unwillingness to adapt her class structure to meet the unique needs of individual students.

43. In addition to denying the implementation of the plaintiff's disability accommodations, Beloglovsky exhibited a stringent grading policy, deducting marks of the plaintiff and other students on inconsequential grounds. Over the years, the defendant has consistently received unfavorable reviews on the well-known website, "Rate My Professors," for precisely this inflexible grading approach.

44. Throughout the courses in which the plaintiff was enrolled, Beloglovsky recurrently failed to provide lucid assignment instructions, showed little responsiveness to the plaintiff's queries, and demonstrated an overall lack of support and respectful demeanor.

45. A detailed evaluation of Beloglovsky's ratings substantiates her longstanding pattern of overly rigorous grading, lack of responsiveness, ambiguity in instruction-giving, and an absence of student support.

46. On January 24, 2022, the plaintiff communicated via email and subsequent meeting with Emilie Mitchell, the Interim Dean of Social and Behavioral Sciences at Cosumnes River College, discussing Beloglovsky's refusal to implement her disability accommodations. Although initially, Mitchell expressed her willingness to support the plaintiff, she later reneged, suggesting that the plaintiff would need to escalate the issue to higher authorities for assistance.

47. On January 25, 2022, the plaintiff reached out to Jamil Malik, her counselor at Sacramento City College, to seek her disability accommodations. Regrettably, Malik chose to align with the defendant, Beloglovsky, instead of ensuring the plaintiff's lawful right to accommodations was upheld.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

48. On the same day, the plaintiff contacted Rachel Larsen, Administrative Assistant to the President of Cosumnes River College. During this interaction, Larsen guided the plaintiff to the appropriate point of contact: Robert Montañez, Vice President of Instruction and Student Learning at Cosumnes River College.

49. On January 25, 2022, the plaintiff reached out to Montañez via email, intending to resolve her ongoing difficulties with Beloglovsky and secure her accommodations. While Montañez recommended that the plaintiff lodge a formal complaint regarding Beloglovsky's conduct, he was unable to assist her in this process, instead referring her to Joann Ramirez, Interim Dean of Student Services at Enrollment Management at Cosumnes River College. Despite Montañez's assurance that Ramirez would initiate contact promptly, no such communication was received.

50. On January 26, 2022, the plaintiff contacted Ramirez to follow up on the lack of communication. Later that day, a meeting between the plaintiff and Ramirez took place via Zoom to discuss the grievances related to Beloglovsky. During this interaction, the plaintiff was assured that her pursuit of disability accommodations would be supported. Ramirez presented the plaintiff with a Student Grievance Form to be filled out, representing the appropriate remedy for complaints relating to professor misconduct.

51. On January 31, 2022, the plaintiff lodged a grievance against Beloglovsky as directed by Ramirez. The grievance, explicitly based on "professor behavior, actions, communications, and the eventual repercussions of her actions on [Plaintiff] which include (but are not limited to) [Plaintiff's] grades (in [Defendant Beloglovsky's] classes and others)... and [Plaintiff's] own further suffering from [her] disabilities." The grievance also requested an accurate assessment of her grades.

---

10

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

52. However, only subsequent to the submission of her grievance was the plaintiff informed by Ramirez that the Student Grievance Form was primarily intended for grade-related disputes, and not for addressing issues related to professor behavior. Ramirez further elucidated that there was no established protocol for airing grievances related to professor behavior, inclusive of refusals to provide disability accommodations.

53. Throughout Plaintiff's discussions with the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was assured that she would be assisted, only to be later told that nothing could be done. The administration at Cosumnes River College refused to ensure that Plaintiff's disability accommodations were implemented by Defendant Beloglovsky. Plaintiff was repeatedly told that professors have final say, and that her only recourse was to drop the courses taught by Professor Beloglovsky, although these classes were required for Plaintiff to obtain her degree.

54. On or about February 10, 2022, Plaintiff's grievance was denied. The determination for Plaintiff's grievance wrongfully states that Plaintiff's grievance was "a general complaint regarding [the] perception of the quality of instruction methodology." The determination further stated that there was no resolution within the Educational Code, Cosumnes River College policy or regulations to be issued, although Plaintiff's grievance was based on Defendant Beloglovsky's refusal to implement accommodations mandated under the California Educational Code and Americans with Disabilities Act.

55. On or about February 17, 2022, Plaintiff met with Ed Bush, President at Cosumnes River College to discuss her grievances with Defendant Beloglovsky. Rather than offer tangible support by requiring Defendant Beloglovsky to implement Plaintiff's accommodations, Bush placed the responsibility on Plaintiff to reach out to Defendant Beloglovsky herself.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

56. On or about February 20, 2022, Plaintiff met with Tadael Emiru, Associate Vice President of Student Services at Cosumnes River College. During the meeting, Plaintiff was again told that nothing could be done. Plaintiff requested "a mediated meeting, a meeting with President Bush, and even being able to simply complete work so [she] could graduate" and was told that these were against policy and impossible. Emiru stated that Plaintiff's grievance was unfounded. He further stated that the grievance was being dismissed and was unappealable.

57. On or about February 23, 20222, Plaintiff sent an email to Defendant Beloglovsky to determine a path forward regarding Plaintiff's grades. The only recourse student was given by Defendant Beloglovsky was to invoke a clause in the syllabus under which Plaintiff would receive a one-time pass in each course for one assignment to be turned in one week from the initial due date for full credit.

58. As a result of not being provided her disability accommodations and not receiving support from Defendant Beloglovsky or the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was unable to complete her assignments for the classes she was enrolled in during the Spring 2022 semester.

59. In addition to the courses taught by Defendant Beloglovsky, Plaintiff was also enrolled in the following courses during the Spring 2022 semester:

a. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College;

b. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College;

c. Intermediate Spanish (SPAN 412) at American River College, and;

d. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

60. Beyond Beloglovsky, the plaintiff also experienced discriminatory treatment from two other professors: Jeannette Mulhern and Ines Garcia-Adams.

61. In the Spring 2022 semester, the plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321), a course taught by Jeannette Mulhern. Despite earlier agreements between the plaintiff and Mulhern that the plaintiff would have the opportunity to make up assignments, Mulhern unexpectedly dropped the plaintiff from the course.

62. Concurrently, in the Spring 2022 semester, the plaintiff was a student in Intermediate Spanish (SPAN 412), a class taught by Ines Garcia-Adams. Contrary to supporting the plaintiff, Garcia-Adams demeaned her, accused her of dishonesty, shouted at her, and declined to offer assistance.

63. The plaintiff's endeavors to secure her accommodations proved excessively time-consuming and necessitated the plaintiff's repeated follow-ups with various administrators at Cosumnes River College and Los Rios Community College District. Despite spending significant time communicating with the administrators, the plaintiff's efforts were to no avail. The time invested in attempting to enforce her accommodations affected the plaintiff's studies, precipitating a domino effect that severely impacted her grades.

64. At the termination of the Spring 2022 semester, the plaintiff's grades were as follows:

    a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College – failed;

    b. Promoting Social Competence (ECE 322) at Cosumnes River College – failed;

    c. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College – failed;

    d. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College – withdrawn;

13

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

e. Intermediate Spanish (SPAN 412) at American River College – failed;

f. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College – incomplete;

g. Introduction to Business (BUS 300) at Cosumnes River College – failed.

65. Owing to the defendants' denial of the plaintiff's disability accommodations, the plaintiff was compelled to withdraw from her courses after forfeiting her financial aid.

66. The defendants' refusal to implement the plaintiff's disability accommodations during the Spring 2022 semester has completely upended the plaintiff's life. As a direct consequence, her acceptance to California State University, San Bernardino, in the fall of 2022, was rescinded due to her inability to graduate.

67. Furthermore, the plaintiff's academic and career progress has been stalled due to her inability to complete her degrees.

68. The defendants' actions have precipitated a severe deterioration in the plaintiff's mental health and exacerbated her pre-existing medical conditions. The stress associated with the challenging process of attempting to secure her disability accommodations, the lack of support from the defendants, and the negative implications on her grades caused the plaintiff significant emotional distress, including physical manifestations. As a result, the plaintiff's medical appointments, along with her associated medical expenses, increased markedly. The frequent appointments further impeded the plaintiff's ability to stay on top of her studies.

69. Therefore, the plaintiff requests a judgment against the defendants as delineated herein.

70. As Plaintiff's efforts to hold Defendant Beloglovsky accountable continued, Plaintiff's professors in her other courses sided with Defendant Beloglovsky and retaliated against her.

14

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

71. In addition to Defendant Beloglovsky, Plaintiff was also discriminated against by two other professors: Jeannette Mulhern and Ines Garcia-Adams.

72. During the Spring 2022 semester, Plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321) taught by Jeannette Mulhern. Mulhern dropped Plaintiff from the course unexpectedly despite previous agreements between Plaintiff and Mulhern for Plaintiff to make up assignments.

73. During the Spring 2022 semester, Plaintiff was enrolled in Intermediate Spanish (SPAN 412) taught by Ines Garcia-Adams. Instead of supporting Plaintiff, Garcia-Adams belittled her, accused her of lying, yelled at her, and refused to help her.

74. Plaintiff's efforts to obtain her accommodations were extremely time-consuming and required Plaintiff to repeatedly follow up with several administrators at Cosumnes River College and Los Rios Community College District. Plaintiff spent many hours communicating with administrators at Cosumnes River College and Los Rios Community College District, to no avail. This time spent in an effort to implement Plaintiff's accommodations interfered with Plaintiff's studies and caused a snowball effect, negatively impacting Plaintiff's grades tremendously.

75. At the conclusion of the Spring 2022 semester, Plaintiff's grades were as follows:

   a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College – failed;

   b. Promoting Social Competence (ECE 322) at Cosumnes River College – failed;

   c. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College – failed;

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

d. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College – withdrawn;

e. Intermediate Spanish (SPAN 412) at American River College – failed;

f. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College – incomplete;

g. Introduction to Business (BUS 300) at Cosumnes River College – failed.

76. As a result of Defendants' refusal to implement Plaintiff's disability accommodations, Plaintiff was forced to drop out after losing her financial aid.

77. Defendants' denial of Plaintiff's disability accommodations during the Spring 2022 semester has completely derailed Plaintiff's life. Plaintiff acceptance to attend California State University, San Bernardino in the fall of 2022, was revoked due to not graduating.

78. Additionally, Plaintiff has been unable to complete her degrees, leaving her education and career at a standstill.

79. Defendants' actions led to a severe decline in Plaintiff's mental health and exacerbated

80. Plaintiff's existing medical conditions. The stress of jumping through hoops to attempt to get her disability accommodations, not being supported at all by Defendants, and the impact on Plaintiff's grades caused Plaintiff to suffer severe emotional distress, including physical manifestations. As a result, Plaintiff's medical appointments increased substantially along with her medical expenses. These nearly daily appointments made it even more difficult for Plaintiff to stay on top of her studies.

81. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

///
///

16

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

## IV. CAUSES OF ACTION

**A. Plaintiff's First Cause of Action Against All Defendants – Violation of California Government Code Section 11135**

82. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

83. California Government Code Section 11135 subsection (a) provides "No person in the State of California shall, on the basis of sex, race, color, religion, ancestry, national origin, ethnic group identification, age, mental disability, physical disability, medical condition, genetic information, marital status, or sexual orientation, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state."

84. Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") is an educational institution that receives funding from the State of California.

85. Defendant Cosumnes River College (hereinafter "Cosumnes River College") is an educational institution that is a part of the Los Rios Community College District, and as such is the agent of Los Rios Community College District and receives funding from the State of California.

86. As entities that receive funding from the State of California, Los Rios Community College District and Cosumnes River College are in violation of California Government Code Section 11135 for denying Plaintiff Lacey Amaral (hereinafter "Plaintiff") equal access to the educational benefits provided by these institutions.

87. Academic accommodations are intended to level the playing field for disabled students to allow them the same opportunity to succeed academically as their counterparts.

---

17

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

88. By supporting Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky")'s refusal to implement Plaintiff's academic accommodations and failing to provide Plaintiff with any recourse, Plaintiff was not given the same opportunities to succeed academically as her peers.

89. Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## B. Plaintiff's Second Cause of Action Against All Defendants -- Violation of the Americans with Disabilities Act Section 12182

90. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

91. The Americans with Disabilities Act applies to individuals with "a physical or mental impairment that substantially limits one or more major life activities of such individual".

92. Further, Section 12102(2)(A) of the Americans with Disabilities Act defines "major life activities" to include "learning, reading, concentrating, thinking, communicating and working".

93. Under 12182 of the Americans with Disabilities Act, Title III of the Americans with Disabilities applies to "undergraduate, or postgraduate private school[s], [and] other place[s] of education".

94. Defendants Cosumnes River College and Los Rios Community College District (hereinafter "Cosumnes River College" and "Los Rios Community College District", respectively) operate undergraduate private schools and are subject to Title III of the Americans with Disabilities Act.

95. Plaintiff Lacey Amaral (hereinafter "Plaintiff") suffers from various disabilities including autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis.

96. Plaintiff's disabilities significantly impact Plaintiff's ability to learn, read, concentrate, think, communicate, and work.

18

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

97. For these reasons, Plaintiff was provided the following accommodations by Cosumnes River College's Disability Support Programs and Services:

   a.  Alternate test location at DSPS

   b.  Extended time for tests and quizzes, including online courses (1.5x)

   c.  Distraction reduced test setting.

   d.  Preferential seating (i.e., front of the class)

   e.  Stand/move classroom periodically.

   f.  Bathroom access

   g.  Audiobook

98. The Americans with Disabilities Act Section 12182 provides "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

99. Section 12182 further provides that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

100.   Plaintiff is a disabled person who was enrolled in several courses at Los Rios Community College District.

101.   By failing and refusing to implement Plaintiff's academic accommodations, which Plaintiff was entitled to receive based on her disabilities, Defendants discriminated on Plaintiff on the basis of her disabilities.

19

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

102.     While Plaintiff was not denied access to the courses she was enrolled in, she was effectively set up to fail from the beginning of the semester when Defendant Beloglovsky refused to implement her accommodations.

103.     From thereafter, Plaintiff was denied the opportunity to participate in her courses and effectively complete her work in the same way as her peers because she was not provided the accommodations, she required in order to do so.

104.     Plaintiff never received audiobooks for her courses taught by Defendant Beloglovsky, nor was she given extended time on any of her tests in Defendant Beloglovsky's classes, because Defendant Beloglovsky flat-out refused to speak to Plaintiff about implementing her accommodations and encouraged her not to use them against her wishes.

105.     Plaintiff spent months attempting to get support from Cosumnes River College and later Los Rios Community College District so that her accommodations could be implemented, to no avail.

106.     Defendants' conduct made it impossible for Plaintiff to succeed in Defendant Beloglovsky's classes, in which student success was based entirely on student comprehension of the reading assignments.

107.     When Plaintiff's grades fell behind in her classes due to her accommodations not being implemented, she was not given reasonable opportunities and support to make up her work by Defendants.

108.     Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

   **C. Plaintiff's Third Cause of Action Against All Defendants – Breach of Contract**

109.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

110.     Plaintiff Lacey Amaral (hereinafter "Plaintiff") entered into a contractual agreement with Defendants Cosumnes River College and Los Rios Community College District (hereinafter "Cosumnes River College" and "Los Rios Community College District", respectively) for the purposes of obtaining numerous associate degrees in early childhood education, Spanish, social studies, and interdisciplinary studies.

111.     Plaintiff entered into this agreement in reliance of promises made by Cosumnes River College and Los Rios Community College District that Plaintiff would be provided the following academic accommodations in all her courses:

    a.  Alternate test location at DSPS

    b.  Extended time for tests and quizzes, including online courses (1.5x)

    c.  Distraction reduced test setting.

    d.  Preferential seating (i.e. front of the class)

    e.  Stand/move classroom periodically.

    f.  Bathroom access

    g.  Audio book

112.     In every contract in California, there is an implied covenant of good faith and fair dealing, which requires parties to a contract to act in good faith and not to do anything to unfairly interfere with the other party's right to receive the benefits of the contract. See Cal. Civ. Code § 3300 et seq.

113.     Defendants breached the covenant of good faith and fair dealing by not implementing Plaintiff's accommodations in Defendant Beloglovsky's courses as promised and as required by law.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

114.    Not only did Defendant Beloglovsky herself refuse to implement Plaintiff's academic accommodations in her classes, Cosumnes River College and Los Rios Community College District affirmed Defendant Beloglovsky's conduct, repeatedly telling Plaintiff that "nothing could be done" and prioritizing the professor over Plaintiff and other disabled students.

115.    Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**D. Plaintiff's Fourth Cause of Action Against All Defendants – Intentional Infliction of Emotional Distress**

116.    Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

117.    Intentional infliction of emotional distress requires: 1) that the defendant's conduct was outrageous; 2) that the defendant intended to cause the plaintiff emotional distress or that the defendant acted with reckless disregard of the probability that the plaintiff would suffer emotional distress, knowing that the plaintiff was present when the conduct occurred; 3) that the plaintiff suffered severe emotional distress; and 4) that the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress.

118.    It is extreme and outrageous for an educational institution, especially one as well-established as Los Rios Community College District, to fail to implement a disabled student's academic accommodations.

119.    Accommodations are intended to support disabled students and foster their academic success. Defendants made empty promises that Plaintiff would be given accommodations and then refused to help her when these accommodations were denied, acting as if nothing could be done. A simple email to Defendant Beloglovsky or a meeting demanding that she implement Plaintiff's disability accommodations would have immediately remedied the issue.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

120. Instead, Cosumnes River College and Los Rios Community College District allowed the situation to fester, and Plaintiff's grades in all of her courses suffered tremendously as a result.

121. Plaintiff's continued efforts to obtain her accommodations, which were not her sole responsibility, caused her great stress, increasing her medical appointments and distracting her from her studies.

122. Furthermore, without the needed accommodations, Plaintiff was unable to succeed in Defendant Beloglovsky's courses, which also caused her to suffer severe emotional distress as her grades suffered significantly.

123. Defendants' actions culminated in Plaintiff being forced to drop out of her final semester before obtaining her degrees.

124. Additionally, Plaintiff's full-ride scholarship to California State University, San Bernardino in the fall of 2022 was rescinded.

125. In consequence, Plaintiff's education and career are currently at a standstill and she continues to suffer severe emotional distress as a result of Defendant's conduct.

126. Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**E. Plaintiff's Fifth Cause of Action Against All Defendants – Negligence**

127. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

128. Negligence requires 1) that the defendant was negligent; 2) that the plaintiff was harmed; and 3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm.

129. Defendants were negligent in failing to implement Plaintiff's accommodations that were mandated and outlined in the Letter of Accommodation from Cosumnes River College's Disability Support Programs and Services.

23

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

130.     After receiving the Letter of Accommodation from both Plaintiff Lacey Amaral (hereinafter "Plaintiff") and Disability Support Programs and Services, Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky") failed to implement these accommodations in her courses. Plaintiff never received a compatible version of the textbooks to convert them into audiobooks and she was never given extended time for tests and quizzes in Defendant Beloglovsky's classes.

131.     During the many conversations between Plaintiff and the administration at Cosumnes River College, the administration failed to ensure that Plaintiff was receiving her accommodations.

132.     As a result of Defendants' conduct, Plaintiff suffered a severe reduction in her grades, which caused her to lose her financial aid, drop out, and not obtain her degree.

133.     Further, Plaintiff's full-ride scholarship with California State University, San Bernardino was rescinded.

134.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

   **F.  Plaintiff's Fifth Cause of Action Against All Defendants – Gross Negligence**

135.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

136.     Defendants demonstrated gross negligence through their actions and failures in implementing Plaintiff's disability accommodations. This includes but is not limited to the following actions and failures:

   a.  Failure to incorporate disability accommodations: Despite Plaintiff's documented disabilities and the issuance of a Letter of Accommodation, Defendants failed to

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

implement the required accommodations outlined in the letter. This failure shows a reckless disregard for Plaintiff's rights and well-being.

b. Refusal to meet and discuss accommodations: Defendant Beloglovsky refused to meet with Plaintiff to discuss the implementation of disability accommodations until well into the semester, after assignments were already due. This refusal to engage in timely discussions demonstrates a reckless disregard for Plaintiff's needs and shows a lack of care and attention.

c. Denial and dismissal of accommodations: During the meeting with Defendant Beloglovsky, Plaintiff's requests for accommodations were outright denied and dismissed. Defendant Beloglovsky stated that she typically does not give accommodations to students and refused to structure her class to meet Plaintiff's needs. This refusal, despite Plaintiff's documented disabilities, highlights a reckless disregard for Plaintiff's rights and a failure to exercise reasonable care.

d. Strict and unjust grading practices: Defendant Beloglovsky engaged in unnecessarily strict grading practices, marking down Plaintiff and other students for frivolous reasons. This demonstrates a lack of reasonable skill and care in evaluating Plaintiff's work and shows a reckless disregard for fair grading practices.

e. Inadequate response from the administration: The administration, including Emilie Mitchell, Ed Bush, and Tadael Emiru, failed to take appropriate action to ensure the implementation of Plaintiff's disability accommodations. Despite Plaintiff's efforts to seek assistance, they repeatedly told Plaintiff that nothing could be done and failed to address the gross negligence exhibited by Defendant Beloglovsky.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

137.     Defendants' gross negligence has a severe impact on Plaintiff's education and well-being. Plaintiff was unable to complete assignments due to the actions and inactions of Defendants, resulting in failing grades and the loss of financial aid. Additionally, Plaintiff's acceptance to attend California State University, San Bernardino, was revoked due to not graduating. This demonstrates the significant harm caused by the defendants' reckless actions.

138.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

G. Plaintiff's Sixth Cause of Action Against All Defendants – Violation of California Civil Code § 51 et seq.

139.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

140.     Defendants violated California Civil Code § 51 et seq., also known as the Unruh Civil Rights Act.

141.     California Civil Code § 51(b) prohibits discrimination on the basis of disability in the full and equal access to educational services. Plaintiff, who suffers from several documented disabilities, including autism, depression, anxiety, and others, sought reasonable accommodations as mandated by the California Educational Code and the Americans with Disabilities Act. However, Defendants, including Defendant Beloglovsky and the administration at Cosumnes River College, repeatedly refused to implement Plaintiff's disability accommodations, denying her full and equal access to educational services. This failure to provide reasonable accommodations constitutes discrimination based on disability under the Unruh Civil Rights Act.

142.     Additionally, under this code, institutions are required to make reasonable academic adjustments to accommodate students with disabilities. Plaintiff submitted a Letter of

26

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

Accommodation to Defendant Beloglovsky, clearly outlining the necessary academic adjustments, such as extended time for tests and quizzes, preferential seating, and access to audiobooks. However, Defendant Beloglovsky and the administration at Cosumnes River College neglected their obligation to provide these reasonable academic adjustments. Their refusal to implement Plaintiff's disability accommodations directly contravened the requirements of the Unruh Civil Rights Act.

143.    California Civil Code § 51.7 also prohibits retaliation or harassment against individuals based on their disability or medical condition. Despite Plaintiff's persistent efforts to assert her rights and seek assistance, she faced mistreatment, belittlement, and harassment from Defendant Beloglovsky and other professors. Defendant Beloglovsky's refusal to discuss Plaintiff's disability accommodations, her strict grading practices, and her dismissal of Plaintiff's questions and concerns constituted retaliatory and harassing conduct. This behavior created a hostile educational environment for Plaintiff, further violating the Unruh Civil Rights Act.

144.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**H. Plaintiff's Seventh Cause of Action Against All Defendants – Violation of 42 U.S.C. § 12182 et seq.**

145.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

146.    Title III of the ADA (42 U.S.C. § 12182) prohibits discrimination on the basis of disability in places of public accommodation, which includes educational institutions like Cosumnes River College and Los Rios Community College District.

147.    Plaintiff, who has disclosed disabilities, sought reasonable accommodations in accordance with their rights under the ADA.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

148.    Defendants, including Cosumnes River College, Los Rios Community College District, and Professor Beloglovsky, as agents of the educational institutions, had a legal obligation to provide reasonable accommodations to Plaintiff.

149.    Plaintiff provided a Letter of Accommodation to Defendant Beloglovsky and notified her of the mandatory accommodations required for their disabilities.

150.    Despite receiving notice and confirmation of receipt, Defendant Beloglovsky failed to implement Plaintiff's disability accommodations, including extended time for tests and quizzes, distraction-reduced test setting, preferential seating, and access to audio books.

151.    Defendant Beloglovsky demonstrated a refusal to meet with Plaintiff to discuss the accommodations, dismissed Plaintiff's questions, and explicitly stated that she typically does not give accommodations to students who require them.

152.    Defendants failed to intervene and ensure the implementation of Plaintiff's disability accommodations, despite Plaintiff's efforts to seek assistance from administrators.

153.    Defendants' actions, such as refusing to implement accommodations, being unresponsive, providing unclear instructions, and engaging in strict grading practices, resulted in Plaintiff being denied equal access to education and an inclusive learning environment.

154.    The denial of reasonable accommodations interfered with Plaintiff's ability to complete assignments, resulted in failing grades, loss of financial aid, and the inability to progress in their educational pursuits.

155.    Defendants' failure to provide reasonable accommodations and their dismissive and unsupportive conduct may constitute discrimination based on disability, in violation of the ADA's Title III.

156.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

**I.  Plaintiff's Eight Cause of Action Against All Defendants – Promissory Estoppel**

157.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

158.     Defendants made a clear and unambiguous promise or representation through their, that Plaintiff would receive the necessary accommodations to successfully complete her courses. Plaintiff relied on this promise and enrolled in the program, maintained her grade point average, and planned her academic progression accordingly. However, Defendants failed to fulfill their promise by refusing to implement the accommodations, delaying meetings, and dismissing the plaintiff's concerns. As a result, Plaintiff suffered significant harm, including failing grades, loss of financial aid, and disrupted educational and career plans.

159.     Defendants should have been estopped from denying Plaintiff the accommodations she relied upon, as it was unfair and unjust for them to go back on their promise after Plaintiff detrimentally relied on it. The doctrine of promissory estoppel seeks to prevent injustice by enforcing promises made under circumstances where one party reasonably relied on the promise to their detriment.

160.     Defendants' actions, promises, and subsequent failure to fulfill those promises led to detrimental reliance and harm. Plaintiff's expectation of receiving accommodations based on past practices and the mandated disability accommodations created a legitimate expectation that the defendants would follow through with their promise. Plaintiff suffered significant negative consequences due to Defendants' refusal to implement the accommodations and their dismissive behavior.

161.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

**J.  Plaintiff's Ninth Cause of Action Against All Defendants – Negligent Infliction of Emotional Distress**

162.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

163.    Defendants have contributed and caused Plaintiff's distress through their negligent actions and omissions.

164.    Defendants neglected their duty to provide Plaintiff with the necessary disability accommodations mandated by the California Educational Code and Americans with Disabilities Act.

165.    Defendant Belogiovsky not only ignored the plaintiff's attempts to discuss the implementation of her disability accommodations but also explicitly stated that she typically does not provide accommodations to students who require them to teach them to be more independent. This refusal to engage in a meaningful discussion or consider Plaintiff's needs demonstrates a negligent disregard for the plaintiff's rights and well-being.

166.    Despite being informed of Plaintiff's disabilities and receiving a Letter of Accommodation, Defendants failed to fulfill their obligation to ensure Plaintiff's equal access to education.

167.    Defendants' negligent actions, along with the prolonged process of seeking accommodations, caused a severe decline in Plaintiff's mental health. The additional stress, frustration, and emotional turmoil resulting from Defendants' behavior exacerbated Plaintiff's existing medical conditions. This negligent infliction of emotional distress worsened the Plaintiff's overall well-being and necessitated an increase in medical appointments and associated expenses.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

168.    Defendants' negligent conduct, which includes the failure to implement disability accommodations, refusal to engage in discussions, unreasonable grading practices, inadequate response to grievances, and the resulting harm to Plaintiff's academic and personal life, support the claim of negligent infliction of emotional distress.

169.    Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**K. Plaintiff's Tenth Cause of Action Against All Defendants – Negligent Hiring and Retention**

170.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

171.    Defendants, Cosumnes River Colleges and Los Rios Community College District should be held liable for Negligent Hiring and Retention due to their actions in employing and retaining Defendant Miriam Beloglovsky as a professor. Defendants, as the employers, have a duty to exercise reasonable care in selecting and retaining employees who will not pose a risk or harm to others. However, they failed to fulfill this duty.

172.    Defendant Beloglovsky, as an agent of Cosumnes River College and Los Rios Community College District, engaged in a series of actions that negatively impacted Plaintiff's educational experience and violated her rights under the California Educational Code and Americans with Disabilities Act.

173.    Despite being provided with a Letter of Accommodation from Disability Support Programs and Services, Defendant Beloglovsky refused to discuss and implement Plaintiff's mandated accommodations, which were crucial for Plaintiff's success in the courses.

174.    Defendant Beloglovsky's poor ratings on "Rate My Professors" indicate a history of similar issues, including strict grading, unresponsiveness, and lack of support. This suggests that Defendants should have been aware of her potential to harm students' educational experiences.

**PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT**

175.     As a result of Defendants' negligent hiring and retention, Plaintiff suffered severe emotional distress, physical manifestations of her disabilities, financial losses due to losing her financial aid, and the inability to complete her degrees and pursue further education at California State University, San Bernardino.

176.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## V. Prayer for Relief

Wherefore, Plaintiff prays for requests that the Court grant the following relief:

a.   Compensatory damages in the amount of $3,500,000;

b.   Statutory Damages in the amount to be determined according to proof;

c.   Punitive damages as determined by the trier of fact;

d.   Reasonable Attorney's Fees;

e.   The costs of the suit incurred herein;

f.   Pre-judgment interest, and;

g.   Any and all other relief that the Court determines to be Just and Proper.

## VI. Jury Demand Requested

Plaintiff respectfully requests a jury to decide on all causes of action.

DATED: August 14, 2023

JAMES L. ARRASMITH

Attorney for Plaintiff Lacey Amaral

PLAINTIFF LACEY AMARAL'S CIVIL COMPLAINT

1   James L. Arrasmith, SBN # 332498
    The Law Office of James L. Arrasmith
2   9719 Lincoln Village Drive #507
    Sacramento, California 95827
3   Phone: (916) 704-3009
    Email: jarrasmith@pm.me
4   *Attorney for Lacey Amaral*

Filed
Superior Court of California
Sacramento
05/22/2023
wollmes
By _____ , Deputy
23CV007275

BY FAX

5

6               SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                       COUNTY OF SACRAMENTO

8

9   LACEY AMARAL,                        )   Case No.:
                                         )
10      Plaintiff,                       )
                                         )
11                                       )   **PLAINTIFF LACEY AMARAL'S**
                                         )   **EXHIBIT LIST**
12      v.                               )
                                         )
13  MIRIAM BELOGLOVSKY, CONSUMNES        )   SET ONE
    RIVER COLLEGE, LOS RIOS              )
14  COMMUNITY COLLEGE DISTRICT and       )
    DOES 1-50, Defendants.               )
15                                       )
                                         )
16                                       )
                                         )
17                                       )

18

19  EXHIBIT ONE,
20      Tort Claims ………………………………………………..……… 02
        EXHIBIT TWO,
21      Folsom Lake College Rejection Notice ……………………..……………..…… 21
22  EXHIBIT THREE,
23      County of Folsom Rejection Notice ……..…………..………………………….. 51

24

25

26

27

28

---

        PLAINTIFF LACEY AMARAL'S EXHIBIT LIST, SET ONE            1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

## TORT CLAIMS

PLAINTIFF LACEY AMARAL'S EXHIBIT LIST, SET ONE                    2

# CLAIM AGAINST THE CITY OF FOLSOM
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** █████████

**Driver's License Number:** Y4236541

**Social Security Number:** ████████

**Name of where claim is to be sent:** City of Folsom

**Phone Number of where claim is to be sent:** 916.461.6000

**Address of where claim is to be sent:** 50 Natomas Street, Folsom, CA 95630

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had this not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

3

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled, leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramirez, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326

4

3.  Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4.  Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.  Vistasol Dental, Noushin Adhami -- 323.346.0555

6.  Gynecology, Dr. Patrick Maloney -- 626.962.9884

7.  Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.  Cardiology, Dr. Prakash Patel - 626.332.1815

9.  Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016


Is this a Limited Civil Case? NO

AMOUNT OF CLAIM: $3,500,000


Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000


All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009


Relationship to Claimant: Attorney

Signature: _James Arrasmith_                    Date: Jan 24, 2023


Claimant Signature: _____                    Date: Jan 24, 2023

# CLAIM AGAINST SACRAMENTO CITY COLLEGE
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** ███████

**Driver's License Number:** Y4236541

**Social Security Number:** ███████

**Name of where claim is to be sent:** Sacramento City College

**Phone Number of where claim is to be sent:** 916.558.2111

**Address of where claim is to be sent:** 3835 Freeport Blvd, Sacramento 95822

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

6

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**

1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.  Citrus Valley Gastroenterology, Dr. Patrick Truong - 626.960.2326

3.  Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida - 323.553.1475

4.  Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.  Vistasol Dental, Noushin Adhami -- 323.346.0555

6.  Gynecology, Dr. Patrick Maloney -- 626.962.9884

7.  Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.  Cardiology, Dr. Prakash Patel -- 626.332.1815

9.  Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016

Is this a Limited Civil Case? NO

AM ONT OF CLAM $3,500,000

**Dollar Amount Explanation:**

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: *James Arrasmith*          Date: Jan 24, 2023

Claimant Signature: _____          Date: Jan 24, 2023

# CLAIM AGAINST FOLSOM LAKE COMMUNITY COLLEGE
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** █████████

**Driver's License Number:** Y4236541

**Social Security Number:** ████████

**Name of where claim is to be sent:** Folsom Lake Community College

**Phone Number of where claim is to be sent:** 916.608.6500

**Address of where claim is to be sent:** 10 College Parkway, Folsom CA 95630

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

9

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**
  1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2. Citrus Valley Gastroenterology, Dr. Patrick Truong - 626.960.2326

3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4. Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5. Vistasol Dental, Noushin Adhami -- 323.346.0555

6. Gynecology, Dr. Patrick Maloney    626.962.9884

7. Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8. Cardiology, Dr. Prakash Patel -- 626.332.1815

9. Cardiology, Dr. Tony Nguyen - 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina - 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM - $3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: *James Arrasmith*    Date: Jan 24, 2023

Claimant Signature: _____    Date: Jan 24, 2023

## CLAIM AGAINST AMERICAN RIVER COLLEGE
### GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received: January 19, 2023**

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** ██████████

**Driver's License Number:** Y4236541

**Social Security Number:** ████████

**Name of where claim is to be sent:** American River College

**Phone Number of where claim is to be sent:** 916.484.8011

**Address of where claim is to be sent:** 4700 College Oak Drive, Sacramento, CA 95841

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

**12**

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**
   1.  Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.  Citrus Valley Gastroenterology, Dr. Patrick Truong -- 626.960.2326

3.  Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4.  Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.  Vistasol Dental, Noushin Adhami -- 323.346.0555

6.  Gynecology, Dr. Patrick Maloney - 626.962.9884

7.  Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.  Cardiology, Dr. Prakash Patel -- 626.332.1815

9.  Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016


Is this a Limited Civil Case? NO

AMOUNT OF CLAIM - $3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000


All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009


Relationship to Claimant: Attorney

Signature: *James Arrasmith*                        Date: Jan 24, 2023


Claimant Signature: *signature*                     Date: Jan 24, 2023

14

## CLAIM AGAINST CONSUMNES RIVER COLLEGE
### GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ███████████
**Driver's License Number:** Y4236541
**Social Security Number:** ███████████

**Name of where claim is to be sent:** Consumnes River College
**Phone Number of where claim is to be sent:** 916.691.7344
**Address of where claim is to be sent:** 8401 Center Parkway, Sacramento, CA 95823

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

15

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled, leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**

1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.   Citrus Valley Gastroenterology, Dr. Patrick Truong · 626.960.2326

3.   Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4.   Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.   Vistasol Dental, Noushin Adhami -- 323.346.0555

6.   Gynecology, Dr. Patrick Maloney -- 626.962.9884

7.   Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.   Cardiology, Dr. Prakash Patel -- 626.332.1815

9.   Cardiology, Dr. Tony Nguyen -- 323.268.2200

10.  Sunny Hills Behavioral Health, Dr. Gudaptai  · 714.773.4111

11.  Gastroenterologist, Dr. Amit Raina -- 626.960.3016


**Is this a Limited Civil Case?** NO

**AMOUNT OF CLAIM - $3,500.000**


**Dollar Amount Explanation:**

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000


**All notices and/ or communications should be sent to:**

**Name:** James L. Arrasmith, The Law Offices of James L. Arrasmith

**Address:** 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

**Phone Number:** 916.704.3009


**Relationship to Claimant:** Attorney


**Signature:** _James Arrasmith_          **Date:** Jan 24, 2023


**Claimant Signature:** _____          **Date:** Jan 24, 2023

# CLAIM AGAINST LOSRIO SCOM ENITY COLLEGEISTRICT
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** █████████
**Driver's License Number:** Y4236541
**Social Security Number:** █████████

**Name of where claim is to be sent:** Los Rios Community College District
**Phone Number of where claim is to be sent:**
**Address of where claim is to be sent:**

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Consumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention-deficit/hyperactivity disorder, obsessive compulsive personality disorder, stress-induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do

18

better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramirez, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s), Addresses, and Phone Numbers of any doctors, hospitals, therapists, medical providers, etc.**
   1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479

2.  Citrus Valley Gastroenterology, Dr. Patrick Truong -- 626.960.2326

3.  Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida -- 323.553.1475

4.  Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555

5.  Vistasol Dental, Noushin Adhami -- 323.346.0555

6.  Gynecology, Dr. Patrick Maloney -- 626.962.9884

7.  Dermatology, Dr. Leopoldo Hernandez -- 323.261.3161

8.  Cardiology, Dr. Prakash Patel -- 626.332.1815

9.  Cardiology, Dr. Tony Nguyen -- 323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudaptai -- 714.773.4111

11. Gastroenterologist, Dr. Amit Raina -- 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM -- $3,500,000

**Dollar Amount Explanation:**

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/ or communications should be sent to:

Name: James L. Arrasmith, The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_                    Date: Jan 24, 2023

Claimant Signature: _____        Date: Jan 24, 2023

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

## FOLSOM LAKE COLLEGE REJECTON NOTICE

# Keenan

1111 Broadway, Suite 2000
Oakland, CA 94607

(800)344-8507
(510)986-6756 fax
www.keenan.com
CA License #0451271

March 10, 2023

Lacey Amaral
6909 Sailboat Way
Sacramento CA  95831-2511

RE:   **Lacey Amaral vs. Los Rios CCD - Folsom Lake College**
       Keenan File No: 618908
       Date of Loss:  01/18/2022

Dear Ms. Amaral:

Keenan & Associates is the claims administrator for Los Rios CCD - Folsom Lake College. Notice
is hereby given that the claim you presented to Los Rios CCD - Folsom Lake College on 1/25/2023
was rejected on 3/10/2023 by operation of law.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally
delivered or deposited in the mail to file a court action in the State of California on this claim.  See
Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is
mandated by the California Government Tort Claims Act, Government Code sections 900 et seq.
Other causes of action, including those arising under federal law, may have shorter time limitations
for filing.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire
to consult an attorney, you should do so immediately.

Sincerely,

Sarah Bateman
Claims Examiner
sbateman@keenan.com
Property & Liability Claims Administration

22

## PROOF OF SERVICE BY MAIL

### STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. My business address is 1111 Broadway, Suite 2000, Oakland, CA 94607.

On March 10, 2023, I served the foregoing document(s) described as: Operation of Law Rejection, in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Lacey Rose Amaral
6909 Sailboat Way
Sacramento, CA 95831

With postage thereon fully prepaid for collection and mailing at Oakland, California.

I am readily familiar with the regular mail collection and processing practices of the business, that the mail would be deposited with the United States Postal Service that same day in the ordinary course of business, and that the envelope was sealed and deposited for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2023 in Alameda County, California.

Sarah Bateman

23

## CLAIM AGAINST THE CITY OF RANCHO CORDOVA
### (For damages to persons or personal property)

Date Received: __12.27.2022__

Claims must be filed with the City of Rancho Cordova **within six months** after which the incident or event occurred.

Completed claims must be mailed or delivered to:      City Clerk
City of Rancho Cordova
2729 Prospect Park Drive
Rancho Cordova, CA  95670

The undersigned respectfully submits the following claim and information relative to damage to persons and/or property:

**NAME OF CLAIMANT:** __Lacey R. Amaral__

**ADDRESS OF CLAIMANT:** __6909 Sailboat Way__   __Sacramento__   __CA__   __95831__
                          Street          City        State   Zip Code

**PHONE NO.  Home:** __707-350-2868__   **Business:** __N/A__   **Date of Birth** ███████

**SOCIAL SECURITY NO.:** ███████   **DRIVER'S LICENSE NO.:** __Y4236541__

Name, telephone number and mailing address to which claimant _____
desires notices to be sent if other than above:

_____

_____

Occurrence or event from which the claim arises:

**DATE:** __Jan 18 – Present__   **TIME:** _____   **PLACE** (exact and specific location):

_____

How and under what circumstances did damage or injury occur?  Describe the particular occurrence, event, act, or omission you claim caused the damage or injury. (use additional paper if necessary):

## See attachment.

_____

_____

P:\City Clerk\Claims\Claim Forms\Claim Form.doc

24

If there were no injuries, state "no injuries"    See attachment.

Give the name(s) of the City employee(s) or name of department causing the damage or injury:
See attachment.

Damages claimed:

Damages incurred to date: (itemized)

   See attachment.                                        $ See attachment



Estimated prospective damages as far as known

   See attachment.                                        $ See attachment


                                             $ $3,500,000

Name and addresses of all witnesses, hospitals, doctors, etc.

a.   See attachment.

b.

c.

d.

Any additional information that might be helpful in considering claim    See attachment.



**WARNING: IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM.** (Penal code 72; Insurance code 556.1)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the foregoing is TRUE and CORRECT.

Signed this 27     day of December , 20 22    at 12PM

SIGNATURE:


P:\City Clerk\Claims\Claim Forms\Claim Form.doc

Final Audit Report                                                                 2022-12-27

| Created | 2022-12-27 |
|---|---|
| By | James Arrasmith (arrasmith.james@gmail.com) |
| Status | Signed |
| Transaction ID | CBJCHBCAABAA1owAqxdb0lg4hbw4rkDOfQ1d3IDABvABvDb5 |

## "Rancho Cordova" History

Document created by James Arrasmith (arrasmith.james@gmail.com)
2022-12-27 - 7:46:07 PM GMT- IP address: 71.192.241.227

Document emailed to lacey_amaral@sbcglobal.net for signature
2022-12-27 - 7:47:37 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2022-12-27 - 8:47:22 PM GMT- IP address: 99-147-63-72

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2022-12-27 - 8:48:11 PM GMT- IP address: 99-203-104-16

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signature Date: 2022-12-27 - 8:48:34 PM GMT - Time Source: server - IP address: 99-203-104

Agreement completed!
2022-12-27 - 8:48:34 PM GMT

Adobe Acrobat Sign

26

# TORT CLAIM ATTACHMENT
## GOVERNMENT CODE SECTION 810-996.6
### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ███████
**Driver's License Number:** Y4236541
**Social Security Number** ███████

**Date of Damage(s):** Jan 18th, 2022 -- Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

27

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury: Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.**

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami – 323.346.0555
5. Vistasol Dental, Noushin Adhami – 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8.  Cardiology, Dr. Prakash Patel - 626.332.1815
9.  Cardiology, Dr. Tony Nguyen - 323.268.2269
10. Sunny Hills Behavioral Health, Dr. Gudapati - 714.773.4111
11. Gastroenterologist, Dr. Amit Raina - 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM

$3,500,000

Dollar Amount Explanation:

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/or communications should be sent to:

Name: The Law Offices of James L. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_          Date: Jan 24, 2023

Claimant Signature: _____          Date: Jan 24, 2023

29

County Executive
Navdeep S. Gill



Board of Supervisors
Phil Serna, District 1
Patrick Kennedy, District 2
Susan Peters, District 3
Sue Frost, District 4
Don Nottoli, District 5

# Filing a Claim Against
# County of Sacramento

## Claims MUST be filed at the following location:

County of Sacramento
Clerk, Board of Supervisors
700 H Street, Rm. 2450
Sacramento, CA 95814

## Questions regarding the claims process should be referred to:

County of Sacramento
Risk Management Office
(916) 876-5251

You must file your claim form, by mail or in person, with the Clerk of the Board of Supervisors, 700 H Street, Rm. 2450, Sacramento, CA 95814, within the time limits prescribed by Government Code section 911.2, which states: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than six months after the accrual of the cause of action.  A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action."

The claim shall be signed by you or by some person on your behalf, and shall include all of the information required by Government Code section 910.

Risk Management Office, P.O. Box 279150, Sacramento, CA 95827  Telephone (916) 876 - 5251  Fax (916) 875 - 5456
www.saccounty.net

Rev. 1-17

County of Sacramento Self-Insurance Program

The County of Sacramento is a self-insured public entity, which operates its claims program in accordance with regulations that are set forth in the Government Code of the State of California. With self-insurance, a business pays for its losses with its own resources. Since the County is a self-insured public entity, **you are strongly urged to read all instructions and make yourself aware of the rules and regulations that apply to filing a claim against a public entity.** If you do not comply with the filing requirements, your claim may be returned as insufficient (Government Code section 910.8)

Are you filing a late claim?

Government Code Section 911.2 states: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action

If you are filing your tort claim after the six-month filing period, you must explain to the County your reason(s) for the delay. This is called an "Application for Leave to Present a Late Claim" (see Govt. Code section 911.4). There is no application form, therefore your application should be in the form of a letter with the proposed claim attached. The County shall consider the application in accordance with Government Code section 911.6, which lists legally acceptable reasons for filing a late claim. The County shall decide whether the application will be accepted. The County will consider the merits of the actual claim **only** if the "Application for Leave to Present a Late Claim" has been accepted

## Completing the Claim Form

1. **Claimant Name** Full name of the person claiming injury or damage

2. **Date of Birth** Date claimant was born. The County must know if the claim is being filed by, or on behalf of a minor

3. **Claimant's Address** Current Post Office address of the claimant

4. **Address Where Notices Are To Be Sent** The Post Office address to which the person presenting the claim desires notices to be sent

5. **Phone Numbers** Provide current home and work phone numbers. If you have a mobile phone, provide that as well

6. **E-mail address** Current e-mail address for claimant

7. **Amount of Claim** Enter total amount of your claim as of the date of presentation of the claim, which includes the estimated amount of any prospective injury/damage/loss, insofar as it may be known at time of presentation of the claim

8. **Itemized List of Expenses/Damages** Provide a breakdown of the amount of your total claim shown in item #7. The claimant must provide the basis of computation of the amount claimed. For property damage claims, please include one (1) estimate if the repairs are going to be under $1,000, and two (2) estimates if the repairs are going to be over $1,000

9. **Date of Accident / Incident / Loss** Exact date of Accident/Incident/Loss that caused your alleged damage or injury

10. **Location of Accident / Incident / Loss** Please provide a specific location where the Accident/Incident/Loss that caused your alleged damage or injury occurred. Include as much information as you can with respect to the location. This is vital to the investigation of your claim. A diagram has been provided for your convenience

11. **How Did This Accident / Incident / Loss Occur?** Detailed account of events that led to your alleged damage/injury. Include all information supporting your claim that the County is responsible for the alleged damage/injury

12. **Describe Damage / Injury / Loss** Provide a detailed account of your alleged damage or injury that resulted from the Accident / Incident / Loss

13. **Name(s) of Public Employees Causing Damage/Injury/Loss (if known)** Please list the name(s) of the County employee(s), and/or the County Department that allegedly caused your damage or injury

14. **Are you receiving Medicare, or will you be receiving Medicare in the next 3 years?** Circle "Yes" or "No"

15. **Signature of Claimant/Representative** Claim may be presented by claimant, or by a person acting on their behalf

Risk Management Office. P.O. Box 276130. Sacramento, CA 95827. Telephone (916) 876 - 5261 Fax (916) 876 - 5156
www.saccounty.net

Rev. 1-17

LOCATION DIAGRAM

Indicate Directional Points on the Compass (N, S, E, W)

1. Identify streets
2. If vehicles are involved, indicate COUNTY VEHICLE as #1, and all others in numerical sequence.

Risk Management Office P.O. Box 276110  Sacramento  CA 95827   Telephone  (916) 876 - 5251  Fax  (916) 876   9156
www.saccounty.net

Rev. 1/12

32

May file in person, or mail form to: Clerk, Board of Supervisors, 700 H Street, Rm. 2450, Sacramento, CA 95814
Please keep one (1) copy for your records · Print/Type Only

# CLAIM AGAINST THE COUNTY OF SACRAMENTO

CLAIM NUMBER (Ref: BC 0847)

**1. Claimant's Name** Amaral                Lacey              R      **2. Date of Birth** ▮▮▮▮▮▮▮
              Last                      First              M.I

**3. Claimant's Address**
6909 Sailboat Way                    Sacramento          CA          95831
Street (or P.O. Box)                   City                 State        Zip Code

**4. Address Where Correspondence Should Be Sent (if different from above)**
Name: The Law Offices of James L. Arrasmith

P.O. Box 60007                      Los Angeles          Calif        90060
Street (or P.O. Box)                   City                 State        Zip Code

**5. Phone Number**    707-350-2868                 N/A                  N/A
           Home                        Work                 Other

**6. E-mail address**          lacey.amaral@bubblist.net

**7. Amount of Claim**  $     3,500,000                        Board of Supervisors Stamp

**8. Itemized List of Claimed Expenses / Damages (should equal Line 7)**

| ITEM | DOLLAR AMOUNT |
|---|---|
| See attachment | :  See attachment |
| See attachment | :  See attachment |
| See attachment | .  See attachment |

(Please attach any estimates' and/or receipts to your claim)
*1 estimate if repairs are less than $1,000     **TOTAL CLAIM** $   See attachment.
*2 estimates if repairs are more than $1,000                              Do Not Write In This Space

**9. Date of Accident / Incident / Loss:**                    Jan 18th - Present

**10. Location of Accident / Incident / Loss:** ____         See attachment

**11. Provide your description of how the Accident / Incident / Loss Occurred**  See attachment

**12. Describe Damage / Injury / Losses being claimed** (including prospective Damage / Injury / Losses to the extent it is known at the time of claim filing)
See attachment.

**13. Name(s) of Public Employee(s) Involved.**    See attachment

**14. Are you receiving Medicare, or will you be receiving Medicare in the next 3 years?**  ☐ YES  or  NO ☒

Section 72 of the Penal Code states: "Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison, or by a fine not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine."

**15. Signature of Claimant/Representative:** _Project_        DATE    12/27/22

You must present your claim within the time prescribed by Govt. Code Section 911.2.

33

Final Audit Report                                                    2022-12-27

| Created: | 2022-12-27 |
| By: | James Arrasmith (arrasmith.james@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAoCarx_eP74qqeCq17S9442-bqqBSbnW |

## "Sacramento County" History

Document created by James Arrasmith (arrasmith.james@gmail.com)
2022-12-27 - 6:58:38 PM GMT- IP address: 70.187.241.122

Document emailed to lacey_amaral@sbcglobal.net for signature
2022-12-27 - 7:06:24 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2022-12-27 - 9:23:14 GMT- IP address: 99.147.91.13

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2022-12-27 - 9:55:51 PM GMT- IP address: 68.206.95.152

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signing Date: 2022-12-27 - 9:56:53 PM GMT - Time Source: server- IP address: 68.206.95.152

Agreement completed
2022-12-27 - 9:56:53 PM GMT

 Adobe Acrobat Sign

## TORT CLAIM ATTACHMENT
### GOVERNMENT CODE SECTION 810-996.6
#### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral

**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831

**Phone Number:** 707.350.2868

**Birthdate:** ███████████

**Driver's License Number:** Y4236541

**Social Security Number:** █████████

**Date of Damage(s):** Jan 18th, 2022 – Present

**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District

**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

35

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami – 323.346.0555
5. Vistasol Dental, Noushin Adhami – 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8.  Cardiology, Dr. Prakash Patel - 626.332.1815
9.  Cardiology, Dr. Tony Nguyen - 323.268.2200
10. Sunny Hills Behavioral Health, Dr. Gudaptai - 714.773.4111
11. Gastroenterologist, Dr. Amit Rana - 626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM

$3,500,000

Dollar Amount Explanation:
Medical and Health Damages: $160,000
Educational Damages: $20,000
Income Damages: $3,000,000
Other: $80,000

All notices and/or communications should be sent to:
Name: The Law Offices of James L. Arrasmith
Address: 9719 Lincoln Village Drive Unit 507, Sacramento, CA 95827
Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_        Date: Jan 24, 2023

Claimant Signature: _____        Date: Jan 24, 2023

## CITY OF SACRAMENTO - CLAIM FORM

**** PLEASE READ INSTRUCTIONS ON OTHER SIDE FIRST ****

Name of Claimant: Lacey _____ R _____ Amaral
                    *(First Name)*        *(Middle Initial)*        *(Last Name)*

Home Address  6909 Sailboat Way
City, State, Zip:  Sacramento, CA 95831
Daytime 7078502868   Evening 7078502868

Type of Loss ○ Personal Injury   ○ Other See attachment.    Police Report # N/A
             ○ Property Damage   ○ Indemnity-Date complaint served
When did injury or damage occur? Jan 18th - Present                    AM/PM

Where did injury or damage occur? *(Street address, intersecting streets  or other location)* See attachment.

How did injury or damage occur? *(Describe accident or occurrence)* See attachment.

What action or inaction of City employee(s) caused your injury or damage? See attachment.

What injury or damage did you suffer? See attachment
See attachment.

Name of any witnesses   N/A
                        *(Name)*              *(Address)*            *(Phone Number)*
                        N/A
                        *(Name)*              *(Address)*            *(Phone Number)*
Name of City employee(s) involved: See attachment.

Amount of Claim:  Personal Injury $_____  Property Damage $_____  Other $ 3,500,000
Limited Civil Case: Yes ___X___  No X

*State the amount of your claim if the total amount is $10,000.00 or less. If it is over $10,000.00, no dollar amount shall be stated, but you are required to state whether the claim would be a limited civil case (total amount of claim does not exceed $25,000).*

$3,500,000

### ALL NOTICES AND/OR COMMUNICATIONS SHOULD BE SENT TO:

Name  The Law Offices of James L. Arrasmith          Daytime Phone ( 916 ) 704-3009

Address *(Street, City, State, Zip)*:
9719 Lincoln Village Dr., #507. Sacramento, CA 95827

WARNING

It is unlawful to knowingly present or cause to be presented any false or fraudulent claim for payment of a loss or injury. (P.C. § 550(a)(1).) Every person who violates this paragraph is guilty of a felony punishable by imprisonment in state prison for two, three or five years and by a fine not exceeding fifty thousand dollars ($50,000). (P.C. § 550(c)(1).) Pursuant to Code of Civil Procedure § 1038, the City may seek to recover all costs of defense in the event an action is filed that is later determined not to have been brought in good faith and with reasonable cause.

Declaration and Signature of Claimant(s):  I declare under penalty of perjury that I have read the foregoing claim for damages and know the contents thereof; that the same is true of my knowledge and belief, save and except as to those matters stated on information and belief, and as to them, I believe to be true.
Signature _____                                Date  Dec 27, 2022
CCFORM 6  Rev 12-14

You are required by law to provide the information requested on page 1 in order to comply with Government Code § 910 and § 910.2. Additionally, in order to conduct a timely investigation the City of Sacramento requests that you provide additional information:

1. Claimant(s) Social Security Numbers(s): ██████████

2. Claimant(s) Date of Birth: ██████████

3. Claimant's Driver's License Number and State: Y4236541, CA

4. Are you a Medicare Beneficiary? ☐ Yes ☑ No

5. Medicare HICN number: N/A

6. If the claim involves a motor vehicle incident, please provide the following information:

Claimant(s) Insurance Company: N/A          Telephone: N/A

Insurance Policy No.: N/A

Insurance Agent: N/A          Telephone: N/A

Claimant's Vehicle Year/Make/Model N/A          License Plate No. N/A

Please check here if there was no insurance coverage in effect at the time of the incident.
*(Please attach any repair bills, estimates, and photographs of your vehicle damage.)*

7. If this claim involves medical treatment for a claimed injury, please provide the name, address and telephone number of any doctors, hospitals or other medical providers (e.g. chiropractors, physical therapists, acupuncturists, etc.) providing treatment. (Government Code § 985).
See attachment.

8. Additionally, please provide the name, address and telephone number of any insurance company (or other similar entity), which has or is expected to make payments to you or any medical provider on your behalf as a result of your claimed injuries (e.g., Medi-Cal, unemployment insurance, disability insurance, etc.). (Government § 985(c).) See attachment.

2

39

# CLAIM AGAINST THE CITY OF SACRAMENTO

**INSTRUCTIONS**
Please provide an original of the "City of Sacramento- Claim Form." The original, together with one copy of all attachments, are to be filed with the Office of the City Clerk. Retain one copy for your records. Please send to this address:

> Office of the City Clerk
> 915 I Street
> 5th Floor, New City Hall Bldg.
> Sacramento, CA 95814

**NOTICE:** The City Clerk's Office is the **ONLY** office to which claims may be submitted. Claims are NOT to be sent to the City Attorney, Risk Management, or any other City Department.

**Please fill out claim form as instructed. Missing information will delay the processing of your claim. Please Print.**

**PROCEDURES**

Claims received by the Office of the City Clerk are forwarded to the City's Claims Administrator. All claimants are then notified what action will be taken within 45 days (plus additional days if the form is mailed to the City Clerk), or otherwise notified as to the claim itself.

If your claim is recommended for denial you will be sent a letter notifying you of the action taken, and any further action necessary or available to you.

The Sacramento Housing and Redevelopment Agency, Sacramento Regional Transit, County of Sacramento, Sacramento Municipal Utilities District, and the Sacramento Unified School District are separate from the City of Sacramento and any claims against them must be submitted directly to the Agency or Authority.

***\*\*\*ALL CLAIMS ARE PUBLIC RECORD\*\*\****

3

40

Final Audit Report                                                    2022-12-27

## "Sacramento City" History

Document created by James Arrasmith (arrasmith.james@gmail.com)
2022-12-27 - 8:06:52 PM GMT - IP address: 73.181.241.227

Document emailed to lacey_amaral@sbcglobal.net for signature
2022-12-27 - 8:34:35 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2022-12-27 - 8:38:37 PM GMT - IP address: 66.147.117.227

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2022-12-27 - 8:40:05 PM GMT - IP address: 66.147.117.227

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signature Date: 2022-12-27 - 8:40:37 PM GMT - Time Source: server- IP address: 66.147.117.227

Agreement completed.
2022-12-27 - 8:40:37 PM GMT

Adobe Acrobat Sign

## TORT CLAIM ATTACHMENT
### GOVERNMENT CODE SECTION 810-996.6
#### (For damages to persons or personal property)

**Date Received:** January 19, 2023

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ▇▇▇▇▇▇▇▇▇
**Driver's License Number:** Y4236541
**Social Security Number:** ▇▇▇▇▇▇▇

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

42

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami – 323.346.0555
5. Vistasol Dental, Noushin Adhami – 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8.  Cardiology, Dr. Prakash Patel    626.332.1815

9.  Cardiology, Dr. Tony Nguyen    323.268.2200

10. Sunny Hills Behavioral Health, Dr. Gudapati - 714.773.4111

11. Gastroenterologist, Dr. Amit Rana - 626.960.3016

Is this a Limited Civil Case? NO

## AMOUNT OF CLAIM

## $3,500,000

**Dollar Amount Explanation:**

Medical and Health Damages: $100,000

Educational Damages: $20,000

Income Damages: $3,000,000

Other: $80,000

All notices and/or communications should be sent to:

Name: The Law Offices of James E. Arrasmith

Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827

Phone Number: 916.704.3009

**Relationship to Claimant:** Attorney

Signature: *James Arrasmith*                    Date: Jan 24, 2023

Claimant Signature: *Harshil*                    Date: Jan 24, 2023

44

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 003 (Rev. 03/18)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

**CLAIMANT INFORMATION**

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Amaral | Lacey | R |

| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME (if applicable) | |
|---|---|---|
| N/A | N/A | |

| TELEPHONE NUMBER | EMAIL ADDRESS | |
|---|---|---|
| 707-350-2868 | lacey_amaral@sbcglobal.net | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 6909 Sailboat Way | Sacramento | CA | 95831 |

| IS THE CLAIMANT UNDER 18 YEARS OF AGE? | INSURED NAME (Insurance Company Subrogation) | |
|---|---|---|
| ☐ Yes  ☑ No | N/A | |

| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME (if applicable) |
|---|---|---|
| ☐ Yes  ☑ No | N/A | N/A |

**ATTORNEY OR REPRESENTATIVE INFORMATION**

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Arrasmith | James | L |

| TELEPHONE NUMBER | EMAIL ADDRESS | |
|---|---|---|
| 916-704-3009 | jarrasmith@pm.me | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 9719 Lincoln Village Dr. #507 | Sacramento | CA | 95827 |

**CLAIM INFORMATION**

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| See attachment. | Jan 18th - Present |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

See attachment.

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE (Required, if amount is more than $10,000) |
|---|---|
| $3,500,000 | ☐ Limited ($25,000 or less)  ☑ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION

See Attachment.

INCIDENT LOCATION

American River College, Folsom Lake College, Consumnes River College, Sacramento City College, Los Rios District

SPECIFIC DAMAGE OR INJURY DESCRIPTION

See attachment.

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY

See attachment.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY

# See attachment.

Page 1 of 2

45

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

### AUTOMOBILE CLAIM INFORMATION

| DOES THE CLAIM INVOLVE A STATE VEHICLE? | VEHICLE LICENSE NUMBER(if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| ☐ Yes  ☒ No | N/A | N/A |

| HAVE YOU FILED THIS CLAIM WITH YOUR INSURANCE CARRIER? | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
|---|---|---|
| ☐ Yes  ☒ No | N/A | N/A |

| HAVE YOU RECEIVED ANY INSURANCE PAYMENTS ON THIS CLAIM (if any)? | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE(if any) |
|---|---|---|
| ☐ Yes  ☒ No | N/A | N/A |

### NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| *[signature]* | Lacey Amaral | Dec 27, 2022 |

### INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
    - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

---

**Department of General Services Privacy Notice on Information Collection**

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state. The information provided will may be disclosed to a person, or to another agency where the transfer is necessary for the transferee agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310 and 5310.1). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

DGS ORIM
Public Records Officer
707 3rd St., West Sacramento, CA 95605
(916) 376-5300

Final Audit Report                                    2022-12-27

| | |
|---|---|
| | 2022-12-27 |
| | James Arrasmith (arrasmith.james@gmail.com) |
| | Signed |
| | CBJCHBCAABAA6AcxJHCYYYa1J4ox5S4SaVMAXmhnWb |

# "12272022_STATE OF CALIFORNIA GOVERNMENT CLAIM D 6S0RIM 008 (Rev." History

Document created by James Arrasmith (arrasmith.james@gmail.com)
2022-12-27 - 6:06:32 PM GMT- IP address: 73.162.211.227

Document emailed to lacey_amaral@sbcglobal.net for signature
2022-12-27 - 6:07:06 PM GMT

Email viewed by lacey_amaral@sbcglobal.net
2022-12-27 - 6:40:31 PM GMT- IP address: 69.147.91.10

Signer lacey_amaral@sbcglobal.net entered name at signing as Lacey Amaral
2022-12-27 - 3:40:39 PM GMT- IP address: 69.209.104.161

Document e-signed by Lacey Amaral (lacey_amaral@sbcglobal.net)
Signature Date: 2022-12-27 - 3:40:31 PM GMT - Time Source: server- IP address: 69.209.104.161

Agreement completed
2022-12-27 - 6:40:31 PM GMT

 Adobe Acrobat Sign

**TORT CLAIM ATTACHMENT**
**GOVERNMENT CODE SECTION 810-996.6**
**(For damages to persons or personal property)**

**Date Received: January 19, 2023**

**Name of Claimant:** Lacey Rose Amaral
**Address of Claimant:** 6909 Sailboat Way, Sacramento, CA 95831
**Phone Number:** 707.350.2868
**Birthdate:** ███████
**Driver's License Number:** Y4236541
**Social Security Number:** ███████

**Date of Damage(s):** Jan 18th, 2022 – Present
**Place of Damage(s):** Folsom Lake Community College, American River College, Cosumnes River College, Sacramento City College, Los Rios Community College District
**Description of Damage(s):** Since 2016, I have been attending Los Rios Community College. Beginning on January of 2022, I started my spring semester, also my last semester, at Los Rios Community College before graduating and transferring to CSUSB. I would have graduated with 9 degrees and 2 certificates had his not occurred.

I had specific issues with Professor Miriam Beloglovsky the first week of class. Despite the number of disability accommodations I am required per the Disability Office (DPS), she refused to meet with me on multiple occasions regarding said accommodations. These disabilities include autism, depression, anxiety, attention deficit hyperactive disorder, obsessive compulsive personality disorder, stress induced irritable bowel syndrome, heart palpitations, consistent suicidal ideations, and gastroparesis. She eventually stated in an email to me that students do better when they do not utilize their accommodations and she recommends that students work on their own with no help.

This was just the beginning of my "journey" of trying to get the accommodations and help from both the school, district and teachers that I was promised. I continuously received no support that

I had to go to the chancellor of the district just for them to say that they could not help me, professors have their rights, and that they have a final say in what goes in their classroom.

Due to the lack of accommodations and support, as well as my many disabilities, stress, anxiety and frustration I was experiencing, I was unable to complete any of my classes that semester and was left with no choice but to drop out after failing so many classes. Because I failed my classes, I lost my financial aid, priority registration, and CSUSB ending up rescinding their acceptance for transfer since I did not graduate with the degrees I should have. The district's final act was putting me on academic probation in June of 2022.

I have suffered physical, psychological, monetary, emotional, and serious lifelong consequences due to their actions. Since this has all started, my disabilities have exacerbated and my medical visits and medications have tripled leaving me in tens of thousands of dollars of debt, along with additional legal, emotional and physical damages. I had to apply for disability because my mental and physical state is so deteriorated that I cannot work, let alone go back to school to receive my bachelor's degree, master's degree, and teaching credentials. My entire life has turned around and been put on hold because of everything that has happened.

**Name(s) of employee(s) or name of department causing damage or injury:** Miriam Beloglovsky, Emilie Mitchell, Jamil Malik, Rachel Larsen, Robert Montanez, Joann Ramierz, Tadael Emiru, Board of Trustees, Peter Khang, Edward Bush, Ines Garcia-Adams, Jeanette Mulhern, Chancellor's Office.

**Name(s) and Phone Number(s) of any doctors, hospitals, therapists, medical providers, etc.**
1. Heredia Therapy Group, Dr. Michael Evans-Zepada – 713.869.1479
2. Citrus Valley Gastroenterology, Dr. Patrick Truong – 626.960.2326
3. Bamboo Nutrition Therapy, Rebecca Yadegari and Gayle Ouchida – 323.553.1475
4. Vistasol Medical, Dr. Afshin Adhami -- 323.346.0555
5. Vistasol Dental, Noushin Adhami -- 323.346.0555
6. Gynecology, Dr. Patrick Maloney – 626.962.9884
7. Dermatology, Dr. Leopoldo Hernandez – 323.261.3161

8.  Cardiology, Dr. Prakash Patel   626.332.1815
9.  Cardiology, Dr. Tony Nguyen   323.268.2200
10. Sunny Hills Behavioral Health, Dr. Gudaptai   714.773.4111
11. Gastroenterologist, Dr. Amit Rama  626.960.3016

Is this a Limited Civil Case? NO

AMOUNT OF CLAIM

$3,500,000

Dollar Amount Explanation:
Medical and Health Damages: $100,000
Educational Damages: $20,000
Income Damages: $3,000,000
Other: $80,000

All notices and/or communications should be sent to:
Name: The Law Offices of James L. Arrasmith
Address: 9719 Lincoln Village Drive, Unit 507, Sacramento, CA 95827
Phone Number: 916.704.3009

Relationship to Claimant: Attorney

Signature: _James Arrasmith_          Date: Jan 24, 2023


Claimant Signature: _Randy M_          Date: Jan 24, 2023

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT 3

## CITY OF FOLSOM REJECTION NOTICE

26
27
28



January 31, 2023

The Law Offices of James L. Arrasmith
James L. Arrasmith
9719 Lincoln Village Drive, Unit 507
Sacramento, CA 95827

RE:    Claimant:             Lacey Amaral
       Date of Loss:         1/18/2022
       Our File No.:         016-21 23-007
       Sedgwick File No.:    4A2301VMVGM-0001


### NOTICE OF UNTIMELY CLAIM AFTER ONE YEAR


Notice is hereby given that the claim you presented to the City of Folsom on January 26, 2023, is being returned because it was not presented within one year after the event or occurrence as required by law. Accordingly, the claim has not and will not be considered on its merits. See Section 911.3 of the Government Code.

Additionally, I would like to advise that the incident did not occur with the jurisdiction of the City of Folsom. The location and/or circumstances of the incident described in your claim are within the jurisdiction of Los Rios Community College District. The City of Folsom and Los Rios Community College District are mutually exclusive agencies and the City of Folsom is in no way involved in this matter.


Sincerely,

Jennifer Jimenez
Assistant City Clerk

cc:    City Manager
       City Attorney
       Sedgwick
       File No.:016-21 23-007

53

## PROOF OF SERVICE BY MAIL

I, Jennifer Jimenez, declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 50 Natoma Street, Folsom, California 95630, which is located in the county where the mailing described took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 31, 2023, at my place of business set forth above, a copy of the attached letter was placed for deposit in the United States Postal Service in a sealed envelope, with postage thereon fully prepaid, and addressed as follows:

The Law Offices of James L. Arrasmith
James L. Arrasmith
9719 Lincoln Village Drive, Unit 507
Sacramento, CA 95827

and that envelope was placed for collection and mailing on that date following ordinary business practices. This declaration was executed on January 31, 2023, in Folsom, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jennifer Jimenez, Assistant City Clerk

54

EXHIBIT 5

POS-010

FILED
Superior Court of California,
Sacramento
FOR COURT USE ONLY
10/02/2023
prasadb2
By _____, Deputy
23CV007275

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>Law Offices of James L. Arrasmith<br>James Arrasmith SBN Bar#<br>9719 Lincoln Village Dr #507<br>Sacramento, CA 95827<br>  TELEPHONE NO:                    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  jarrasmith@pm.me<br>  ATTORNEY FOR *(Name)*:  Plaintiff | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento
  STREET ADDRESS:  720 9th Street
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Sacramento, 95814-1302
  BRANCH NAME:  Sacramento

| | |
|---|---|
| PLAINTIFF / PETITIONER:  Lacey Amaral<br>DEFENDANT / RESPONDENT:  Miriam Beloglovsky, et al. | CASE NUMBER:<br>23CV007275 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9547602 (21190144) |

**BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) Package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. ☒ Other *(specify documents)*:   Plaintiff's Lacey Amaral's Exhibit List, Notice of Case Assignment and Case Management Conference, Proof of Service, Proof of Service, Proof of Service of Summons, PROOF OF SERVICE ON A STATE AGENCY OR LOCAL GOVERNMENT AGENCY
3. a. Party served *(specify name of party as shown on documents served)*:
      Los Rios Community College District
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Brian King - Person Authorized to Accept Service of Process
4. Address where the party was served:
   1919 Spanos Ct, Sacramento, CA 95825
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. ☒ **by substituted service.** On *(date)*: Thu, Sep 28 2023       at *(time)*: 04:05 PM       I left the documents listed in item 2 in the presence of *(name and title or relationship to person indicated in item 3)*:
      Kaitlyn Sherer, Executive Assistant
      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                        or ☒ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| PLAINTIFF / PETITIONER: Lacey Amaral | CASE NUMBER: |
| DEFENDANT / RESPONDENT: Miriam Beloglovsky, et al. | 23CV007275 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*             (2) from *(city):*
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):*  Los Rios Community College District
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7. **Person who served papers**
  a. Name:             Ritong Iechad
  b. Address:        1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947
  c. Telephone number:  800.938.8815
  d. **The fee** for service was:  $120.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner  ☐ employee  ☒ independent contractor
      (ii) Registration No: 150
      (iii) County: Sutter

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    **or**
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  September 30, 2023

Ritong Iechad
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

                               _____
                                      (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER:  Lacey Amaral | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Miriam Beloglovsky, et al. | 23CV007275 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954.

On 9/29/2023, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Civil Case Cover Sheet, Summons, Complaint, Plaintiff's Lacey Amaral's Exhibit List, Notice of Case Assignment and Case Management Conference, Proof of Service, Proof of Service, Proof of Service of Summons, PROOF OF SERVICE ON A STATE AGENCY OR LOCAL GOVERNMENT AGENCY

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

Los Rios Community College District
Brian King - Person Authorized to Accept Service of Process
1919 Spanos Ct
Sacramento, CA 95825.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   9/29/2023

Sandra Alcala
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack USA

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1

**PROOF OF SERVICE**

**CASE NAME:**   **Amaral v. Beloglovsky, et al.**
**CASE NO.:**   **23CV007275**

I am employed in the County of Sacramento.  I am over the age of eighteen years and not a party to the within above-entitled action.  My business address is 1545 River Park Drive, Suite 204, Sacramento, CA 95815.  I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area.  Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On the date set forth below, I served the following: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

X    United States Mail - on the parties listed below in said action by placing a true copy of the above described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

Attorneys for Plaintiff:
James L. Arrasmith, Esq.
The Law Office of James L. Arrasmith
9719 Lincoln Village Drive, #507
Sacramento, CA  95827
(916) 704-3009
E-mail:  jarrasmith@pm.me

X    FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 18, 2023 at Sacramento, California.

/s/ *Monica Sotelo*
MONICA SOTELO

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
1545 RIVER PARK DRIVE, SUITE 204
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247