JAMES L. ARRASMITH, SBN # 332498
The Law Office of James L. Arrasmith
9719 Lincoln Village Dr., #500
Sacramento, CA 95827
Phone: (916) 704-3009
Email: connect@jlegal.org

Attorney For Plaintiff
LACEY AMARAL

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LACEY AMARAL,<br><br>Plaintiff,<br><br>v.<br><br>MIRIAM BELOGLOVSKY, LOS RIOS COMMUNITY COLLEGE DISTRICT and DOES 1-50,<br><br>Defendants | CASE NO. 2:23-CV-02378-DAD-AC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **PROMISSORY ESTOPPEL;**<br>3. **VIOLATION OF TITLE 2 OF THE AMERICANS WITH DISABILITIES ACT;**<br><br>**UNLIMITED CIVIL CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>State Ct. Cmplt. Filed: August 22, 2023<br>Removed: October 18, 2023<br>Trial Date: None Set |

**I.    PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff LACEY AMARAL is an individual residing in the County of Los Angeles, State of California.

2. Defendant MIRIAM BELOGLOVSKY is an individual who is believed to be residing in the County of Sacramento, State of California.

3. Defendant LOS RIOS COMMUNITY COLLEGE DISTRICT is an educational institution doing business in the County of Sacramento, State of California.

4. The true names of Defendants named as DOES 1 through 50 in this Complaint are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege the true names of each of these Defendants as soon as Plaintiff is able to ascertain their true names.

## II. PRELIMINARY STATEMENT

Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

5. This is a case whereby Defendant Miriam Beloglovsky willfully and knowingly refused to implement reasonable accommodations previously approved by Cosumnes River College beginning in Spring of 2022.

6. At the onset of Plaintiff Lacey Amaral's concluding semester, Defendant Beloglovsky resolutely declined to implement the Plaintiff's stipulated academic accommodations.

7. Over several months, the Plaintiff diligently navigated the hierarchical structure within Cosumnes River College and the Los Rios Community College District, striving to secure her academic accommodations. Her efforts persisted until every option was thoroughly explored and exhausted.

8. Throughout her pursuit, the Plaintiff faced a repetitive pattern of evasion and unfulfilled promises from both Cosumnes River College and the Los Rios Community College District. Despite repeated assurances of assistance, she was ultimately confronted with the disappointing revelation that no substantive action would be taken.

9. The inaction of Cosumnes River College and the Los Rios Community College District allowed the issue to escalate - the denial of the Plaintiffs' academic accommodations.

10. Beloglovsky's classes detrimentally impacted Plaintiffs' performance in other courses. By the time the Plaintiff discerned the implications on her academic standing, it was regrettably too late.

11. Rather than upholding their obligations to enforce the Plaintiffs' disability accommodations, Cosumnes River College and the Los Rios Community College District

opted to shield Defendant Beloglovsky, prioritizing the interests of a single professor over the legitimate needs of Plaintiff with her accommodation needs.

12. There exists a robust public policy underscoring the importance of providing an equitable academic environment for disabled students. Academic accommodations serve a crucial purpose in ensuring that students with disabilities receive equivalent opportunities to succeed as their nondisabled peers. However, these accommodations are rendered ineffective if not properly implemented. To acknowledge a student's need for accommodations, promise their provision, and then fail to address a professor's deliberate denial of accommodations is a gross violation of this policy.

13. Alarmingly, this conduct is not an isolated occurrence. Defendant Beloglovsky has conceded that she habitually dissuades her students from utilizing their mandated accommodations.

14. By failing to intervene and leaving their disabled students without viable options, Cosumnes River College and the Los Rios Community College District have implicitly condoned Defendant Beloglovsky's behavior by failing to provide a process to enforce the reasonable accommodations promised to students.

### III. FACTUAL BACKGROUND

Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

15. Cosumnes River Colleges is a part of Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") and as such is an agent of Los Rios Community College District.

16. Defendant Miriam Beloglovsky (hereinafter "Defendant Beloglovsky") was a professor at Cosumnes River College during the Spring 2022 semester and as such acted as an agent of Los Rios Community College District.

17. On or about August 2016, Plaintiff enrolled in Defendant's school district and, on or about 2018, Plaintiff began courses in the Early Childhood Education Administration

Program at the Los Rios Community College District. Plaintiffs' intentions were to obtain several degrees as a double major in Early Childhood Education and Spanish.

18. The Early Childhood Education Administration program requires the successful completion of Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

19. While enrolled at Los Rios Community College District, Plaintiff maintained a cumulative grade point average of approximately 3.28.

20. At the conclusion of the Spring 2022 semester, Plaintiff would have graduated with the following degrees:
    a. Associate degree for transfer in Early Childhood Education;
    b. Associate degree in early childhood Education;
    c. Associate degree in Liberal Arts;
    d. Associate degree in Child Development;
    e. Associate degree in Child and Adolescent Development for Transfer;
    f. Associate degree for transfer in Spanish;
    g. Associate degree in early childhood education Administration;
    h. Associate degree in Social Sciences;
    i. Associate degree in interdisciplinary arts and Humanities;
    j. Associate degree in interdisciplinary Math and Sciences;
    k. Associate degree in interdisciplinary social and behavioral Sciences.

21. After graduating, Plaintiff planned to attend California State University, San Bernardino and pursue a bachelor's degree, double majoring in Early Childhood Development in Spanish; and later, a master's degree in both Early Childhood Education and Spanish.

22. Prior to the start of the Spring 2022 semester, Plaintiff had already received an offer from California State University, San Bernardino to attend in Fall of 2022.

23. Plaintiff attended Cosumnes River College, American River College, and Sacramento City College, all of which are a part of the Los Rios Community College District, online during the Spring 2022 semester.

24. During the Spring 2022 semester, Plaintiff was enrolled in two classes taught by Defendant Beloglovsky: Language and Literacy in Early Childhood (ECE 343) and Promoting Social Competence (ECE 322).

25. Plaintiff suffers from several disabilities that include autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis.

26. Beginning on or around January 2019, Plaintiff began receiving academic accommodations through Disability Support Programs and Services at Cosumnes River College.

27. The customary procedure for implementing academic accommodations for disabled students enrolled at Los Rios Community College District is as follows:

    a. At the beginning of the semester, a Letter of Accommodation is sent by Disability Support Programs and Services to the professors of every course the disabled student is enrolled in for the semester.

    b. The Letter of Accommodation outlines the accommodations that the student is required to receive and states that the professor and student must meet to determine how to implement the accommodations.

    c. At the beginning of the semester, the student and professor meet and determine how to implement the accommodations.

    d. For the remainder of the semester, the student is given accommodations.

28. Having been a beneficiary of disability accommodations as a student under the Los Rios Community College District for a span of two years, the Plaintiff adeptly navigated the aforementioned procedure for approximately six semesters, engaging with numerous professors, and seamlessly executing her prescribed accommodations without encountering any hindrances.

29. Around January 13, 2022, Plaintiffs' counselor from the Disability Support Programs and Services promptly dispatched a Letter of Accommodation to Defendant Beloglovsky, thereby duly apprising the latter of Plaintiffs' required accommodations.

30. The Letter of Accommodation mandated that Plaintiff be given the following academic adjustments:
    a. Alternate test location at DSPS
    b. Extended time for tests and quizzes, including online courses (1.5x)
    c. Distraction reduced test setting.
    d. Preferential seating (i.e., front of the class)
    e. Stand/move classroom periodically.
    f. Bathroom access
    g. Audio book

31. The Letter of Accommodation also provided: "The implementation of academic accommodations is a SHARED RESPONSIBILITY between the student, the professor, and the DSPS Office. Please discuss each approved accommodation and how it will be implemented so that it is appropriate to both the student's needs and the format of your course" (Emphasis in original).

32. On or about January 14, 2022, Plaintiff took the initiative to transmit an electronic copy of the Letter of Accommodation, pertaining to both courses, to Defendant Beloglovsky via email. Subsequently, Defendant Beloglovsky promptly acknowledged receipt of the aforementioned correspondence.

33. Both courses, under the tutelage of Defendant Beloglovsky, were conducted in an online format, characterized by a consistent structure. In both instructional settings, the absence of regular meeting times prevailed. Instead, students were entrusted with weekly assignments, wherein they would typically be tasked with engaging in relevant readings, followed by the completion of associated assignments or active participation in discussion board forums.

34. Plaintiffs' disability accommodations were essential to Plaintiffs' success in both courses. To complete the work for each course, Plaintiff required the assigned reading to be provided in a compatible format to be converted into an audiobook, which was not provided by Defendant Beloglovsky nor Los Rios Community College District.

Additionally, under her mandated disability accommodations, Plaintiff was to be given extra time for all tests and quizzes. Plaintiff was not given extended time.

35. On or about January 19, 2022, Plaintiff sent a message to Defendant Beloglovsky to schedule a meeting to discuss Plaintiffs' accommodations and to discuss Plaintiffs' questions regarding the assignments for the enrolled courses.

36. Defendant Beloglovsky declined the Plaintiffs' request for a meeting until Office Hours on January 24, 2022, which was approximately a week after the semester had commenced and at a juncture when assignments were already due in both courses.

37. This delay in response effectively deprived the Plaintiff of her reasonable academic accommodations for the initial assignments in each course. Additionally, it impeded the Plaintiffs' attempts to establish a strategic plan with Defendant Beloglovsky to accommodate her needs in future assignments.

38. Regardless of the Plaintiff explicitly conveying her aspiration to succeed in her final semester and her intent to foster transparent communication with her professors, Defendant Beloglovsky consistently thwarted the Plaintiffs' endeavors. Moreover, Beloglovsky dismissed Plaintiffs' inquiries regarding the course.

39. On January 24, 2022, Plaintiff engaged in a meeting with Defendant Beloglovsky during the designated Office Hours via a Zoom call. During this interaction, the Plaintiff endeavored multiple times to discuss the vital incorporation of her legally mandated disability accommodations. However, Beloglovsky consistently refused to engage in discussions regarding these accommodations, exhibiting a dismissive attitude towards the Plaintiffs' concerns, and made it clear that her customary practice was not to offer necessary accommodations to students requiring them. The Defendant specifically expressed her unwillingness to adapt her class structure to meet the unique needs of individual students.

40. In addition to denying the implementation of the Plaintiffs' disability accommodations, Beloglovsky exhibited a stringent grading policy, deducting marks of the Plaintiff and other students on inconsequential grounds. Over the years, the Defendant has consistently

received unfavorable reviews on the well-known website, "Rate My Professors," for precisely this inflexible grading approach.

41. Throughout the courses in which the Plaintiff was enrolled, Beloglovsky recurrently failed to provide lucid assignment instructions, showed little responsiveness to the Plaintiffs' queries, and demonstrated an overall lack of support and respectful demeanor.

42. A detailed evaluation of Beloglovsky's ratings substantiates her longstanding pattern of overly rigorous grading, lack of responsiveness, ambiguity in instruction-giving, and an absence of student support.

43. On January 24, 2022, the Plaintiff communicated via email and subsequent meeting with Emilie Mitchell, the Interim Dean of Social and Behavioral Sciences at Cosumnes River College, discussing Beloglovsky's refusal to implement her disability accommodations. Although initially, Mitchell expressed her willingness to support the Plaintiff, she later reneged, suggesting that the Plaintiff would need to escalate the issue to higher authorities for assistance.

44. On January 25, 2022, the Plaintiff reached out to Jamil Malik, her counselor at Sacramento City College, to seek her disability accommodations. Regrettably, Malik chose to align with Defendant Beloglovsky instead of ensuring the Plaintiffs' lawful right to accommodations was upheld.

45. On the same day, the Plaintiff contacted Rachel Larsen, Administrative Assistant to the President of Cosumnes River College. During this interaction, Larsen guided the Plaintiff to the appropriate point of contact: Robert Montanez, Vice President of Instruction and Student Learning at Cosumnes River College.

46. On January 25, 2022, the Plaintiff reached out to Montanez via email, intending to resolve her ongoing difficulties with Beloglovsky and secure her accommodations. While Montanez recommended that the Plaintiff lodge a formal complaint regarding Beloglovsky's conduct, he was unable to assist her in this process, instead referring her to Joann Ramirez, Interim Dean of Student Services at Enrollment Management at

47. Cosumnes River College. Despite Montanez's assurance that Ramirez would initiate contact promptly, no such communication was received.

48. On January 26, 2022, the Plaintiff contacted Ramirez to follow up on the lack of communication. Later that day, a meeting between the Plaintiff and Ramirez took place via Zoom to discuss the grievances related to Beloglovsky. During this interaction, the Plaintiff was assured that her pursuit of disability accommodations would be supported. Ramirez presented the Plaintiff with a Student Grievance Form to be filled out, representing the appropriate remedy for complaints relating to professor misconduct.

49. On January 31, 2022, the Plaintiff lodged a grievance against Beloglovsky as directed by Ramirez. The grievance, explicitly based on "professor behavior, actions, communications, and the eventual repercussions of her actions on [Plaintiff] which include (but are not limited to) [Plaintiffs'] grades (in [Defendant Beloglovsky's] classes and others)... and [Plaintiffs'] own further suffering from [her] disabilities." The grievance also requested an accurate assessment of her grades.

50. However, only subsequent to the submission of her grievance was Plaintiff informed by Ramirez that the Student Grievance Form was primarily intended for grade-related disputes, and not for addressing issues related to professor behavior. Ramirez further elucidated that there was no established protocol for airing grievances related to professor behavior, inclusive of refusals to provide disability accommodations.

51. Throughout Plaintiffs' discussions with the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was assured that she would be assisted, only to be later told that nothing could be done. The administration at Cosumnes River College refused to ensure that Plaintiffs' disability accommodations were implemented by Defendant Beloglovsky. Plaintiff was repeatedly told that professors have final say, and that her only recourse was to drop the courses taught by Professor Beloglovsky, although these classes were required for Plaintiff to obtain her degree.

52. On or about February 10, 2022, Plaintiffs' grievance was denied. The determination for Plaintiffs' grievance wrongfully states that Plaintiffs' grievance was "a general complaint

regarding [the] perception of the quality of instruction methodology." The determination further stated that there was no resolution within the Educational Code, Cosumnes River College policy or regulations to be issued, although Plaintiffs' grievance was based on Defendant Beloglovsky's refusal to implement accommodations mandated under the California Educational Code and Americans with Disabilities Act.

53. On or about February 17, 2022, Plaintiff met with Ed Bush, President at Cosumnes River College to discuss her grievances with Defendant Beloglovsky. Rather than offer tangible support by requiring Defendant Beloglovsky to implement Plaintiffs' accommodations, Bush placed the responsibility on Plaintiff to reach out56. On or about February 20, 2022, Plaintiff met with Tadael Emiru, Associate Vice President of Student Services at Cosumnes River College. During the meeting, Plaintiff was again told that nothing could be done. Plaintiff requested "a mediated meeting, a meeting with President Bush, and even being able to simply complete work so [she] could graduate" and was told that these were against policy and impossible. Emiru stated that Plaintiffs' grievance was unfounded. He further stated that the grievance was being dismissed and was unappealable.

54. On or about February 23, 2022, Plaintiff sent an email to Defendant Beloglovsky to determine a path forward regarding Plaintiffs' grades. The only recourse given by Defendant Beloglovsky was to invoke a clause in the syllabus under which Plaintiff would receive a one-time pass in each course for one assignment to be turned in one week from the initial due date for full credit.

55. As a result of not being provided her disability accommodations and not receiving support from Defendant Beloglovsky or the administration at Cosumnes River College and Los Rios Community College District, Plaintiff was unable to complete her assignments for the classes she was enrolled in during the Spring 2022 semester.

56. In addition to the courses taught by Defendant Beloglovsky, Plaintiff was also enrolled in the following courses during the Spring 2022 semester:

    a. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College;

    b. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College;

    c. Intermediate Spanish (SPAN 412) at American River College, and;

    d. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College.

57. Beyond Beloglovsky, the Plaintiff also experienced discriminatory treatment from two other professors: Jeannette Mulhern and Ines Garcia-Adams.

58. In the Spring 2022 semester, the Plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321), a course taught by Jeannette Mulhern. Despite earlier agreements between the Plaintiff and Mulhern that the Plaintiff would have the opportunity to make up assignments, Mulhern unexpectedly dropped the Plaintiff from the course.

59. Concurrently, in the Spring 2022 semester, the Plaintiff was a student in Intermediate Spanish (SPAN 412), a class taught by Ines Garcia-Adams. Contrary to supporting the Plaintiff, Garcia-Adams demeaned her, accused her of dishonesty, shouted at her, and declined to offer assistance.

60. The Plaintiffs' endeavors to secure her accommodations proved excessively time-consuming and necessitated the Plaintiffs' repeated follow-ups with various administrators at Cosumnes River College and Los Rios Community College District. Despite spending significant time communicating with the administrators, the Plaintiffs' efforts were to no avail. The time invested in attempting to enforce her accommodations affected the Plaintiffs' studies, precipitating a domino effect that severely impacted her grades.

61. At the termination of the Spring 2022 semester, the Plaintiffs' grades were as follows:

    a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College - failed;

Plaintiff Lacey Amaral's First Amended Unlimited Civil Complaint
11

    b.   Promoting Social Competence (ECE 322) at Cosumnes River College - failed;

    c.   Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College - failed;

    d.   Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College - withdrawn;

    e.   Intermediate Spanish (SPAN 412) at American River College - failed;

    f.   Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College - incomplete;

    g.   Introduction to Business (BUS 300) at Cosumnes River College - failed.

62. Owing to the Defendants denial of the Plaintiffs' disability accommodations, the Plaintiff was compelled to withdraw from her courses after forfeiting her financial aid.

63. The Defendants refusal to implement the Plaintiffs' disability accommodations during the Spring 2022 semester has completely upended the Plaintiffs' life. As a direct consequence, her acceptance to California State University, San Bernardino, in the fall of 2022, was rescinded due to her inability to graduate.

64. Furthermore, the Plaintiffs' academic and career progress has been stalled due to her inability to complete her degrees.

65. The Defendants actions have precipitated a severe deterioration in the Plaintiffs' mental health and exacerbated her pre-existing medical conditions. The stress associated with the challenging process of attempting to secure her disability accommodations, the lack of support from the Defendants, and the negative implications on her grades caused the Plaintiff significant emotional distress, including physical manifestations. As a result, the Plaintiffs' medical appointments, along with her associated medical expenses, increased markedly. The frequent appointments further impeded the Plaintiffs' ability to stay on top of her studies.

66. As Plaintiffs' efforts to hold Defendant Beloglovsky accountable continued, Plaintiffs' professors in her other courses sided with Defendant Beloglovsky and retaliated against her.

67. In addition to Defendant Beloglovsky, Plaintiff was also discriminated against by two other professors: Jeannette Mulhern and Ines Garcia-Adams.

68. During the Spring 2022 semester, Plaintiff was enrolled in Advanced Practicum in Early Childhood Education (ECE 321) taught by Jeannette Mulhern. Mulhern dropped Plaintiff from the course unexpectedly despite previous agreements between Plaintiff and Mulhern for Plaintiff to make up assignments.

69. During the Spring 2022 semester, Plaintiff was enrolled in Intermediate Spanish (SPAN 412) taught by Ines Garcia-Adams. Instead of supporting Plaintiff, Garcia-Adams belittled her, accused her of lying, yelled at her, and refused to help her.

70. Plaintiffs' efforts to obtain her accommodations were extremely time-consuming and required Plaintiff to repeatedly follow up with several administrators at Cosumnes River College and Los Rios Community College District. Plaintiff spent many hours communicating with administrators at Cosumnes River College and Los Rios Community College District, to no avail. This time spent in an effort to implement Plaintiffs' accommodations interfered with Plaintiffs' studies and caused a snowball effect, negatively impacting Plaintiffs' grades tremendously.

71. At the conclusion of the Spring 2022 semester, Plaintiffs' grades were as follows:
    a. Language and Literacy in Early Childhood (ECE 343) at Cosumnes River College - failed;
    b. Promoting Social Competence (ECE 322) at Cosumnes River College - failed;
    c. Constructive Math and Science in Early Childhood (ECE 342) at Sacramento City College - failed;
    d. Advanced Practicum in Early Childhood Education (ECE 321) at Cosumnes River College - withdrawn;
    e. Intermediate Spanish (SPAN 412) at American River College - failed;
    f. Latino, Mexican-American, and Chicano Literature (ENGLT 335) at Sacramento City College - incomplete;
    g. Introduction to Business (BUS 300) at Cosumnes River College - failed.

72. As a result of Defendants' refusal to implement Plaintiffs' disability accommodations, Plaintiff was forced to drop out after losing her financial aid.

73. Defendants' denial of Plaintiffs' disability accommodations during the Spring 2022 semester has completely derailed Plaintiffs' life. Plaintiffs' acceptance to attend California State University, San Bernardino in the fall of 2022, was revoked due to not graduating.

74. Additionally, Plaintiff has been unable to complete her degrees, leaving her education and career at a standstill.

75. Defendants' actions led to a severe decline in Plaintiffs' mental health and exacerbated Plaintiffs' existing medical conditions. The stress of jumping through hoops to attempt to get her disability accommodations, not being supported at all by Defendant, and the impact on Plaintiffs' grades caused Plaintiff to suffer severe emotional distress, including physical manifestations. As a result, Plaintiffs' medical appointments increased substantially along with her medical expenses. These nearly daily appointments made it even more difficult for Plaintiff to stay on top of her studies.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### IV. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**A. *Breach of Contract***
**(Against All Defendants)**

Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

76. Plaintiff Lacey Amaral (hereinafter "Plaintiff") and Defendant Los Rios Community College District (hereinafter "Los Rios Community College District") had entered into a contract for which Plaintiff would take courses, for which Plaintiff paid tuition, and for which Defendants would provide academic accommodations and meaningful instruction leading to the granting of a degree.

77. Plaintiff performed all conditions, covenants, and promises required on her part to be performed in accordance with the terms and conditions of the contract, except as she has been prevented or excused from performing by the acts and/or omissions of Defendants.
78. Defendants breached the contract by failing to implement Plaintiffs' academic accommodations and by failing to provide a process to enforce the implementation of the reasonable academic accommodations promised by the of Office of Disability Support Programs and Services of the School District.
79. As a result of Defendants' breach of the contract, Plaintiff has suffered damages in a sum to be proven at trial, including but not limited to the costs of tuition, loss of potential career earnings, attorney's fees, and other incidental damages.
80. Defendants' breach of the contract was a substantial factor in causing Plaintiffs' harm.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### SECOND CAUSE OF ACTION
### B. *Promissory Estoppel*
### (Against All Defendants)

Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

81. Defendants made a promise to Plaintiff, outside the existence of a formal written contract, that if Plaintiff enrolled at Cosumnes River College and Los Rios Community College District and paid tuition, Defendants would provide Plaintiff with academic accommodations and the ability to graduate.
82. Defendants made this promise with the knowledge that the nature of their promise would likely induce Plaintiff to act in reliance upon it.
83. Defendants' promise did in fact induce Plaintiff to act in reliance upon it, as Plaintiff would not have enrolled in courses at Cosumnes River College and Los Rios Community College District without the promise of academic accommodations and the ability to graduate.

84. In reliance on Defendants' promise to provide Plaintiff with academic accommodations and the ability to graduate, Plaintiff enrolled at Cosumnes River College and Los Rios Community College District and paid tuition.

85. Plaintiff changed her position substantially by enrolling at Cosumnes River College and Los Rios Community College District and paying tuition in reliance on Defendants' promise.

86. Plaintiffs' reliance on Defendants' promise was justified and reasonable. Cosumnes River College and Los Rios Community College District have an established program for academic accommodations through Disability Support Programs and Services. Plaintiffs' disabilities were documented, and it was rational and prudent for Plaintiff to rely on Defendants' promise to provide academic accommodations and the ability to graduate.

87. Defendants failed to establish a process to compel the implementation of reasonable academic accommodations. When the foreseeable circumstance arose, and an instructor refused to accommodate a disabled student, Los Rios Community College District did not fulfill its promise of providing equal access to instruction for all students.

88. Plaintiff has been harmed by her reliance on Defendant's promise, as without the academic accommodations and, ability to graduate that Defendants promised, Plaintiff has been unable to complete her degrees and lost her acceptance to California State University, San Bernardino.

89. Defendants knew, or should have known, that Plaintiff would suffer harm if they did not uphold their promise.

90. It would be unjust to allow Defendants to avoid their promise without compensating Plaintiff.

91. Enforcement of Defendants' promise is necessary to prevent injustice.

92. Additionally, enforcement of Defendants' promise is in the public interest. It is the long-established public policy of the state of California and the United States to provide academic accommodations to disabled students. The only way to uphold this public

policy is to require schools to adhere to their promises to disabled students that they will be provided with accommodations.

Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### THIRD CAUSE OF ACTION
### C. Title II of the ADA
### *(Against All Defendants)*

Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

93. Title II of the Americans with Disabilities Act applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities.

94. Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act (ADA). Plaintiff suffers from several disabilities, including autism, depression, anxiety, attention deficit hyperactivity disorder, obsessive-compulsive personality disorder, stress-induced irritable bowel syndrome, consistent suicidal ideations, and gastroparesis. These disabilities substantially limit one or more major life activities.

95. Defendant Los Rios Community College District is a public entity subject to Title II of the ADA. As public colleges, is required under Title II to provide equal access and reasonable accommodations to students with disabilities.

96. Cosumnes River College, through its Disability Support Programs and Services office, had determined that Plaintiff required specific academic accommodations, including extended test time, distraction-reduced testing, preferential seating, restroom access, and audiobooks. These accommodations were necessary to provide Plaintiff with equal access to her college courses and programs.

97. Despite being aware of Plaintiff disabilities and need for accommodations, Defendants failed to ensure the approved accommodations were properly implemented. Defendant

Beloglovsky refused to provide the required accommodations in her courses. When Plaintiff sought assistance from administrators at Cosumnes River College and Los Rios Community College District, they failed to take effective action to rectify the situation and ensure Plaintiff received her accommodations.

98. By failing to ensure that Plaintiff approved disability accommodations were provided, Defendants denied Plaintiff equal access to their courses and programs, in violation of Title II of the ADA. As a direct result of this failure, Plaintiff was unable to successfully complete her coursework, causing her grades to suffer. She was forced to drop classes and lost her financial aid. Ultimately, Plaintiff was unable to graduate and lost her acceptance to transfer to California State University, San Bernardino. Defendants' actions have derailed Plaintiffs' educational and career goals and caused significant emotional distress. Defendants' violation of the ADA was the direct and proximate cause of Plaintiffs' damages.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

///
///
///
////
///
///
///
///
///
///

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief and judgement against Defendant as follows:

1. For compensatory damages in the amount of $3,500,000;

2. For statutory damages in the amount to be determined according to proof;

3. For punitive damages as determined by the trier of fact;

4. For reasonable attorneys' fee;

5. For the costs of the suit incurred herein;

6. For pre-judgment interest; and

7. For such other and further relief that the Court determines to be just and proper.

## VI. JURY DEMAND REQUESTED

Plaintiffs' hereby demands a jury trial on all causes of action triable by jury.

Date: May 01, 2024

*James L. Arrasmith*
_____
James L. Arrasmith, Esq.
Attorney for Plaintiff, LACEY AMARAL